UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

_____

Melissa Passenti,                    )
                                     )
                  Plaintiff          )
                                     )          Docket No.      3:21-cv-01350-SALM
                                     )
                                     )
        v.                           )          **June 15, 2022**
                                     )
Veyo, LLC & LJ Leasing, Inc.         )
                                     )
                  Defendants         )
_____)

## <u>AFFIDAVIT OF CHANDAN PANIGRAHI</u>

I, Chandan Panigrahi, swear or affirm as follows based on my personal knowledge and belief:

1. My name is Chandan Panigrahi, and I am an attorney representing Melissa Passenti ("Ms. Passenti" or the "Plaintiff") in the above-referenced matter.

2. On March 16, 2022, I served the Defendants with the Plaintiff's First Set of Discovery Requests, including interrogatories, requests for document production, and ESI search terms. A true and accurate copy of those requests is attached as Exhibit 1.

3. On March 17, 2022, the Defendants served the Plaintiff with their First Set of Discovery Requests. A true and accurate copy of that email is attached as Exhibit 2.

4. On April 11, 2022, Defendants' counsel reached out to Plaintiff's counsel on April 11, 2022, to request a further extension for Defendants to provide responses to the Plaintiff's interrogatories and discovery requests. A true and accurate copy of that email is attached as Exhibit 3.

5.  I assented to the Defendants' request in good faith and in the spirit of cooperation. I likewise asked for a reciprocal extension for Plaintiff to provide her discovery responses and production. A true and accurate copy of that email is attached as Exhibit 4.

6.  Noticing that there appeared to be a motion to compel filing date on May 16, 2022, the same date Parties' discovery responses were due, on April 24, 2022, I proposed a joint motion to extend the motion to compel filing deadline for both parties but the Defendants declined. A true and accurate copy of that email is attached as Exhibit 5.

7.  Pointedly, the Defendants did not wish to cooperate with me in discussing discovery issues, as the only communication I received was a rejection of the joint motion on May 13 and an email ten minutes before the close of business on May 16 (with no attempts to reach me by phone or schedule a call in *either* correspondence).

8.  On May 16, 2022, Defendants' counsel sent an email at 4:48 p.m., twelve minutes before the close of business and when I was already engaged in case work for other matters, to request to speak "asap." A true and accurate copy of that email is attached as Exhibit 6.

9.  At no point on or prior to May 16, 2022, did either of Defendants' counsel attempt to contact me via telephone or request a call to speak.

10. On May 16, 2022, the Defendants filed an untimely and improper motion to compel (as there was no good faith attempt to meet and confer, per Rule 37(a)(1)). [Docket No. 36]

11. On May 16, 2022, the Defendants served their discovery responses at night, after the filing of their motion to compel. A true and accurate copy of those responses is attached as Exhibit 7.

12. On May 17, 2022, I sought to arrange a meet and confer conference with Defendants' counsel, Kyle Roseman and Lori Alexander. A true and accurate copy of those responses is attached as Exhibit 8.

13. My request for a meet and confer went ignored.

14. On May 24, 2022, I spoke with Defendants' counsel Kyle Roseman for a matter of five minutes to set up a meet and confer for June 2, 2022.

15. On June 2, 2022, I met and conferred with Attorney Roseman. During this call, Attorney Roseman informed me was allowed to negotiate on behalf of Defendants but did not have authority to enter into any agreements.

16. Following this call, I sent an undisputed summary as to the nature of the call. A true and accurate copy of that email is attached as Exhibit 9.

17. Following this meet and confer, we arranged to speak further on June 6, 2022. I requested Defendants' lead counsel, Lori Alexander, be present. My request was ignored. A true and accurate copy of that email is attached as Exhibit 10.

18. On June 6, 2022, I met and conferred with Attorney Roseman.

19. A followup summary, which is undisputed, of our calls is attached as a true and accurate copy as Exhibit 11.

20. On June 9, 2022, I met and conferred with Attorney Roseman.

21. A followup summary, which is undisputed, of our calls is attached as a true and accurate copy as Exhibit 12.

22. To date (June 15, 2022), Attorney Alexander has yet to confirm any of the presumed agreements or speak with me regarding discovery disputes. Indeed, it is still unclear if the

Defendants have agreed to run the ESI search proposal which Attorney Roseman and I agreed upon on June 2, 2022.

**I HEREBY DECLARE under penalty of perjury that the foregoing is true and correct. EXECUTED this 15th day of June 2022.**

*/s/ Chandan Panigrahi* _____
Chandan Panigrahi

# Exhibit 1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

_____

Melissa Passenti,                              )
                                               )
                    Plaintiff                  )
                                               )        Docket No.      3:21-cv-01350-SALM
                                               )
                                               )
           v.                                  )
                                               )
Veyo, LLC & LJ Leasing, Inc.                   )
                                               )
                    Defendants                 )
_____)


### PLAINTIFF MELISSA PASSENTI'S FIRST SET OF INTERROGATORIES PROPOUNDED UPON DEFENDANT VEYO, LLC

Pursuant to Federal Rules of Civil Procedure Rule 33, Plaintiff Melissa Passenti

("Plaintiff" or "Ms. Passenti") propounds the following Interrogatories upon Defendant LJ

Leasing, Inc. (the "Company" or "Defendant") to be answered, under oath, within thirty (30)

days of service.


### INSTRUCTIONS

The following instructions apply to these interrogatories:

A.     Each answer to each interrogatory shall be preceded by the question to

which it responds.

B.     Each answer shall be deemed to have been based on the personal

knowledge of the answering person unless specifically stated to the

contrary.  If the information furnished is not within the personal knowledge of the answering person, then <u>identify</u> the person from whom the information was obtained, and state whether that person has personal knowledge of the information supplied.

C.      The use of the singular form of any word includes the plural and vice versa.

D.      No answer is to be left blank.  If the answer to an interrogatory or subparagraph of an interrogatory is "none," the word "none" must be written in the answer.  If the interrogatory is "not applicable," the abbreviation "N/A" must be written in the answer along with an explanation of why the interrogatory is not applicable.

E.      The information requested in these interrogatories is governed by the definitions and instructions, and each interrogatory should be answered in compliance with the definitions and instructions.

F.      These interrogatories are of a continuing character.  If additional information within the scope of any interrogatory becomes available to you after you serve answers hereto, you shall furnish such additional information by way of supplemental answers.

G.      GENERAL INSTRUCTIONS FOR ESI PRODUCTION: All of the Electronically Stored Information (ESI) documents requested herein shall be produced as set out in Attachment A to this document, except that any single production of less than 250 pages

(total) may be produced as PDF files provided that each individual document is produced as a separate and distinct PDF.  If there are any objections to producing ESI in the requested format, the undersigned requests the Defendant contact the Plaintiff within the next fifteen (15) days to discuss the objections, so the parties can negotiate in good faith and coordinate technical issues, insure that the ESI is produced in a reasonably usable form, and to discuss possible economies of ESI processing that may facilitate the parties securing a just, speedy, and inexpensive determination of this action.

     H.    ESI PROTOCOLS: Plaintiff requests a meeting with counsel for the Defendant within the next fifteen (15) days to negotiate in good faith the scope of any searches for relevant ESI (including emails), including, by negotiating the custodian files or mailboxes to be searched and the search terms to be used.

## DEFINITIONS

     A.    The words "Plaintiff" and "Ms. Passenti" means Melissa Passenti, the Plaintiff in the below referenced Complaint.

     B.    The word "Charge" means the Charge of discrimination filed by Ms. Passenti with the Connecticut Commission on Human Rights & Opportunities ("CHRO") (CHRO Docket No. 2110050) and the Equal Employment Opportunity Commission (the "EEOC") (docket number 16A-2020-01522) and all allegations contained therein.

     C.    The word "Complaint" means the Complaint filed by Ms. Passenti in the District of Connecticut, with docket number 3:21-cv-01350-SALM.

D.      The words "relate," "relates," "relating," and any variation of the word

"relate" means concerning, referring to, pertaining to, supporting,

corroborating, elaborating on, refuting, contradicting, reporting,

embodying, establishing, evidencing, comprising, connected with,

commenting on, responding to, showing, describing, detailing, analyzing,

reflecting, presenting, constituting, and/or in any way involving.

E.      The words "concern" and "concerns" mean any formal or informal, verbal

or written, communication, expression, accusation, or report of discontent,

objection, regret, fear, outrage, discomfort, Complaint, resentment, or

grievance made to, or brought to the attention of the Company, including

but not limited to the Company's human resources department, any

member of the Company's management (including any manager or

supervisor), or to any other person or entity (including any third party,

such as an ethics hotline or EAP) that is designated, explicitly or

implicitly, under the Company practice or policy to constitute a recipient

of concerns.

F.      The word "describe" means to provide a complete description and

explanation of the facts, circumstances, analysis, opinion and other

information relating to (as that phrase is defined above) the subject matter

of a specific interrogatory, as well as (i) the identity of each person or

entity involved related to, or having any knowledge of any fact or opinion

that relates to, what is so described, (ii) the identity of each document

evidencing the answer or response given or relating to or referring to said

subject-matter in any way, and (iii) all relevant or material dates and time periods, including specifying the way in which said dates or time periods are pertinent and relate to the subject-matter <u>describe</u>d.

G.    The word "<u>employee</u>" shall mean any current or former <u>employee</u>, manager, or elected or appointed official of the <u>Company</u>.

H.    The word "<u>Company</u>" means the entity or entities that employed <u>Ms. Passenti</u> prior to her termination in April of 2020, and includes, but is not limited to, Defendant LJ Leasing, Inc.

I.    The word "<u>Defendant</u>" means LJ Leasing, Inc. or the <u>Company</u>.

J.    The word "<u>individual</u>" shall mean any person or entity, whether or not an <u>employee</u> of the <u>Company</u>.

K.    The phrase "<u>Position Statement</u>" means the <u>Defendant</u>'s position statement filed with the CHRO on or around November 17, 2020, in response to the <u>Charge</u>.

L.    The word "<u>replace</u>" means the performance of, or assumption of responsibility for, any portion of a terminated <u>employee</u>'s prior job responsibilities, duties, or work, whether on a formal or informal, temporary or permanent, basis.

M.    The words "<u>first level supervisor</u>" mean a direct supervisor of an <u>employee</u>.

N.      The words "second level supervisor" mean the direct supervisor above the
direct supervisor of an employee.


O.      The words "you" and "your" mean Defendant, including any and all of
Defendant's employees and agents, and includes, but is not limited to, the
individual(s) answering these interrogatories on behalf of Defendant.

P.      The word "Claims" means complaints, charges, or any other legal
proceeding filed with any government entity, commission, or court.

Q.      The words "document" and "documents" means, without limitation, the
original and all copies, prior drafts and translations of any information in
any written, typed, electronic, printed, recorded, or graphic form, however
produced or reproduced, of any type or description, regardless of origin or
location, including without limitation all correspondence, email, texts,
faxes, instant messages, records, tables, data, charts, analyses, graphs,
schedules, reports, memoranda, notes, lists, calendar and diary entries,
letters (sent or received), telegrams, telexes, messages (including, but not
limited to reports of telephone conversations and conferences), studies,
books, periodicals, magazines, booklets, circulars, bulletins, instructions,
papers, files, minutes, other communications (including, but not limited to,
inter- and intra-office communications), questionnaires, contracts,
memoranda of agreements, assignments, licenses, ledgers, books or
statements of account, orders, invoices, statements, bills, checks,

vouchers, notebooks, receipts, acknowledgments, data processing cards, computer disc, computer tape, other computer generated matter, microfiche, microfilm, photographs, motion pictures, videotapes, photographic negatives, phonograph records, tape recordings, wire recordings, other mechanical recordings, transcripts or logs of any such recordings, all other data compilations from which information can be obtained, or translated if necessary, and any other tangible or intangible thing of a similar nature.

## **INTERROGATORIES**

1.      Please identify each and every reason for the Company's decision to terminate Ms. Passenti's employment relationship with the Company.

**ANSWER:**

2.      Please identify each and every individual who was involved in any decision to terminate Ms. Passenti's employment relationship with the Company, including by providing information, input, recommendations, or making decisions related to this termination.  For each individual so identified, please state: that individual's legal name; the individual's job title at the time of the termination; the employer of this individual; and whether the individual is still employed by this Company or any other entity within the Company (including, but not limited to, at a different facility under the control of the Company).

**ANSWER**:

3.      Please identify any and all employees who reported, directly or indirectly (in the chain of command under), to Myra Rodriguez, as of the date of Ms. Passenti's termination, including for each identified employee: legal name and job title; sex; and disability status.

**ANSWER**:

4.      For each employee identified in response to Plaintiff's Interrogatory #3, please describe whether each employee was laid off, furloughed, terminated, or allowed to continue working after April 8, 2020. For each such employee who was laid off, furloughed or terminated, please provide legal name and job title; hire date; termination/furlough/layoff date; sex; disability status; and (iv) the employee's direct supervisor/

**ANSWER**:

5.      Please identify any and all employees who were not furloughed, laid off, or terminated from a period of March 1, 2020 through May 31, 2020, who were permitted to continue working by the Defendant despite concerns relating to the coronavirus pandemic or alleged hardship, including for each instance: the name and position of the employee; the individual who allowed the decision to allow the employee to continue working; the essential functions of the employee; sex; disability status; and why the employee was allowed to keep working.

**ANSWER**:

6.      Please identify each and every employee(s) that the Company replaced Ms. Passenti with, in whole or in part.  If the Company asserts that it did not replace Ms. Passenti, then identify (i) the employee(s) who assumed some or all of Ms. Passenti's job responsibilities after her termination, and (ii) any and all employees hired or transferred (on full time, part time, or per diem basis) to provide same or similar services Ms. Passenti provided with the same or similar job title or set of responsibilities to that of Ms. Passenti, between 180 days before the date of Ms. Passenti's termination and the present.  For all employees so identified, please state: their full legal name; job title at the time of hire; date of hire; whether the employee is disabled; sex of the employee; and which (if any) duties of Ms. Passenti each such individual took over.


**ANSWER**:

7.      Please identify any and all employees hired by the Company in Ms. Passenti's department or any related department (including, but not limited to, all employees hired into positions that reported to the existing or former first level supervisor above Ms. Passenti or the second level supervisor above Ms. Passenti, as well as employees who performed job duties similar to those performed by her department) from a period of 180 days before the date of Ms. Passenti's termination and the present. For each such identified employee, include: the name and job title of the employee; date of hire; job duties of the employee; whether the employee is disabled; the employee's sex; the department and supervisor of the employee;  and whether the employee is still employed, and if not, a description of the date and nature of the employee's end of employment.

**ANSWER:**

8.      Please identify each and every employee from a period of January 1, 2017 through May 1, 2020, who received or was placed on a performance improvement plan ("PIP"), including, for each such identified employee, identifying their name, job title, sex, disability status, the length of the PIP, and when they were removed from the PIP.

**ANSWER:**

9.      Please describe any and all measures taken to investigate or respond to all concerns raised by Ms. Passenti regarding her pregnancy or disabilities, including any concerns raised regarding her requested and/or utilized accommodations. When describing such investigations or responses, please provide the identity of any individuals involved in conducting any such investigation(s)/response(s), the identity of any individuals spoken with in the course of the investigation(s)/response(s), and the identity of all documents or other evidence reviewed. In addition, please state: any conclusions ultimately reached as a result of the investigation; any recommendations provided; and, any actions taken by the Company as a result of such concern(s) and/or investigations.

**ANSWER:**

10.      Please describe all Claims filed by or on behalf of any current or former employee against the Company or any employee of the Company (i.e. naming the Company or any employee of the Company as a respondent or defendant) during the period from April 8, 2018 to present that alleged, in whole or in part, that the employee filing the Claim had been subjected to discrimination, harassment, retaliation, denial of requested disability-related accommodation(s),

interference with, or retaliation for seeking to exercise, or other illegal conduct by the <u>Company</u> or while employed by the <u>Company</u>.  For each such <u>Claim</u>, please provide: the <u>identity</u> of the <u>employee</u> who filed the <u>Claim</u>, including the <u>employee's</u> name, last known address, <u>disability</u> status, and telephone number; the facility name and address at which that <u>employee</u> was employed; a <u>description</u> of the nature of the allegations and wrongful conduct asserted in the <u>Claim</u>; the forum in which the <u>Claim</u> was filed; the <u>Charge</u>, docket, or civil action number of the <u>Claim</u>; and a <u>description</u> of the current status and/or resolution of the <u>Claim</u>.

**ANSWER:**

11.     Please <u>identify</u> each and every <u>employee(s)</u> that the <u>Company</u> terminated from January 1, 2020, to the present due to alleged lack of need, position elimination, reorganization, lack of work, or lay off. For each such <u>employee</u> <u>identified</u>, please indicate: the <u>employee's</u> name and job title; their date of hire; their department; their supervisor; their date of termination; whether the <u>employee</u> was disabled; a <u>description</u> as to the alleged lack of need for the <u>employee's</u> services; and the <u>individual(s)</u> who made the decision to terminate the <u>employee</u>.

**ANSWER:**

12.     Please <u>describe</u> each and every contact, whether by phone, in-person, by letter or other means of communication, which the <u>Company</u>, the <u>Company's</u> <u>employees</u>, agents, or another on the <u>Company's</u> behalf (including the <u>Company's</u> attorneys) have had with any <u>individual</u> (including current or former <u>employees</u> of the <u>Company</u>) <u>relating</u> to the <u>Charge</u> or <u>Complaint</u>, any of the allegations set forth in the <u>Charge</u> or <u>Complaint</u>, or <u>relating</u> to any of the

Company's affirmative defenses, or the Company's defense against the Charge or the Complaint. When identifying such contacts, please state: the method of the contact (i.e., whether by phone, person, by letter or other means); the date or, if the actual date is unknown, the approximate date of the contact; the identity of the person making the contact on your behalf; the identity of the person with whom each contact was made, including, but not limited to, the last known address and phone number of the person with whom contact was made; and a description of the content of any statements, communications, or discussion that occurred during these contacts.

**ANSWER:**

13.      Please identify and describe all measures that the Company has taken to identify, preserve, and/or collect all documents, communications (including emails), and other evidence potentially relevant to any of the allegations in the Charge and/or Complaint.  Please describe each measure taken to preserve such documents, communications (including emails), and evidence (including suspension of automatic deletion/retention protocols), and specify the date on which such measure was undertaken/completed and the identity of employees or other individuals who were involved in implementing and/or ensuring compliance with each preservation measure(s).  In addition, if any potentially relevant documents, communications (including emails), and other evidence (including but not limited to any emails or other electronically stored information relating to Ms. Passenti, any of the allegations in the Complaint, or any individuals named in the Complaint), have been destroyed or are no longer within the Company's possession, custody, or control, please describe the nature and parameters, as well as the date and reasons for the destruction or loss of, any such destroyed or lost

documents, communications (including emails), and other evidence.  For the absence of doubt, with regard to documents or electronically stored information that has been destroyed or lost, this request pertains not just to documents or electronically stored information that has been determined to be relevant, but also to any collections or caches of documents or electronically stored information that could contain (or could have contained) relevant documents, even if no determination was ever made as to whether such collections or caches did contain relevant documents or electronically stored information.

**ANSWER:**

14.     Please state whether the Company still has possession, custody, or control (including the ability to access, restore, or obtain from a server, back up tapes, or a third party) of all emails (including attachments) sent or received by all Company employees from April 8, 2018 to present, including, but not limited to, emails that were deleted by employees, or which were automatically deleted or expunged by any individual or system pursuant to retention protocols.  If some such emails are outside of the possession, custody, or control of the Company and/or are no longer accessible to the Company, please identify the date ranges that are inaccessible, describe what categories of emails (including specific employees, date ranges, or types of emails) the Company does have access to, describe what caused the emails to no longer be in the possession, custody, or control of the Company), and describe when such emails ceased to be in the Company's possession, custody, and control.

**ANSWER**:

15.     Please <u>identify</u> by name each <u>individual</u> who provided information contained within <u>your</u> answers to any of <u>Plaintiff</u>'s interrogatories and/or who was otherwise involved in the preparation of any of <u>your</u> answers to <u>Plaintiff</u>'s interrogatories.  <u>Identify</u> what information each such <u>individual</u> provided and what numbered interrogatory responses this information was included within or used to answer, in whole or in part.  For each such <u>individual</u> who is an <u>employee</u> or official of the <u>Company</u>, specify that <u>individual's</u> formal <u>Company</u>/affiliation, and position title.

**ANSWER:**

16.     Please <u>identify</u> any and all <u>documents</u> that were reviewed, consulted, or otherwise relied on as part of answering any of these interrogatories (or on which any of the <u>Company's</u> answers to any of <u>Plaintiff</u>'s interrogatories are based, in whole or in part).  For each <u>document</u> so <u>identified</u>, state whether the <u>document</u> is in <u>your</u> possession, custody, or control, and if it is not, then specify the name and address of the person(s) or entity(ies) which have each such <u>document</u> within it or their possession, custody, or control.

 **ANSWER:**

Respectfully Submitted,

Melissa Passenti

By her attorneys,

THE LAW OFFICES OF WYATT &
ASSOCIATES P.L.L.C

Date: February 23, 2022        By:   __/s/ Chandan Panigrahi_____

Benjamin J. Wyatt, ct29994
BWyatt@Wyattlegalservices.com

Timothy Brock, ct30864
Tbrock@Wyattlegalservices.com

Chandan Panigrahi, ct31015
Chandan@Wyattlegalservices.com

The Law Offices of Wyatt & Associates,
P.L.L.C.
17 Elm Street, Suite C211
Keene, NH 03431
Telephone: (603) 357-1112
Facsimile: (603) 685-2868

**<u>Certificate of Service</u>**

I, Chandan Panigrahi, hereby certify that the foregoing was served via email on Lori Alexander, counsel for the Defendants, lalexander@littler.com, on February 23, 2022.

Date: February 23, 2022                    By:   _/s/ Chandan Panigrahi_____
                                                  Chandan Panigrahi, CT 31015

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

_____

Melissa Passenti,                              )
                                               )
                    Plaintiff                  )
                                               )          Docket No.     3:21-cv-01350-SALM
                                               )
                                               )
            v.                                 )
                                               )
Veyo, LLC & LJ Leasing, Inc.                   )
                                               )
                    Defendants                 )
_____)

## PLAINTIFF MELISSA PASSENTI'S FIRST SET OF DOCUMENT REQUESTS PROPOUNDED UPON DEFENDANTS

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Plaintiff Melissa Passenti (the "Plaintiff" or "Ms. Passenti") hereby requests that Defendants Veyo, LLC ("Veyo") and LJ Leasing, Inc. ("LJ")(individually and collectively, "Defendants") produce the documents requested herein within thirty (30) days to the offices of the Law Offices of Wyatt & Associates, PLLC, 17 Elm Street, Suite C211, Keene, New Hampshire 03431.

## INSTRUCTIONS

A.      These document requests should be responded to in accordance with Rule 34 of the Federal Rules of Civil Procedure.

B.      In answering these requests, Defendants shall provide all documents available to them, including, but not limited to, documents in the possession, custody, or control of their employees, elected officials, agent(s), attorney(s), and all persons acting on their behalf.

C.      <u>Defendants</u> shall label and organize the documents produced to correspond with the numbered categories in this set of Document Requests.

D.      These Document Requests are of a continuing nature. If <u>Defendants</u> discover or locate any documents that are responsive to any of these Document Requests after having already provided their initial responses and productions, <u>Defendants</u> shall supply such additional documents to the <u>Plaintiff</u> as soon as reasonably practicable.

E.      The use of the singular form of any word includes the plural and vice versa.

F.      The terms "or" and "and" should not be read exclusively so as to eliminate any part of any document request, but, wherever appearing, should be read as inclusively as possible. All uses of the conjunctive include the disjunctive and vice versa.

G.      With respect to document requests seeking documents forming the "basis" for a particular allegation, claim, conclusion, contention, or argument, <u>Defendants</u> shall produce each and every document that forms any part of the source of <u>Defendants</u>' information <u>relating</u> to the alleged facts or legal conclusions (whether corroborating, elaborating, contradicting, or otherwise <u>relating</u> to such issues) referenced in the document request.

H.      If <u>Defendants</u> have knowledge of, but do not currently have within their possession, custody, or control, any document responsive to any request or sub-part herein, they shall state that fact in responding to the requests and shall state whom has said document and provide such <u>individual</u>'s last known business or residential address.

I.      If <u>Defendants</u> contend that any document sought by these requests is protected from discovery by any privilege, exception, immunity, or other similar defenses, <u>Defendants</u> shall <u>identify</u>: (a) the date of the creation and/or transmittal of the document; (b) the author(s) of the document; (c) the person(s) to whom the document was sent or addressed; (d) any person(s)

to whom the document was disclosed, in whole or in part; (e) a description of the document's subject matter; and (f) the nature of the privilege, exemption, immunity, or other similar defense being exerted.

J.    If <u>Defendants</u> contend that any document requested by these document requests has been lost, destroyed, or transferred beyond the possession, custody, or control of <u>Defendants</u>, <u>Defendants</u> shall <u>identify</u> with respect to each such document: (a) the circumstances under which the document was lost, destroyed, or transferred; (b) the date of the loss, destruction, or transfer; (c) the name and last known business and/or residential address of the person(s) most knowledgeable of the circumstances under which the document was lost, destroyed, or transferred; and (d) a description of the document, including, but not limited to, the documents subject matter, content, date, author(s), and addressee(s).

K.    If <u>Defendants</u> object to any Document Request on any grounds other than privilege, <u>Defendants</u> shall set forth the factual and legal basis for the objection with specificity and <u>describe</u> any portion of the Document Request that is not claimed to be objectionable.

L.    In keeping with applicable rules, if any documents responsive to any of these document requests as written are being withheld by <u>Defendants</u>, or if <u>Defendants</u> are in any way limiting their search for documents in a manner that could exclude any responsive documents, based on any objection contained in <u>Defendants</u>' answers, then <u>Defendants</u> must clearly specify this.  For example, if <u>Defendants</u> object to a Document Request as being unduly burdensome and/or overly broad, <u>Defendants</u> shall provide as many documents as possible and state what documents were not provided or searched for based on the objection.

M.    Likewise, in keeping with applicable rules, if <u>Defendants</u> were unable to produce any responsive documents at the time they provide answers to these document requests (within

30 days of service of these Document Requests), then <u>Defendants</u> must specify a reasonable time period within which any such document(s) shall be produced.

N.      When any Document Request contained in these requests contains subparts, answers and objections can be made to the whole Document Request without distinct answers and objections for each subpart provided that if <u>Defendants</u> intends to exclude documents or limit their search in a manner relevant to, limiting, or excluding materials responsive to, any subparts then <u>Defendants</u> must clearly articulate which subparts are affected by such objections, exclusions, and/or search limitations pursuant to the full extent of the requirements of Federal Rule of Civil Procedure 34.

O.      In addition to physical documents and other materials, these document requests pertain to electronic stored documents and other electronically stored information (including emails and other documents as defined below) stored on computers, servers, cloud storage, and other electronic devices and storage capacities within the possession, custody and control of <u>Defendants</u>).  Because an adequate search responsive to these document requests must inevitably involve searches of the electronic devices, email accounts, and other electronically stored information of specific relevant custodians (including but not limited to <u>employee</u>s of <u>Defendants</u>), <u>Plaintiff</u>s hereby request a meeting with counsel for <u>Defendants</u> within the next fifteen (15) days to negotiate in good faith the scope of any searches for relevant ESI (including emails), including, by negotiating the custodian files or mailboxes to be searched and the search terms to be used.

P.      GENERAL INSTRUCTIONS FOR ESI PRODUCTION:  All of the Electronically Stored Information (ESI) <u>documents</u> requested herein shall be produced as set out in Attachment A to this document, except that any single production of less than 400 pages

(total) may be produced as PDF files provided that each <u>individual</u> <u>document</u> is produced as a separate and distinct PDF.  If there are any objections to producing ESI in the requested format, the undersigned requests the <u>Defendant</u> contact the <u>Plaintiff</u> within the next fifteen (15) days to discuss the objections, so the parties can negotiate in good faith and coordinate technical issues, ensure that the ESI is produced in a reasonably usable form, and to discuss possible economies of ESI processing that may facilitate the parties securing a just, speedy, and inexpensive determination of this action.

**<u>DEFINITIONS</u>**

A. The words "<u>Plaintiff</u>" and "<u>Ms. Passenti</u>" means Melissa Passenti, the <u>Plaintiff</u> in the below referenced <u>Complaint</u>.

B. The word "<u>Charge</u>" means the <u>Charge</u> of discrimination filed by <u>Ms. Passenti</u> with the Connecticut Commission on Human Rights & Opportunities ("CHRO") (CHRO Docket No. 2110050) and the Equal Employment Opportunity Commission (the "EEOC") (docket number 16A-2020-01522) and all allegations contained therein.

C. The word "<u>Complaint</u>" means the <u>Complaint</u> filed by <u>Ms. Passenti</u> in the District of Connecticut, with docket number 3:21-cv-01350-SALM.

D. The words "<u>relate</u>," "<u>relates</u>," "<u>relating</u>," and any variation of the word "<u>relate</u>" means <u>concerning</u>, referring to, pertaining to, supporting, corroborating, elaborating on, refuting, contradicting, reporting, embodying, establishing, evidencing, comprising, connected with,

commenting on, responding to, showing, <u>describing</u>, detailing, analyzing, reflecting, presenting, constituting, and/or in any way involving.

E.     The words "<u>concern</u>" and "<u>concerns</u>" mean any formal or informal, verbal or written, communication, expression, accusation, or report of discontent, objection, regret, fear, outrage, discomfort, <u>Complaint</u>, resentment, or grievance made to, or brought to the attention of the <u>Company</u>, including but not limited to the <u>Company's</u> human resources department, any member of the <u>Company's</u> management (including any manager or supervisor), or to any other person or entity (including any third party, such as an ethics hotline or EAP) that is designated, explicitly or implicitly, under the <u>Company</u> practice or policy to constitute a recipient of <u>concern</u>s.

F.     The word "<u>describe</u>" means to provide a complete description and explanation of the facts, circumstances, analysis, opinion and other information <u>relating</u> to (as that phrase is defined above) the subject matter of a specific interrogatory, as well as (i) the <u>identity</u> of each person or entity involved <u>related</u> to, or having any knowledge of any fact or opinion that relates to, what is so <u>described</u>, (ii) the <u>identity</u> of each <u>document</u> evidencing the answer or response given or <u>relating</u> to or referring to said subject-matter in any way, and (iii) all relevant or material dates and time periods, including specifying the way in which said dates or time periods are pertinent and relate to the subject-matter <u>described</u>.

G.    The word "employee" shall mean any current or former employee, manager, or elected or appointed official of the Company.

H.    The word "Company" means the entity or entities that employed Ms. Passenti prior to her termination in April of 2020, and includes, but is not limited to, Defendant Veyo, LLC and LJ Leasing, Inc.

I.    The word "Defendants" means Veyo, LLC; LJ Leasing, Inc.; and/or the Company.

J.    The word "individual" shall mean any person or entity, whether or not an employee of the Company.

K.    The phrase "Position Statement" means the Defendant's position statement filed with the CHRO on or around November 17, 2020, in response to the Charge.

L.    The word "replace" means the performance of, or assumption of responsibility for, any portion of a terminated employee's prior job responsibilities, duties, or work, whether on a formal or informal, temporary or permanent, basis.

M.    The words "first level supervisor" mean a direct supervisor of an employee.

N.    The words "second level supervisor" mean the direct supervisor above the direct supervisor of an employee.

O.     The words "<u>you</u>" and "<u>your</u>" mean <u>Defendant</u>, including any and all of <u>Defendant</u>'s <u>employees</u> and agents, and includes, but is not limited to, the <u>individual</u>(s) answering these interrogatories on behalf of <u>Defendant</u>.

P.     The word "<u>Claims</u>" means complaints, charges, or any other legal proceeding filed with any government entity, commission, or court.

Q.     The words "<u>document</u>" and "documents" means, without limitation, the original and all copies, prior drafts and translations of any information in any written, typed, electronic, printed, recorded, or graphic form, however produced or reproduced, of any type or description, regardless of origin or location, including without limitation all correspondence, email, texts, faxes, instant messages, records, tables, data, charts, analyses, graphs, schedules, reports, memoranda, notes, lists, calendar and diary entries, letters (sent or received), telegrams, telexes, messages (including, but not limited to reports of telephone conversations and conferences), studies, books, periodicals, magazines, booklets, circulars, bulletins, instructions, papers, files, minutes, other communications (including, but not limited to, inter- and intra-office communications), questionnaires, contracts, memoranda of agreements, assignments, licenses, ledgers, books or statements of account, orders, invoices, statements, bills, checks, vouchers, notebooks, receipts, acknowledgments, data processing cards, computer disc, computer tape, other computer generated matter, microfiche, microfilm, photographs, motion pictures, videotapes, photographic negatives, phonograph records, tape recordings, wire

recordings, other mechanical recordings, transcripts or logs of any such

recordings, all other data compilations from which information can be

obtained, or translated if necessary, and any other tangible or intangible

thing of a similar nature.

## <u>DOCUMENT REQUESTS</u>

1.      All <u>documents</u> the <u>Defendants</u> consulted, examined, or relied on in the course of

preparing its responses to <u>Plaintiff</u>'s First Set of Interrogatories to Defendant Veyo, LLC.


**RESPONSE**:

2.      All <u>documents</u> the <u>Company</u> consulted, examined, or relied on in the course of

preparing its responses to <u>Plaintiff</u>'s First Set of Interrogatories to Defendant LJ Leasing, Inc.


**RESPONSE**:


3.      All <u>documents</u> constituting any part of the <u>Company's</u> personnel records or

personnel file for <u>Ms. Passenti</u> (as such file is defined under Connecticut law), or that are

referenced in the <u>Company's</u> personnel records or personnel file for <u>Ms. Passenti</u>.


**RESPONSE**:


4.      All <u>documents</u> <u>relating</u> to any of the following actions, recommendations, or

decisions: (i) the hiring of <u>Ms. Passenti</u>, (ii) any decision to place <u>Ms. Passenti</u> on a performance

improvement plan (PIP), (iii) any decision to change <u>Ms. Passenti's</u> job responsibilities

temporarily or permanently, (iv) any change in Ms. Passenti's employment status, (v) any decision to discipline or not discipline Ms. Passenti, and (vi) any decision to terminate or not terminate Ms. Passenti's employment.

**RESPONSE**:

5.      All documents relating to the employment and/or termination of Ms. Passenti by the Defendants.

**RESPONSE**:

6.      All documents relating to the work performance of Ms. Passenti, including, but not limited to, evaluations or feedback by any other employee relating to Ms. Passenti's performance, conduct, or duties.

**RESPONSE**:

7.      All documents relating to concerns that refer to or relate to Ms. Passenti, including, but not limited to, concerns that refer to or relate to her (Ms. Passenti's) work performance or ability to perform her job duties, including any PIPs.

**RESPONSE**:

8.     All <u>documents</u> listing the job responsibilities, essential functions, or performance expectations of any and all positions <u>Ms. Passenti</u> held with the <u>Company</u>, including any positions which had the same or similar job title or job responsibilities as those of <u>Ms. Passenti</u> (during any period of her employment).

**RESPONSE**:

9.     All <u>documents</u> listing the job responsibilities, essential functions, or performance expectations of any and all job descriptions or job postings, including applications for open positions) for positions <u>Ms. Passenti</u> held with the <u>Company</u>, including any positions which had the same or similar job title or job responsibilities as those of <u>Ms. Passenti</u> (during any period of her employment).

**RESPONSE**:

10.     All <u>documents</u> <u>relating</u> to the job responsibilities, essential functions, or performance expectations of all positions and <u>employees</u> during the period of time from April 8, 2018 to present (including, but not limited to, <u>Ms. Passenti</u> and her position(s)) which had the same or similar job title or job responsibilities as those of <u>Ms. Passenti</u> (during any period of her employment), or which were in the <u>Company's</u> supervisory chain of command (above or below <u>Ms. Passenti</u>), including, but not limited to, job descriptions, performance requirements, and goals.

**RESPONSE**:

11.     All <u>documents</u> <u>relating</u> to the work performance of all <u>employees</u> during the period of time from April 8, 2018 to present (including, but not limited to, <u>Ms. Passenti</u>) who had the same or similar job title or job responsibilities as those of <u>Ms. Passenti</u> (during any period of her employment), including, but not limited to, evaluations, feedback, counseling, or discipline.

**RESPONSE**:

12.     All <u>documents</u> <u>relating</u> to any protected activity (as referenced in the Complaint) by <u>Ms. Passenti</u> during <u>Ms. Passenti's</u> employment with the <u>Company</u>, including, but not limited to, raising <u>concerns</u> to the <u>Defendants</u> regarding alleged discrimination, harassment, denial of requested pregnancy or disability accommodations, and/or retaliatory conduct.

**RESPONSE**:

13.     All <u>documents</u> <u>relating</u> to any communications to or from <u>Ms. Passenti</u> <u>related</u> to <u>Ms. Passenti's</u> raising of protected <u>concerns</u> regarding discrimination, harassment, denial of requested pregnancy or disability accommodations, and/or retaliation.

**RESPONSE**:

14.     All <u>documents</u>, including communications, <u>relating</u> to the attitude or reaction of the <u>Defendants or any employees of any of the Defendants</u>, including the <u>Company</u> and its <u>employees</u> (including <u>Company's</u> management) to any and all <u>concerns</u> expressed by <u>Ms. Passenti</u> (including, but not limited to, those <u>concerns</u> referenced in Document Request 13) and/or any measures taken, or reactions expressed by <u>Defendants</u> or any <u>employees</u> in response to such <u>concerns</u> or <u>relating</u> to such <u>concerns</u> (as referenced in Document Request 13).


**RESPONSE**:


15.     All <u>documents</u> <u>relating</u> to communications to, from, or copying (cc or bcc) any <u>employee</u> <u>relating</u> to <u>Ms. Passenti</u>, including, but not limited to, emails sent from private email accounts, emails sent from the <u>Company's</u> accounts (or those of its <u>employees</u>), and emails sent through the <u>Company's</u> servers.


**RESPONSE**:


16.     All <u>documents</u> <u>relating</u> to each and every accommodation, modification of job duties, leave of absence, or other protected activity, requested by <u>Ms. Passenti</u>, or medical providers on her behalf, made during her employment.


**RESPONSE**:

17.     All <u>documents</u> <u>relating</u> to the <u>Company</u>'s consideration, discussion, or decision <u>concerning</u> each and every accommodation, modification of job duties, leave of absence, or other protected activity, requested by <u>Ms. Passenti</u>, or medical providers on her behalf, made during her employment, including, but not limited to, documents <u>related</u> to whether  any such requested accommodation, modification of job duties, leave of absence, or other protected activity constituted  an undue burden on the <u>Company</u> or otherwise allowed, or prevented, the performance of the essential functions of <u>Ms. Passenti's</u> job.


**RESPONSE**:


18.     All <u>documents</u> <u>relating</u> to the responses, reaction, attitudes, or reception, by any <u>individual</u>s or <u>employees</u> <u>related</u> to each and every accommodation, modification of job duties, leave of absence, or other protected activity, requested by <u>Ms. Passenti</u>, or medical providers on her behalf, made during her employment.


**RESPONSE**:


19.     All <u>documents</u> <u>relating</u> to any and all job openings which the <u>Company</u> has posted in a period from October 1, 2019, through the present.


**RESPONSE**:

20.     All <u>documents, including but not limited to,</u> any and all communications (including communications not involving Ms. Passenti herself) <u>concerning</u> whether <u>Ms. Passenti</u>'s job performance warranted discipline, including a PIP.

**RESPONSE**:

21.     All <u>documents</u>, including but not limited to any and all communications, <u>concerning</u> the possible, consideration, or actual termination of the employment of <u>Ms. Passenti</u>.

**RESPONSE**:

22.     All <u>documents</u> <u>relating</u> to the termination(s) (occurring between April 8, 2018 and present) of any and all <u>employees</u> who had engaged in protected activity at any time during the 5-year period prior to their termination, including requesting and/or utilizing maternity leave or disability-<u>related</u> leave or accommodations.

**RESPONSE**:

23.     All <u>documents</u> <u>relating</u> to the <u>protected activity</u> (including, but not limited to, requesting or utilizing maternity leave or disability-related leave or accommodations) of any and all <u>employees</u> who were terminated between April 8, 2018 and present and who had engaged in <u>protected activity</u> at any time during the 5-year period prior to their termination.

**RESPONSE:**

24.     All <u>documents</u> <u>relating</u> to the earnings of <u>Ms. Passenti</u> during her employment by the <u>Company</u>, including, but not limited to, compensation paid by the <u>Company</u> to, or for the benefit of, <u>Ms. Passenti</u>, including, but not limited to, all paystubs, summaries of payments, and W-2 forms or other tax documents.

**RESPONSE**:

25.     All <u>documents</u> <u>relating</u> to all benefits provided to or made available to <u>Ms. Passenti</u> during the course of her employment with the <u>Company</u>, including, but not limited to, amounts paid by the <u>Company</u> and/or <u>Ms. Passenti</u> associated with the provisions of these benefits for <u>Ms. Passenti</u>, as well as <u>documents</u> <u>relating</u> to the value of these benefits.

**RESPONSE**:

26.     All <u>documents</u> <u>relating</u> to each and every leave of absence, or other period of two or more consecutive absences, requested and/or utilized by <u>Ms. Passenti</u> during her employment.

**RESPONSE**:

27.     All <u>documents</u> <u>relating</u> to all benefits provided or made available, from April 8, 2018 to present, to any <u>Company</u> <u>employees</u> employed in a same or similar position to any position <u>Ms. Passenti</u> held during her employment (including, but not limited to, front desk associate) including, but not limited to, policy sheets, statements of benefits, and <u>documents</u> <u>relating</u> to the cost and/or value of benefit plans.

**RESPONSE**:

28.     All <u>documents</u>, including communications, that <u>relate</u> to any actual, potential, or contemplated adverse action (including, but not limited to, any discipline, demotion, suspension, or termination) <u>concerning</u> <u>Ms. Passenti</u>, including, but not limited to, <u>documents</u> and communications addressing the reasons for, or factors considered <u>related</u> to, any actual, potential, or contemplated adverse action <u>concerning</u> <u>Ms. Passenti</u>.

**RESPONSE**:

29.     All <u>documents</u> <u>relating</u> to actual or alleged pregnancy/sex-bias, disability-bias, harassment, discrimination, failure to accommodate a disability, denial of or interference with a protected leave, retaliation, or other inappropriate, unprofessional, or illegal activity <u>relating</u> to the <u>Defendants</u>, the <u>Company</u>, or any <u>employee</u>, including, but not limited to, any <u>concerns</u> <u>relating</u> to such bias, discrimination, retaliation, or activity expressed by any <u>employee</u> or expressed by any <u>individual</u> and referring to or <u>relating</u> to the <u>Defendants</u>, the <u>Company</u>, or any <u>employee</u>.

**RESPONSE**:

30.     All <u>documents</u> <u>relating</u> to any and all <u>Claims</u> made by any current or former <u>employee</u> against the <u>Defendants</u> or any affiliate, subsidiary, official, or <u>employee</u> of the <u>Company</u> during the period from April 8, 2018 to present that alleged, in whole or in part, that the <u>employee</u> had been subjected to discrimination, harassment, failure to accommodate a disability, denial of or interference with a protected leave, retaliation, or other illegal conduct by the <u>Defendants</u> (<u>individua</u>lly or collectively) or while employed by the <u>Company</u>.

**RESPONSE**:

31.     All <u>documents</u> <u>relating</u> to the <u>replacement</u> of <u>Ms. Passenti</u> and/or the allocation of work responsibilities at the <u>Company</u> following <u>Ms. Passenti's</u> termination, including, but not limited to, <u>documents</u> that <u>relate</u> to which <u>employee</u> or <u>employee's</u> <u>replaced</u> <u>Ms. Passenti</u> in whole or in part.

**RESPONSE**:

32.     All <u>documents</u> <u>relating</u> to the hiring of any <u>individual</u> by the <u>Company</u> during the time period from April 8, 2020 to present into a same or similar position to any position <u>Ms. Passenti</u> held during her employment, including, but not limited to, public transit supervisor.

**RESPONSE**:

33.    All <u>documents</u> <u>relating</u> to the actual, potential, or contemplated hiring of any <u>individual</u> who ultimately <u>replaced</u> <u>Ms. Passenti</u> or assumed any part of <u>Ms. Passenti's</u> job responsibilities, including, but not limited to, <u>documents</u> showing the actual or anticipated job duties of this <u>individual</u>, the relationship of the job duties of this <u>individual</u> to the job duties of <u>Ms. Passenti</u>, the training of this <u>individual</u> <u>related</u> to <u>Ms. Passenti's</u> job duties, whether this <u>individual</u> was hired with the intention or possibility of <u>replacing</u> <u>Ms. Passenti</u>, and the earnings of the replacement <u>employee</u>, including <u>documents</u> showing the total compensation received, hourly rate, hours worked, and any raises, bonuses, or additional compensation received.

**RESPONSE**:

34.    All <u>documents</u> <u>relating</u> to any and all recruiting efforts, job postings, applications, and hiring decisions for all positions with job titles the same or similar to those of <u>Ms. Passenti</u> from April 8, 2020 to the present.

**RESPONSE**:

35.    All employment or <u>employee</u>-<u>related</u> policies or procedures of the <u>Company</u> in force during any time period during which <u>Ms. Passenti</u> was employed by the <u>Company</u>, including, but not limited to, the <u>Company's</u> <u>employee</u> handbook(s), all policies or procedures

related to harassment, discrimination, protected leaves, disabilities, conduct, misconduct, expressions of concerns or Complaints, discipline (including progressive discipline), and termination.

**RESPONSE**:

36.     All communications to, reports to, records of, and minutes of the Company, relating to Ms. Passenti, the termination of Ms. Passenti, the Charge, the Complaint, and/or the Defendants' affirmative defenses.

**RESPONSE**:

37.     All communications to, from, or within the Company (including any of its employees) or agents (including attorneys) relating to termination of Ms. Passenti, the Charge, the Complaint, and/or the Defendants' affirmative defenses.

**RESPONSE**:

38.     All documents, including, but not limited to, diaries, journals, desk calendars, appointment calendars, and any similar documents of any kind whatsoever, relating to Ms. Passenti, the termination of Ms. Passenti, the Charge (including any of the allegations in the Charge), the Complaint (including any of the allegations in the Charge), and/or any of the Defendants' affirmative defenses.

**RESPONSE**:

39.     All <u>documents</u>, including, but not limited to, posts or messages on any social media website (including, but not limited to, Facebook, MySpace, Twitter, Instagram, SnapChat, Tumblr, and LinkedIn), <u>relating</u> to <u>Ms. Passenti</u>, the termination of <u>Ms. Passenti</u>, the <u>Charge</u> (including the allegations in the <u>Charge</u>), the <u>Complaint</u> (including the allegations in the <u>Charge</u>), and/or the <u>Defendants</u> affirmative defenses.

**RESPONSE**:

40.     Any and all correspondence, notes, or any other documents which in any way <u>relate</u> to the incidents which are the subject matter of this lawsuit.

**RESPONSE**:

41.     Any and all documents <u>related</u> to the <u>Company</u>'s approval or denial of each of <u>Ms. Passenti's</u> disability-<u>related</u> leave requests.

**RESPONSE**:

42.     All <u>documents</u>, including all communications (including all communications to, from, or cc'ing any <u>employees</u>) <u>related</u> to the <u>Charge</u> and the CHRO investigation of the <u>Charge</u>.

**RESPONSE**:

43.     All <u>documents</u>, including all communications, <u>relating</u> to, referencing, or referring to the <u>Charge</u> (including any allegations therein, administrative proceedings, obligations, communications, filings, defenses, negotiations, or strategies <u>related</u> to the <u>Charge</u>) or the <u>Complaint</u> (including any allegations therein, Court proceedings, obligations, communications, filings, defenses, negotiations, or strategies <u>related</u> to the <u>Complaint</u>).

**RESPONSE**:

44.     All <u>documents</u> <u>relating</u> to, or created during the course of, any investigation by the <u>Defendants</u> (either <u>individual</u>ly or collectively) and/or agents (including attorneys) or <u>employees</u> of the <u>Company</u> that <u>related</u> to <u>Ms. Passenti</u>, the <u>Charge</u> (including any allegations therein) and/or the <u>Complaint</u> (including any allegations therein).

**RESPONSE**:

45.     All <u>documents</u>, drafts, edits, and/or communications or comments <u>relating</u> to the Ms. Passenti's termination and any of the statements therein.

**RESPONSE**:

46.     All employment or <u>employee</u>-<u>related</u> policies or procedures of the <u>Company</u> in force during any time period during which <u>Ms. Passenti</u> was employed by the <u>Company</u>, including, but not limited to, the <u>Company's</u> <u>employee</u> handbook(s), all policies or procedures <u>related</u> to harassment, discrimination, retaliation, leaves of absence, disabilities, disability-<u>related</u> accommodations, conduct, misconduct, sick time, vacation time, paid time off, part-time <u>employees</u>, expressions of <u>concerns</u> or complaints, discipline (including progressive discipline), and termination.

**RESPONSE**:

47.     All <u>documents</u> <u>related</u> to the termination, reprimand, or other adverse action, during the time period from April 8, 2018, of any <u>employee</u> who (before or after such action) filed any <u>Claims</u> alleging that the <u>Defendants</u> (including any of the <u>Company's</u> <u>employee</u>s) had engaged in discriminatory, harassing, retaliatory, or otherwise illegal activity or behavior (including, but not limited to, retaliation for engaging in protected activity).

**RESPONSE**:

48.     All interview notes, statements, or affidavits of or <u>relating</u> to any witnesses, including, but not limited to, <u>Defendants</u>, their agent(s), and <u>Company</u> <u>employees</u>, that mention, discuss, or refer to <u>Ms. Passenti</u> or any facts alleged in the <u>Complaint</u>.

**RESPONSE**:

49.     All <u>documents</u> or other evidence that the <u>Defendants</u> plans to or will use as exhibits in the trial of this matter and/or in support of or opposition to a motion for summary judgment in this matter.

**RESPONSE**:

50.     All <u>documents</u> that <u>Defendants</u> plans to or will use as exhibits in, or show, or refer to, in any deposition in this matter.

**RESPONSE**:

51.     All <u>documents</u> that Defendants plan to or will use to impeach any witness in any deposition or trial in this matter.

**RESPONSE**:

52.     Copies of all pleadings, correspondence, judgments, settlement agreements and/or other non-privileged <u>documents</u> that <u>describe</u>, record, refer, or <u>relate</u> to any <u>Claims</u> that have been filed against <u>Defendants</u> or to which <u>Defendants</u> has been a party to, excepting this case, that allege, in whole or in part, discrimination, harassment, retaliation, or retaliation for engaging in protected activity, filed at any time during the time period from April 8, 2018 to present.

**RESPONSE**:

53.     Copies of any and all policies or contracts of insurance through which <u>Defendants</u> were, are, or might be insured in any manner for any or all of the damages, claims, or actions alleged in the <u>Complaint</u>, or the defense against any such claims.

**RESPONSE**:

54.     Copies of all pleadings, correspondence, judgments, settlement agreements and/or other non-privileged <u>documents</u> that <u>describe</u>, record, refer, or <u>relate</u> to any <u>Claims</u> that have been filed against <u>Defendants</u> or to which <u>Defendants</u> has been a party to, excepting this case.

**RESPONSE**:

55.     All <u>documents</u> describing, recording, or <u>relating</u> to any <u>concern</u>—internal or external—that any <u>employee</u> has ever expressed <u>related</u> to the <u>Defendants</u> (<u>individual</u>ly or collectively) or any <u>Company</u> <u>employee(s)</u>, including any <u>documents</u> used or created in the investigation of those <u>concerns</u>.

**RESPONSE**:

56.     All <u>documents</u> <u>relating</u> to any measures <u>Defendants</u> have taken to preserve or collect <u>documents</u> and other evidence potentially relevant to the <u>Complaint</u>, the <u>Charge</u>, or any of the allegations therein.

**RESPONSE**:

57.     All <u>documents</u>, including communications with any <u>individual</u>, <u>relating</u> to the court case initiated by the <u>Complaint</u>.

**RESPONSE**:

58.     All <u>documents</u>, including communications with any <u>individual</u>, <u>relating</u> to the <u>Defendants</u>' Affirmative Defenses.

**RESPONSE**:

59.     All <u>documents</u> <u>relating</u> to any <u>concerns</u>, of any kind or nature, expressed by any <u>individual</u>, including, but not limited to, <u>employees</u>, against <u>Ms. Passenti</u> to the <u>Company</u>.

**RESPONSE**:

60.     All <u>documents</u> <u>relating</u> to any <u>concerns</u>, of any kind or nature, expressed by any means by an <u>employee</u> of the <u>Company</u>, against a supervisory or managerial <u>employee</u> of the <u>Company.</u>

**RESPONSE**:

61.     Any and all documents <u>relating</u> to each and every affirmative defense the <u>Defendants</u> raise in their answer to the <u>Complaint.</u>

**RESPONSE**:

62.     Any and all documents <u>relating</u> to each and every numbered paragraph in the <u>Complaint</u>.

**RESPONSE**:

63.     A copy of the contents of the <u>Defendants</u>' account(s) on any social media websites, such as Facebook, LinkedIn, Tumblr, Instagram, Twitter, MySpace, Snapchat, Reddit, etc., from April 8, 2018 through the present, if any posts or comments on such media platforms contain any reference to <u>Ms. Passenti</u>, <u>Ms. Passenti's</u> employment, <u>Ms. Passenti's</u> job title and/or responsibilities, any allegations set forth in the <u>Complaint</u> or Answer to the <u>Complaint</u>, and/or any incidents which are the basis for this lawsuit.

**RESPONSE**:

64.     Any and all documents <u>identified</u> or referenced in <u>Defendants</u>' Answers to <u>Plaintiff</u>'s Interrogatories.

**RESPONSE**:

65.     Any and all documents <u>Defendants</u> relied on in answering <u>Plaintiff</u>'s Interrogatories, if not already produced in response to the preceding requests.

Respectfully Submitted,

Melissa Passenti

By her attorneys,

THE LAW OFFICES OF WYATT &
ASSOCIATES P.L.L.C

Date: February 23, 2022                 By:    /s/ Chandan Panigrahi_____

Benjamin J. Wyatt, ct29994
BWyatt@Wyattlegalservices.com

Timothy Brock, ct30864
Tbrock@Wyattlegalservices.com

Chandan Panigrahi, ct31015
Chandan@Wyattlegalservices.com

The Law Offices of Wyatt & Associates,
P.L.L.C.
17 Elm Street, Suite C211
Keene, NH 03431
Telephone: (603) 357-1112
Facsimile: (603) 685-2868

**<u>Certificate of Service</u>**


  I, Chandan Panigrahi, hereby certify that the foregoing was served via email on Lori Alexander, counsel for the Defendants, <u>lalexander@littler.com</u>, on February 23, 2022/


Date: February 23, 2022    By: <u>/s/ Chandan Panigrahi   </u>
             Chandan Panigrahi, CT 31015

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

_____
                                             )
Melissa Passenti,                            )
                                             )
                    Plaintiff                )
                                             )        Docket No.     3:21-cv-01350-SALM
                                             )
                                             )
            v.                               )
                                             )
Veyo, LLC & LJ Leasing, Inc.                 )
                                             )
                    Defendants               )
_____)

## <u>PLAINTIFF MELISSA PASSENTI'S FIRST SET OF INTERROGATORIES PROPOUNDED UPON DEFENDANT VEYO, LLC</u>

Pursuant to Federal Rules of Civil Procedure Rule 33, Plaintiff Melissa Passenti

("Plaintiff" or "Ms. Passenti") propounds the following Interrogatories upon Defendant Veyo,

LLC (the "<u>Company</u>" or "Defendant") to be answered, under oath, within thirty (30) days of

service.

## <u>INSTRUCTIONS</u>

The following instructions apply to these interrogatories:

A.      Each answer to each interrogatory shall be preceded by the question to

which it responds.

B.      Each answer shall be deemed to have been based on the personal

knowledge of the answering person unless specifically stated to the

contrary.  If the information furnished is not within the personal knowledge of the answering person, then <u>identify</u> the person from whom the information was obtained, and state whether that person has personal knowledge of the information supplied.

C.   The use of the singular form of any word includes the plural and vice versa.

D.   No answer is to be left blank.  If the answer to an interrogatory or subparagraph of an interrogatory is "none," the word "none" must be written in the answer.  If the interrogatory is "not applicable," the abbreviation "N/A" must be written in the answer along with an explanation of why the interrogatory is not applicable.

E.   The information requested in these interrogatories is governed by the definitions and instructions, and each interrogatory should be answered in compliance with the definitions and instructions.

F.   These interrogatories are of a continuing character.  If additional information within the scope of any interrogatory becomes available to you after you serve answers hereto, you shall furnish such additional information by way of supplemental answers.

G.   GENERAL INSTRUCTIONS FOR ESI PRODUCTION: All of the Electronically Stored Information (ESI) documents requested herein shall be produced as set out in Attachment A to this document, except that any single production of less than 250 pages

(total) may be produced as PDF files provided that each individual document is produced as a separate and distinct PDF.  If there are any objections to producing ESI in the requested format, the undersigned requests the Defendant contact the Plaintiff within the next fifteen (15) days to discuss the objections, so the parties can negotiate in good faith and coordinate technical issues, insure that the ESI is produced in a reasonably usable form, and to discuss possible economies of ESI processing that may facilitate the parties securing a just, speedy, and inexpensive determination of this action.

    H.  ESI PROTOCOLS: Plaintiff requests a meeting with counsel for the Defendant within the next fifteen (15) days to negotiate in good faith the scope of any searches for relevant ESI (including emails), including, by negotiating the custodian files or mailboxes to be searched and the search terms to be used.

## DEFINITIONS

    A.  The words "Plaintiff" and "Ms. Passenti" means Melissa Passenti, the Plaintiff in the below referenced Complaint.

    B.  The word "Charge" means the Charge of discrimination filed by Ms. Passenti with the Connecticut Commission on Human Rights & Opportunities ("CHRO") (CHRO Docket No. 2110050) and the Equal Employment Opportunity Commission (the "EEOC") (docket number 16A-2020-01522) and all allegations contained therein.

    C.  The word "Complaint" means the Complaint filed by Ms. Passenti in the District of Connecticut, with docket number 3:21-cv-01350-SALM.

D.    The words "relate," "relates," "relating," and any variation of the word "relate" means concerning, referring to, pertaining to, supporting, corroborating, elaborating on, refuting, contradicting, reporting, embodying, establishing, evidencing, comprising, connected with, commenting on, responding to, showing, describing, detailing, analyzing, reflecting, presenting, constituting, and/or in any way involving.

E.    The words "concern" and "concerns" mean any formal or informal, verbal or written, communication, expression, accusation, or report of discontent, objection, regret, fear, outrage, discomfort, Complaint, resentment, or grievance made to, or brought to the attention of the Company, including but not limited to the Company's human resources department, any member of the Company's management (including any manager or supervisor), or to any other person or entity (including any third party, such as an ethics hotline or EAP) that is designated, explicitly or implicitly, under the Company practice or policy to constitute a recipient of concerns.

F.    The word "describe" means to provide a complete description and explanation of the facts, circumstances, analysis, opinion and other information relating to (as that phrase is defined above) the subject matter of a specific interrogatory, as well as (i) the identity of each person or entity involved related to, or having any knowledge of any fact or opinion that relates to, what is so described, (ii) the identity of each document evidencing the answer or response given or relating to or referring to said

subject-matter in any way, and (iii) all relevant or material dates and time periods, including specifying the way in which said dates or time periods are pertinent and relate to the subject-matter <u>describe</u>d.

G.   The word "<u>employee</u>" shall mean any current or former <u>employee</u>, manager, or elected or appointed official of the <u>Company</u>.

H.   The word "<u>Company</u>" means the entity or entities that employed <u>Ms. Passenti</u> prior to her termination in April of 2020, and includes, but is not limited to, Defendant Veyo, LLC.

I.   The word "<u>Defendant</u>" means Veyo, LLC or the <u>Company</u>.

J.   The word "<u>individual</u>" shall mean any person or entity, whether or not an <u>employee</u> of the <u>Company</u>.

K.   The phrase "<u>Position Statement</u>" means the <u>Defendant</u>'s position statement filed with the CHRO on or around November 17, 2020, in response to the <u>Charge</u>.

L.   The word "<u>replace</u>" means the performance of, or assumption of responsibility for, any portion of a terminated <u>employee</u>'s prior job responsibilities, duties, or work, whether on a formal or informal, temporary or permanent, basis.

M.   The words "<u>first level supervisor</u>" mean a direct supervisor of an <u>employee</u>.

N.      The words "second level supervisor" mean the direct supervisor above the direct supervisor of an employee.

O.      The words "you" and "your" mean Defendant, including any and all of Defendant's employees and agents, and includes, but is not limited to, the individual(s) answering these interrogatories on behalf of Defendant.

P.      The word "Claims" means complaints, charges, or any other legal proceeding filed with any government entity, commission, or court.

Q.      The words "document" and "documents" means, without limitation, the original and all copies, prior drafts and translations of any information in any written, typed, electronic, printed, recorded, or graphic form, however produced or reproduced, of any type or description, regardless of origin or location, including without limitation all correspondence, email, texts, faxes, instant messages, records, tables, data, charts, analyses, graphs, schedules, reports, memoranda, notes, lists, calendar and diary entries, letters (sent or received), telegrams, telexes, messages (including, but not limited to reports of telephone conversations and conferences), studies, books, periodicals, magazines, booklets, circulars, bulletins, instructions, papers, files, minutes, other communications (including, but not limited to, inter- and intra-office communications), questionnaires, contracts, memoranda of agreements, assignments, licenses, ledgers, books or statements of account, orders, invoices, statements, bills, checks,

vouchers, notebooks, receipts, acknowledgments, data processing cards,

computer disc, computer tape, other computer generated matter,

microfiche, microfilm, photographs, motion pictures, videotapes,

photographic negatives, phonograph records, tape recordings, wire

recordings, other mechanical recordings, transcripts or logs of any such

recordings, all other data compilations from which information can be

obtained, or translated if necessary, and any other tangible or intangible

thing of a similar nature.

## **INTERROGATORIES**

1.     Please identify each and every reason for the Company's decision to terminate
Ms. Passenti's employment relationship with the Company.

**ANSWER:**

2.     Please identify each and every individual who was involved in any decision to
terminate Ms. Passenti's employment relationship with the Company, including by providing
information, input, recommendations, or making decisions related to this termination.  For each
individual so identified, please state: that individual's legal name; the individual's job title at the
time of the termination; the employer of this individual; and whether the individual is still
employed by this Company or any other entity within the Company (including, but not limited
to, at a different facility under the control of the Company).

**ANSWER**:

3.     Please identify any and all employees who reported, directly or indirectly (in the chain of command under), to Myra Rodriguez, as of the date of Ms. Passenti's termination, including for each identified employee: legal name and job title; sex; and disability status.

**ANSWER**:

4.     For each employee identified in response to Plaintiff's Interrogatory #3, please describe whether each employee was laid off, furloughed, terminated, or allowed to continue working after April 8, 2020. For each such employee who was laid off, furloughed or terminated, please provide legal name and job title; hire date; termination/furlough/layoff date; sex; disability status; and (iv) the employee's direct supervisor/

**ANSWER**:

5.     Please identify any and all employees who were not furloughed, laid off, or terminated from a period of March 1, 2020 through May 31, 2020, who were permitted to continue working by the Defendant despite concerns relating to the coronavirus pandemic or alleged hardship, including for each instance: the name and position of the employee; the individual who allowed the decision to allow the employee to continue working; the essential functions of the employee; sex; disability status; and why the employee was allowed to keep working.

**ANSWER**:

6.      Please <u>identify</u> each and every <u>employee(s)</u> that the <u>Company</u> <u>replaced</u> <u>Ms. Passenti</u> with, in whole or in part.  If the <u>Company</u> asserts that it did not <u>replace</u> <u>Ms. Passenti</u>, then <u>identify</u> (i) the <u>employee(s)</u> who assumed some or all of <u>Ms. Passenti's</u> job responsibilities after her termination, and (ii) any and all <u>employees</u> hired or transferred (on full time, part time, or per diem basis) to provide same or similar services <u>Ms. Passenti</u> provided with the same or similar job title or set of responsibilities to that of <u>Ms. Passenti</u>, between 180 days before the date of <u>Ms. Passenti's</u> termination and the present.  For all <u>employees</u> so <u>identified</u>, please state: their full legal name; job title at the time of hire; date of hire; whether the <u>employee</u> is disabled; sex of the <u>employee;</u> and which (if any) duties of <u>Ms. Passenti</u> each such <u>individual</u> took over.

**ANSWER**:

7.      Please <u>identify</u> any and all <u>employees</u> hired by the <u>Company</u> in <u>Ms. Passenti's</u> department or any <u>related</u> department (including, but not limited to, all <u>employees</u> hired into positions that reported to the existing or former <u>first level supervisor</u> above Ms. Passenti or the <u>second level supervisor</u> above Ms. Passenti, as well as <u>employees</u> who performed job duties similar to those performed by her department) from a period of 180 days before the date of <u>Ms. Passenti's</u> termination and the present. For each such <u>identified</u> <u>employee</u>, include: the name and job title of the <u>employee</u>; date of hire; job duties of the <u>employee</u>; whether the <u>employee</u> is disabled; the <u>employee's</u> sex; the department and supervisor of the <u>employee</u>;  and whether the <u>employee</u> is still employed, and if not, a <u>description</u> of the date and nature of the <u>employee's</u> end of employment.

**ANSWER:**

8.      Please identify each and every employee from a period of January 1, 2017 through May 1, 2020, who received or was placed on a performance improvement plan ("PIP"), including, for each such identified employee, identifying their name, job title, sex, disability status, the length of the PIP, and when they were removed from the PIP.

**ANSWER:**

9.      Please describe any and all measures taken to investigate or respond to all concerns raised by Ms. Passenti regarding her pregnancy or disabilities, including any concerns raised regarding her requested and/or utilized accommodations. When describing such investigations or responses, please provide the identity of any individuals involved in conducting any such investigation(s)/response(s), the identity of any individuals spoken with in the course of the investigation(s)/response(s), and the identity of all documents or other evidence reviewed. In addition, please state: any conclusions ultimately reached as a result of the investigation; any recommendations provided; and, any actions taken by the Company as a result of such concern(s) and/or investigations.

**ANSWER:**

10.     Please describe all Claims filed by or on behalf of any current or former employee against the Company or any employee of the Company (i.e. naming the Company or any employee of the Company as a respondent or defendant) during the period from April 8, 2018 to present that alleged, in whole or in part, that the employee filing the Claim had been subjected to discrimination, harassment, retaliation, denial of requested disability-related accommodation(s),

interference with, or retaliation for seeking to exercise, or other illegal conduct by the <u>Company</u>

or while employed by the <u>Company</u>.  For each such <u>Claim</u>, please provide: the <u>identity</u> of the

<u>employee</u> who filed the <u>Claim</u>, including the <u>employee's</u> name, last known address, <u>disability</u>

status, and telephone number; the facility name and address at which that <u>employee</u> was

employed; a <u>description</u> of the nature of the allegations and wrongful conduct asserted in the

<u>Claim</u>; the forum in which the <u>Claim</u> was filed; the <u>Charge</u>, docket, or civil action number of the

<u>Claim</u>; and a <u>description</u> of the current status and/or resolution of the <u>Claim</u>.


**ANSWER:**

11.     Please <u>identify</u> each and every <u>employee(s)</u> that the <u>Company</u> terminated from

January 1, 2020, to the present due to alleged lack of need, position elimination, reorganization,

lack of work, or lay off. For each such <u>employee</u> <u>identified</u>, please indicate: the <u>employee's</u> name

and job title; their date of hire; their department; their supervisor; their date of termination;

whether the <u>employee</u> was disabled; a <u>description</u> as to the alleged lack of need for the

<u>employee's</u> services; and the <u>individual</u>(s) who made the decision to terminate the <u>employee</u>.


**ANSWER:**


12.     Please <u>describe</u> each and every contact, whether by phone, in-person, by letter or

other means of communication, which the <u>Company</u>, the <u>Company's</u> <u>employees</u>, agents, or

another on the <u>Company's</u> behalf (including the <u>Company's</u> attorneys) have had with any

<u>individual</u> (including current or former <u>employees</u> of the <u>Company</u>) <u>relating</u> to the <u>Charge</u> or

<u>Complaint</u>, any of the allegations set forth in the <u>Charge</u> or <u>Complaint</u>, or <u>relating</u> to any of the

Company's affirmative defenses, or the Company's defense against the Charge or the Complaint. When identifying such contacts, please state: the method of the contact (i.e., whether by phone, person, by letter or other means); the date or, if the actual date is unknown, the approximate date of the contact; the identity of the person making the contact on your behalf; the identity of the person with whom each contact was made, including, but not limited to, the last known address and phone number of the person with whom contact was made; and a description of the content of any statements, communications, or discussion that occurred during these contacts.

**ANSWER:**

13.     Please identify and describe all measures that the Company has taken to identify, preserve, and/or collect all documents, communications (including emails), and other evidence potentially relevant to any of the allegations in the Charge and/or Complaint.  Please describe each measure taken to preserve such documents, communications (including emails), and evidence (including suspension of automatic deletion/retention protocols), and specify the date on which such measure was undertaken/completed and the identity of employees or other individuals who were involved in implementing and/or ensuring compliance with each preservation measure(s).  In addition, if any potentially relevant documents, communications (including emails), and other evidence (including but not limited to any emails or other electronically stored information relating to Ms. Passenti, any of the allegations in the Complaint, or any individuals named in the Complaint), have been destroyed or are no longer within the Company's possession, custody, or control, please describe the nature and parameters, as well as the date and reasons for the destruction or loss of, any such destroyed or lost

<u>documents</u>, communications (including emails), and other evidence.  For the absence of doubt, with regard to <u>documents</u> or electronically stored information that has been destroyed or lost, this request pertains not just to <u>documents</u> or electronically stored information that has been determined to be relevant, but also to any collections or caches of <u>documents</u> or electronically stored information that could contain (or could have contained) relevant <u>documents</u>, even if no determination was ever made as to whether such collections or caches did contain relevant <u>documents</u> or electronically stored information.

**ANSWER:**

14.     Please state whether the <u>Company</u> still has possession, custody, or control (including the ability to access, restore, or obtain from a server, back up tapes, or a third party) of all emails (including attachments) sent or received by all <u>Company</u> <u>employees</u> from April 8, 2018 to present, including, but not limited to, emails that were deleted by <u>employees</u>, or which were automatically deleted or expunged by any <u>individual</u> or system pursuant to retention protocols.  If some such emails are outside of the possession, custody, or control of the <u>Company</u> and/or are no longer accessible to the <u>Company</u>, please <u>identify</u> the date ranges that are inaccessible, <u>describe</u> what categories of emails (including specific <u>employees</u>, date ranges, or types of emails) the <u>Company</u> does have access to, <u>describe</u> what caused the emails to no longer be in the possession, custody, or control of the <u>Company</u>), and <u>describe</u> when such emails ceased to be in the <u>Company's</u> possession, custody, and control.

**ANSWER**:

15.     Please identify by name each individual who provided information contained within your answers to any of Plaintiff's interrogatories and/or who was otherwise involved in the preparation of any of your answers to Plaintiff's interrogatories.  Identify what information each such individual provided and what numbered interrogatory responses this information was included within or used to answer, in whole or in part.  For each such individual who is an employee or official of the Company, specify that individual's formal Company/affiliation, and position title.

**ANSWER:**

16.     Please identify any and all documents that were reviewed, consulted, or otherwise relied on as part of answering any of these interrogatories (or on which any of the Company's answers to any of Plaintiff's interrogatories are based, in whole or in part).  For each document so identified, state whether the document is in your possession, custody, or control, and if it is not, then specify the name and address of the person(s) or entity(ies) which have each such document within it or their possession, custody, or control.

**ANSWER:**

Respectfully Submitted,

Melissa Passenti

By her attorneys,

THE LAW OFFICES OF WYATT &
ASSOCIATES P.L.L.C

Date: February 23, 2022          By:    /s/ Chandan Panigrahi_____

Benjamin J. Wyatt, ct29994
BWyatt@Wyattlegalservices.com

Timothy Brock, ct30864
Tbrock@Wyattlegalservices.com

Chandan Panigrahi, ct31015
Chandan@Wyattlegalservices.com

The Law Offices of Wyatt & Associates,
P.L.L.C.
17 Elm Street, Suite C211
Keene, NH 03431
Telephone: (603) 357-1112
Facsimile: (603) 685-2868

**<u>Certificate of Service</u>**

I, Chandan Panigrahi, hereby certify that the foregoing was served via email on Lori Alexander, counsel for the Defendants, <u>lalexander@littler.com</u>, on February 23, 2022.

Date: February 23, 2022                              By:    _/s/ Chandan Panigrahi_____
                                                                          Chandan Panigrahi, CT 31015

## Passenti Search Terms

**Proposed Search 1**

**Custodian Accounts to be Searched (including all documents ever shown within inbox, outbox, drafts, or sent items, including where each such custodian is listed in the to, from, cc, and bcc fields)**

Melissa Passenti

Myra Rodriguez

Karen Hightower

David Gibson

Jackie Gibbs

Brandie Stadie

Any individual(s) identified in, or otherwise responsive to, Defendant Veyo, LLC's answers to Plaintiff's Interrogatory #2.

Any individual(s) identified in, or otherwise responsive to, Defendant LJ Leasing, Inc's answers to Plaintiff's Interrogatory #2.

Any individual(s) who participated in, were present for, were copied on, or were otherwise included on or in any discussion, verbal or written, related to any actual or contemplated layoff, discharge, or termination of Complainant.

**Date Ranges**

April 8, 2018 to present.

**Search Terms to be utilized for all custodians except Melissa Passenti:**

"!Melissa!";"!Passenti!";"!Mpassenti!"; "hyperemesis!"; "gravidarum!"; "pregnan!"; "baby!"; "medical!"; "cramp!"; "disability!"; "medical leave!"; "accommodat!"; "matern!"; "concern!"; "hospital!"; "harass!"; "abuse!"; "birth!"; "newborn!"; "mother!"; "nausea!"; "retaliat!"; "fire!"; "terminat!"; "illegal!"; "EEOC!"; "Equal Employment Opportunity Commission!"; "CHRO!"; "Connecticut Commission on Human Rights and Opportunities!"; "litig!"; "law!"; "vomit!"; "sick!"; "morning sick!"; "Family and Medical Leave Act!"; "FMLA!"; "symptoms!"; "layoff!"; "reorg!"; "restruct!"; "re-org!"; "re-struct!";"position!"; "eliminat!"; "PIP!"; "performance improvement!"

**Search Terms to be utilized for Melissa Passenti's account:**

"!Myra!"; "!Rodriguez!"; "!Karen!"; "!Hightower!"; "!David!"; "!Gibson!"; "!Jackie!"; "!Gibbs!"; "!Brandie!"; "!Stadie!"; !"; "hyperemesis!"; "gravidarum!"; "pregnan!"; "baby!";

"medical!"; "cramp!"; "disability!"; "medical leave!"; "accommodat!"; "matern!"; "concern!"; "hospital!"; "harass!"; "abuse!"; "birth!"; "newborn!"; "mother!"; "nausea!"; "retaliat!"; "fire!"; "terminat!"; "illegal!"; "EEOC!"; "Equal Employment Opportunity Commission!"; "CHRO!"; "Connecticut Commission on Human Rights and Opportunities!"; "litig!"; "law!"; "vomit!"; "sick!"; "morning sick!"; "Family and Medical Leave Act!"; "FMLA!"; "symptoms!"; "layoff!"; "reorg!"; "restruct!"; "re-org!"; "re-struct!";"position!"; "eliminat!"; "PIP!"; "performance"

## **Proposed Search 2**

**Custodian Accounts to be Searched (including all documents ever shown within inbox, outbox, drafts, or sent items, including where each such custodian is listed in the to, from, cc, and bcc fields)**

Melissa Passenti

Myra Rodriguez

Karen Hightower

David Gibson

Jackie Gibbs

Brandie Stadie

Any individual(s) identified in, or otherwise responsive to, Defendant Veyo, LLC's answers to Plaintiff's Interrogatory #2.

Any individual(s) identified in, or otherwise responsive to, Defendant LJ Leasing, Inc's answers to Plaintiff's Interrogatory #2.

Any individual(s) who participated in, were present for, were copied on, or were otherwise included on or in any discussion, verbal or written, related to any actual or contemplated layoff, discharge, or termination of Complainant.

### **Search 2 date range**

March 25, 2020-April 8, 2020

### **Searches to be conducted**

All emails should be searched during this time period.

### **Notes Applicable to All Searches:**

- Terms listed between each ";" indicate a distinct search term or set of search terms to be run on a unitary independent basis.
- "!" indicates a root expander encompassing all endings and/or beginnings.

- A bracket [] within a list of search terms indicates a category of as yet unidentified search terms.
- Search terms should be run in the following fields/areas: to, from, CC, BCC, subject line, text of all emails (including chain data), and text of all attachments.

**Potential Alternative Email Search Method:**

If the Respondent prefers, and as an alternative to searches 1 & 2 proposed above, the Complaintant would be prepared to agree to the use of predictive coding if it met all the following parameters:

Predictive coding would be applied to the full custodian email accounts (inbox, outbox, drafts, and sent items), during the period of April 8, 2018 to present, of:

Melissa Passenti

Myra Rodriguez

Karen Hightower

David Gibson

Jackie Gibbs

Brandie Stadie

Any individual(s) identified in, or otherwise responsive to, Defendant Veyo, LLC's answers to Plaintiff's Interrogatory #2.

Any individual(s) identified in, or otherwise responsive to, Defendant LJ Leasing, Inc's answers to Plaintiff's Interrogatory #2.

Any individual(s) who participated in, were present for, were copied on, or were otherwise included on or in any discussion, verbal or written, related to any actual or contemplated layoff, discharge, or termination of Complaintant.

(1) The predictive coding utilized would obviously need to be a Continuous Active Learning (CAL) process.

(2) The predictive coding would need to be used to search the full email accounts. To be clear, this means that it would not be sufficient for the predictive coding to be used only on a sub-set of documents culled out through the unilateral use of search terms. We do not object to the creation of seed/training sets using the search terms proposed above, but the predictive coding would then need to be utilized to search the full accounts during the relevant period.

(3) Before the predictive coding review process can be considered completed, an Elusion Test must be run on a randomly drawn number of documents sufficient to demonstrate a 98% or higher confidence interval (consequently, a 2% or lower overturn rate) with a 2% or lower margin of error.  Typically, with the limited data volumes at issue here, this can be achieved via a human reviewed elusion test set of a few hundred documents, so it is not burdensome.  The CAL predictive coding process would obviously need to continue until a statistically valid Elusion Test showed a 98% or higher confidence interval (consequently, a 2% or lower overturn rate) with a 2% or lower margin of error.

# Exhibit 2

 Gmail                                  **Chandan Panigrahi <chandan@wyattlegalservices.com>**

---

# Passenti v Veyo, LLC et al Defendant's Interrogatories and Requests for Production

**Roseman, Kyle** <KRoseman@littler.com>                              Thu, Mar 17, 2022 at 1:21 PM
To: Chandan Panigrahi <chandan@wyattlegalservices.com>
Cc: "Alexander, Lori" <LAlexander@littler.com>, Benjamin Wyatt <bwyatt@wyattlegalservices.com>, Julie Orrok Emineth
<julie@wyattlegalservices.com>, Wyatt Paralegal <paralegal@wyattlegalservices.com>

Good afternoon Chandan,


Please find attached Defendant's First Set of Interrogatories and Requests for Production, as well as authorizations for
signature in the above reference case.


Thank you,


Kyle



**Kyle Roseman**
Attorney at Law
203.974.8739 direct, 203.640.6351 mobile
KRoseman@littler.com


**Fueled by ingenuity. Inspired by you.**

Labor & Employment Law Solutions | Local Everywhere
265 Church St, One Century Tower, Suite 300, New Haven, CT 06510

--------------------------
This email may contain confidential and privileged material for the sole use of the intended recipient(s). Any review, use,
distribution or disclosure by others is strictly prohibited. If you are not the intended recipient (or authorized to receive for
the recipient), please contact the sender by reply email and delete all copies of this message.

Littler Mendelson, P.C. is part of the international legal practice Littler Global, which operates worldwide through a number
of separate legal entities. Please visit www.littler.com for more information.

---

**2 attachments**

 **Defendants' First Set of Interrogatories and RFPs - Passenti v Veyo, LLC et al 4878-3101-9286 1.pdf**
237K

**Authorizations for Signature 4863-9165-2630 1.pdf**
137K

# Exhibit 3

 **Gmail**

Chandan Panigrahi <chandan@wyattlegalservices.com>

## Passenti v. Veyo, et al. -- Defs. Compliance with Initial Discovery Protocols

**Roseman, Kyle** <KRoseman@littler.com>                              Mon, Apr 11, 2022 at 11:22 AM
To: Chandan Panigrahi <chandan@wyattlegalservices.com>
Cc: "Alexander, Lori" <LAlexander@littler.com>

Good morning Chandan,


Lori and I would like to ask your position on a thirty day extension of time for Defendants to respond to Plaintiff's interrogatories and discovery requests.  As you know, these responses are currently due on or before this Saturday, so we are seeking an extension until Monday, May 16, 2022. Please let me know your position before the end of day tomorrow.


Also, I am reaching out to check the status of your initial disclosures, and whether you been able to collect the requisite documentation from your client.


Thanks,


Kyle



**Kyle Roseman**
Attorney at Law
203.974.8739 direct, 203.640.6351 mobile
KRoseman@littler.com

[Quoted text hidden]

[Quoted text hidden]
[Quoted text hidden]

# Exhibit 4

 Chandan Panigrahi <chandan@wyattlegalservices.com>

---

## Passenti v. Veyo, et al. -- Defs. Compliance with Initial Discovery Protocols

---

**Chandan Panigrahi** <chandan@wyattlegalservices.com>                Tue, Apr 12, 2022 at 8:00 AM
To: "Roseman, Kyle" <KRoseman@littler.com>
Cc: "Alexander, Lori" <LAlexander@littler.com>, Wyatt Paralegal <paralegal@wyattlegalservices.com>

Good morning Kyle,

In good faith, I assent to an extension for Defendants to provide discovery responses by May 16. I ask for a reciprocal extension for the Plaintiff's first set of discovery responses. Please let me know your thoughts on that matter.

Additionally, my client has gathered many of the documents I indicated would follow in a supplemental disclosure. I will be preparing that for Defendants today.

Thank you,
Chandan
[Quoted text hidden]

# Exhibit 5

 Gmail                                          Chandan Panigrahi <chandan@wyattlegalservices.com>

---

# Draft, Joint Motion to Extend Motion to Compel Deadline

---

**Chandan Panigrahi** <chandan@wyattlegalservices.com>                      Sun, Apr 24, 2022 at 9:27 AM
To: "Alexander, Lori" <lalexander@littler.com>
Cc: Benjamin Wyatt <bwyatt@wyattlegalservices.com>, Julie Orrok Emineth <julie@wyattlegalservices.com>, Wyatt
Paralegal <paralegal@wyattlegalservices.com>, "Roseman, Kyle" <KRoseman@littler.com>, mcarini@littler.com

Hi Lori,

Given the Court's order regarding our previous stipulation (allowing for discovery responses to be due May 16, 2022), if
my counting is correct then that is in fact the same day both Parties' motions to compel filing deadlines are. Please see
below for a draft joint motion requesting the Court grant a 30-day extension to the MtC filing deadline, 30 days after
Parties' discovery responses are due.

Let me know your thoughts on if you assent to this joint motion, as well as if you have any edits. My office would be happy
to file this once we agree on language.

Thank you,
Chandan

--
Chandan Panigrahi, Esq
**Law Offices of Wyatt & Associates PLLC**

---

**P:** (603) 357-1111  **F:** (603) 685-2868
chandan@wyattlegalservices.com
www.wyattlegalservices.com
17 Elm St, Suite C211, Keene, NH, 03431

STATEMENT OF CONFIDENTIALITY
The information contained in this e-mail, and any attachments hereto are intended only for use by the addressee(s) and may contain legally privileged and/or
confidential information.  If you are not the intended recipient, please immediately notify me by telephone at 603-357-1112, and permanently delete the
original, as well as any copy of the message and any attachments.  Thank you.

---

 **Passenti Joint Motion to Extend MtC Filing Deadline.docx**
22K

# Exhibit 6

 Gmail

**Chandan Panigrahi <chandan@wyattlegalservices.com>**

___

## Passenti v. Veyo -- Your Responses to Written Discovery

**Alexander, Lori** <LAlexander@littler.com>                                      Mon, May 16, 2022 at 4:48 PM
To: Chandan Panigrahi <chandan@wyattlegalservices.com>
Cc: "Roseman, Kyle" <KRoseman@littler.com>

Chandan,


Following up on Kyle's email from Friday, we have not heard from you about your failure to provide answers to our client's interrogatories and requests for production.  We have made a good faith attempt to confer with you about this.  Please call me asap if you are willing to discuss; otherwise, will need to file an appropriate motion.


Regards,

Lori


**Lori Alexander**
Office Managing Shareholder
203.974.8701 direct, 203.710.0122 mobile, 203.907.1861 fax
LAlexander@littler.com

Pronouns: She/Her



Labor & Employment Law Solutions | Local Everywhere
265 Church St, One Century Tower, Suite 300, New Haven, CT 06510

--------------------------
This email may contain confidential and privileged material for the sole use of the intended recipient(s). Any review, use, distribution or disclosure by others is strictly prohibited. If you are not the intended recipient (or authorized to receive for the recipient), please contact the sender by reply email and delete all copies of this message.

Littler Mendelson, P.C. is part of the international legal practice Littler Global, which operates worldwide through a number of separate legal entities. Please visit www.littler.com for more information.

# Exhibit 7

# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| **MELISSA PASSENTI,** | : |
| | : |
| **Plaintiff,** | : |
| | : **Civil Action No.: 3:21-cv-01350-SALM** |
| | : |
| **v.** | : |
| | : |
| **VEYO, LLC, AND** | : |
| **LJ LEASING, INC.,** | : |
| | : |
| **Defendants.** | : |
| | : **May 16, 2022** |
| | : |

### DEFENDANT LJ LEASING, INC.'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF DOCUMENT REQUESTS

Pursuant to Fed. R. Civ. P. 33 and 34, Defendant, LJ Leasing, Inc. (hereinafter "Defendant" or "LJ Leasing"), by and through its undersigned counsel, hereby serves its objections to Plaintiff's First Set of Document Requests dated March 16, 2022 as follows:

### GENERAL OBJECTIONS AND QUALIFICATIONS

A.      Defendants generally object to the requests for production to the extent they seek documents representing attorney-work product or protected by the attorney-client privilege or any other applicable privilege.   The responses to specific discovery requests are each made subject to any claim of privilege available to Defendants.   Defendants may choose to disclose information and/or produce documents as to which a claim of privilege could be made, but such response or production does not constitute a waiver of any claim of privilege as to any other information or document.

B.      Defendant's responses to the requests for production are made without in any way waiving or intending to waive:

1.      The right to object on the grounds of competency, privilege, relevance, materiality

or admissibility to the use of any material produced, in whole or in part, for any purpose, in any subsequent proceeding in this action or in any other action;

2.     The right to object to the use of any answers and responses, or their subject matter, in any subsequent proceeding in this or any other action; and

3.     The right, at any time, to amend, revise, correct, modify, supplement or clarify any of the responses provided herein.

## OBJECTIONS TO SPECIFIC INSTRUCTIONS AND DEFINITIONS

A.     These document requests should be responded to in accordance with Rule 34 of the Federal Rules of Civil Procedure.

B.     In answering these requests, Defendants shall provide all documents available to them, including, but not limited to, documents in the possession, custody, or control of their employees, elected officials, agent(s), attorney(s), and all persons acting on their behalf.

**OBJECTION:**      **Defendants object to this instruction because it exceeds the scope of discovery permitted by Rule 26(a) of the Federal Rules of Civil Procedure.  The federal rules require the disclosing party only to produce documents that are in its own possession, custody, or control, not the individual possession, custody or control of individuals who are not parties to this action, including "employees, elected officials, agents, attorneys and all persons acting on [Defendants'] behalf.  In responding to the Requests for Production, Defendants will comply with Rule 26(a), as amended by the Local Rules for the District of Connecticut.**

C.     Defendants shall label and organize the documents produced to correspond with the numbered categories in this set of Document Requests.

**OBJECTION:**      **Defendants object to this instruction because it seeks to impose more burdensome requirements than those required by Rule 34 of the Federal Rules of Civil Procedure.  The requested documents will be produced as they are kept in the usual course of business and identified by Bates Number.**

D.      These Document Requests are of a continuing nature. If Defendants discover or locate any documents that are responsive to any of these Document Requests after having already provided their initial responses and productions, Defendants shall supply such additional documents to the Plaintiff as soon as reasonably practicable.

E.      The use of the singular form of any word includes the plural and vice versa.

F.      The terms "or" and "and" should not be read exclusively so as to eliminate any part of any document request, but, wherever appearing, should be read as inclusively as possible. All uses of the conjunctive include the disjunctive and vice versa.

G.      With respect to document requests seeking documents forming the "basis" for a particular allegation, claim, conclusion, contention, or argument, Defendants shall produce each and every document that forms any part of the source of Defendants' information relating to the alleged facts or legal conclusions (whether corroborating, elaborating, contradicting, orotherwise relating to such issues) referenced in the document request.

H.      If Defendants have knowledge of, but do not currently have within their possession, custody, or control, any document responsive to any request or sub-part herein, they shall state that fact in responding to the requests and shall state whom has said document and provide such individual's last known business or residential address.

**OBJECTION:**      **Defendants object to this instruction because it exceeds the scope of discovery permitted by Rule 26(a) of the Federal Rules of Civil Procedure. The federal rules require the disclosing party only to produce documents that are in its own possession, custody, or control. This instruction improperly seeks to convert a request for production into an interrogatory. In responding to the Requests for Production, Defendants will comply with Rule 26(a), as amended by the Local Rules for the District of Connecticut.**

I.      If Defendants contend that any document sought by these requests is protected from

discovery by any privilege, exception, immunity, or other similar defenses, Defendants shall

identify: (a) the date of the creation and/or transmittal of the document; (b) the author(s) of the

document; (c) the person(s) to whom the document was sent or addressed; (d) any person(s) to

whom the document was disclosed, in whole or in part; (e) a description of the document's

subject matter; and (f) the nature of the privilege, exemption, immunity, or other similar defense

being exerted.

**OBJECTION:**           **Defendants object to this instruction because it improperly seeks to expand upon the requirements of a privilege log set forth in the Local Rules of Civil Procedure.  If a privilege log is necessary, the log will be provided with the information required by the Local Rules.**


J.      If Defendants contend that any document requested by these document requests

has been lost, destroyed, or transferred beyond the possession, custody, or control of Defendants,

Defendants shall identify with respect to each such document: (a) the circumstances under which

the document was lost, destroyed, or transferred; (b) the date of the loss, destruction, or transfer;

(c) the name and last known business and/or residential address of the person(s) most

knowledgeable of the circumstances under which the document was lost, destroyed, or

transferred; and (d) a description of the document, including, but not limited to, the documents

subject matter, content, date, author(s), and addressee(s).

**OBJECTION:**           **Defendants object to this instruction because it exceeds the scope of discovery permitted by Rule 26(a) and 34 of the Federal Rules of Civil Procedure.  The Federal Rules require the disclosing party only to produce documents that are in its own current possession, custody, or control. This instruction improperly seeks to convert a request for production into an interrogatory.  In responding to the Requests for Production, Defendants will comply with Rule 26(a), as amended by the Local Rules for the District of Connecticut.**

K.      If Defendants object to any Document Request on any grounds other than privilege, Defendants shall set forth the factual and legal basis for the objection with specificity and describe any portion of the Document Request that is not claimed to be objectionable.

**OBJECTION:**      **Defendants object to this instruction because it improperly seeks to expand upon the requirements of a privilege log set forth in the Local Rules of Civil Procedure.  If a privilege log is necessary, the log will be provided with the information required by the Local Rules.**

L.      In keeping with applicable rules, if any documents responsive to any of these document requests as written are being withheld by Defendants, or if Defendants are in any way limiting their search for documents in a manner that could exclude any responsive documents, based on any objection contained in Defendants' answers, then Defendants must clearly specify this.  For example, if Defendants object to a Document Request as being unduly burdensome and/or overly broad, Defendants shall provide as many documents as possible and state what documents were not provided or searched for based on the objection.

**OBJECTION:**      **Defendants object to this instruction because it seeks to impose more burdensome requirements than those required by Rule 34 of the Federal Rules of Civil Procedure.  To the extent that Defendants are aware of documents that are being withheld subject to an objection, this will be stated as required by the Federal Rules; however, if the request does not provide sufficient information or clarity that would allow Defendants to identify potentially responsive documents in the first place, this will be noted as well so the parties can discuss via the meet and confer process.**

M.      Likewise, in keeping with applicable rules, if Defendants were unable to produce any responsive documents at the time they provide answers to these document requests (within 30 days of service of these Document Requests), then Defendants must specify a reasonable time period within which any such document(s) shall be produced.

**<u>OBJECTION</u>:**          **Defendants object to this instruction because it seeks to impose more burdensome requirements than those required by Rule 34 of the Federal Rules of Civil Procedure.  Defendants have an ongoing duty to produce responsive documents and will do so on a rolling basis as necessary.   Discovery is ongoing and Defendants are still in the process of locating responsive documents and determining the appropriate scope of an ESI review.**

N.       When any Document Request contained in these requests contains subparts, answers and objections can be made to the whole Document Request without distinct answers and objections for each subpart provided that if Defendants intends to exclude documents or limit their search in a manner relevant to, limiting, or excluding materials responsive to, any subparts then Defendants must clearly articulate which subparts are affected by such objections, exclusions, and/or search limitations pursuant to the full extent of the requirements of Federal Rule of Civil Procedure 34.

**<u>OBJECTION</u>:**          **Defendants object to this instruction because it seeks to impose more burdensome requirements than those required by Rule 34 of the Federal Rules of Civil Procedure.  The objections to individual requests will be asserted as appropriate and Defendants are more than willing to provide clarity as to the scope of any objection if not clear on its face as intended.**

O.       In addition to physical documents and other materials, these document requests pertain to electronic stored documents and other electronically stored information (including emails and other documents as defined below) stored on computers, servers, cloud storage, and other electronic devices and storage capacities within the possession, custody and control of Defendants).  Because an adequate search responsive to these document requests must inevitably involve searches of the electronic devices, email accounts, and other electronically stored information of specific relevant custodians (including but not limited to employees of Defendants), Plaintiffs hereby request a meeting with counsel for Defendants within the next

fifteen (15) days to negotiate in good faith the scope of any searches for relevant ESI (including emails), including, by negotiating the custodian files or mailboxes to be searched and the search terms to be used.

P.      GENERAL INSTRUCTIONS FOR ESI PRODUCTION: All of the Electronically Stored Information (ESI) documents requested herein shall be produced as set out in Attachment A to this document, except that any single production of less than 400 pages (total) may be produced as PDF files provided that each individual document is produced as a separate and distinct PDF. If there are any objections to producing ESI in the requested format, the undersigned requests the Defendant contact the Plaintiff within the next fifteen (15) days to discuss the objections, so the parties can negotiate in good faith and coordinate technical issues, ensure that the ESI is produced in a reasonably usable form, and to discuss possible economies of ESI processing that may facilitate the parties securing a just, speedy, and inexpensive determination of this action.

**OBJECTION:**      **Defendants object to this instruction because it is overly burdensome to produce documents as individual pdfs.   Defendants further generally object to the Attachment A which unilaterally sets for a "protocol for electronic discovery" that far exceeds to requirements imposed by the Federal Rules of Civil Procedure and will necessarily increase the cost of production without a reasonable basis. Defendants will meet and confer with Plaintiff regarding the appropriate process for the production of ESI, including the scope of discovery to be conducted to avoid duplicative efforts.**

## OBJECTIONS TO SPECIFIC DEFINITIONS

A.      The words "Plaintiff" and "Ms. Passenti" means Melissa Passenti, the  Plaintiff in the below referenced Complaint.

B.      The word "Charge" means the Charge of discrimination filed by Ms. Passenti with the Connecticut Commission on Human Rights & Opportunities ("CHRO") (CHRO Docket No. 2110050) and the Equal Employment Opportunity Commission (the "EEOC") (docket number16A-2020-01522) and all allegations contained therein.

C.      The word "Complaint" means the Complaint filed by Ms. Passenti in the  District of Connecticut, with docket number 3:21-cv-01350-SALM.

D.      The words "relate," "relates," "relating," and any variation of the word  "relate" means concerning, referring to, pertaining to, supporting,  corroborating, elaborating on, refuting, contradicting, reporting, embodying, establishing, evidencing, comprising, connected  with, commenting on, responding to, showing, describing, detailing, analyzing, reflecting, presenting, constituting, and/or in any way involving.

**OBJECTION:**       **Defendants object to this definition because it is broader than the definition of "concerning" set forth in Local Rule of Civil Procedure 26 (c)(7).  As such, this definition purports to impose greater burdens on Defendants than those imposed by the applicable Federal Rules of Civil Procedure and Local Rules of the District of Connecticut.  In responding to the Interrogatories and Requests for Production, Defendants will apply the definition set forth in the Local Rules.**

E.      The words "concern" and "concerns" mean any formal or informal, verbal or written, communication, expression, accusation, or report of discontent, objection, regret, fear, outrage, discomfort, Complaint, resentment, or grievance made to, or brought to the attention of the Company, including but not limited to the Company's human resources department, any

member of the Company's management (including any manager or supervisor), or to any other

person or entity (including any third party, such as an ethics hotline or EAP) that is designated,

explicitly or implicitly, under the Company practice or policy to constitute a recipient of

concerns.

**OBJECTION:**      **Defendants object to this definition because it is overly broad, unduly burdensome and vague and ambiguous as framed.   To the extent that any request seeks information on "concerns" raised by Plaintiff, the stated definition does not provide sufficient information that would enable Defendants to identify the information sought and includes many terms that are subjective in nature—i.e., "regret, fear, outrage, discomfort and resentment."  Plaintiff is well aware of when she raised an alleged "concern" and should sufficiently identify the concern to ensure the term is understood properly.   Defendants should not have to speculate as to Plaintiff's intended meaning. Plaintiff should also identify the person to whom she claims to have raised a "concern" as the current definition requires Defendants to interview a large number of unidentified individuals to provide an accurate response to requests incorporating this definition.   This process is not proportionate to the needs of the case.**

F.      The word "describe" means to provide a complete description and explanation of

the facts, circumstances, analysis, opinion and other information relating to (as that phrase is

defined above) the subject matter of a specific interrogatory, as well as (i) the identity of each

person or entity involved related to, or having any knowledge of any fact or opinion that relates

to, what is so described, (ii) the identity of each document evidencing the answer or response

given or relating to or referring to said subject-matter in any way, and (iii) all relevant or material

dates and time periods, including specifying the way in which said dates or time periods are

pertinent and relate to the subject-matter described.

**OBJECTION:**      **Defendants hereby incorporate its objection to the definition of "relate" for the same reasons set forth above.  Defendants also object to the definition of "describe" as it is framed for use in an interrogatory, not a request for production.  Defendants will apply the**

**general definition of the term "describe" as used in specific requests as to do otherwise would render any request nonsensical.**

G.    The word "employee" shall mean any current or former employee, manager, or elected or appointed official of the Company.

**OBJECTION:**    **Defendants object to this definition because the terms "elected or appointed official" are nonsensical for Defendants as private sector entities.**

H.    The word "Company" means the entity or entities that employed Ms. Passenti prior to her termination in April of 2020, and includes, but is not limited to, Defendant Veyo, LLC and LJ Leasing, Inc.

**OBJECTION:**    **Defendants object to this definition because Veyo, LLC did not employ Plaintiff at any point in time.   Plaintiff was employed by LJ Leasing, Inc. during the time period at issue. Defendants are without sufficient information to assess whether Plaintiff was also employed by a separate entity during this same time period.   It will therefore interpret requests using the term "employer" as referring only to LJ Leasing, Inc.**

I.    The word "Defendants" means Veyo, LLC; LJ Leasing, Inc.; and/or the Company.

**OBJECTION:**    **Defendants object to this definition because Veyo, LLC did not employ Plaintiff at any point in time.   Plaintiff was employed by LJ Leasing, Inc. during the time period at issue. Defendants are without sufficient information to assess whether Plaintiff was also employed by a separate entity during this same time period.   It will therefore interpret requests using the term "employer" as referring only to LJ Leasing, Inc.**

J.    The word "individual" shall mean any person or entity, whether or not an employee of the Company.

K.      The phrase "Position Statement" means the Defendant's position statement filed with the CHRO on or around November 17, 2020, inresponse to the Charge.

**OBJECTION:**        **Defendants incorporate by reference its objection to the term "Defendants" sent forth above.  Moreover, LJ Leasing, Inc. did not file a response to the charge as it was not named as a respondent in the underlying agency action.    Defendant will therefore interpret requests using the term "Position Statement" as referring to the position statement filed by Veyo, LLC.**

L.      The word "replace" means the performance of, or assumption of responsibility for, any portion of a terminated employee's prior job responsibilities, duties, or work, whether on a formal or informal,temporary or permanent, basis.

**OBJECTION:**        **Defendants object to this definition on the basis that it is overly broad and unduly burdensome to require Defendants to apply this definition as framed.  Defendants do not have a reasonable means to identify each an every individual who may have assumed responsibility, even on an informal temporary basis, for any  "job responsibility, duty or work" of an employee following her or her termination.**

M.      The words "first level supervisor" mean a direct supervisor of an employee.

N.      The words "second level supervisor" mean the direct supervisor above the direct supervisor of an employee.

O.      The words "you" and "your" mean Defendant, including any and all of Defendant's employees and agents, and includes, but is not limited to, the individual(s) answering these interrogatories on behalf of Defendant.

**OBJECTION:**        **Defendants incorporate by reference its objection to the term "Defendants" sent forth above.    Defendants further object to this definition because it is broader than the definition of "party" set forth in Local Rule of Civil Procedure 26 (c)(5).  As such, this definition purports to impose greater burdens on Defendants than those imposed by the applicable Federal Rules of Civil Procedure and Local Rules of the District of Connecticut.  In responding to the Requests for Production, Defendants will apply the definition set forth in the**

11

**Local Rules.**

P.     The word "Claims" means complaints, charges, or any other legal proceeding filed with any government entity, commission, or court.

Q.     The words "document" and "documents" means, without limitation, the original and all copies, prior drafts and translations of any information in any written, typed, electronic, printed, recorded, or graphic form, however produced or reproduced, of any type or description, regardless of origin or location, including without limitation all correspondence, email, texts, faxes, instant messages, records, tables, data, charts, analyses, graphs, schedules, reports, memoranda, notes, lists, calendar and diary entries, letters (sent or received), telegrams, telexes, messages (including, but not limited to reports of telephone conversations and conferences), studies, books, periodicals, magazines, booklets, circulars, bulletins, instructions, papers, files, minutes, other communications (including, but not limited to, inter- and intra-office communications), questionnaires, contracts, memoranda of agreements, assignments, licenses, ledgers, books or statements of account, orders, invoices, statements, bills, checks, vouchers, notebooks, receipts, acknowledgments, data processing cards, computer disc, computer tape, other computer generated matter, microfiche, microfilm, photographs, motion pictures, videotapes, photographic negatives, phonograph records, tape recordings, wire recordings, other mechanical recordings, transcripts or logs of any such recordings, all other data compilations from which information can be obtained, or translated if necessary, and any other tangible or intangible thing of a similar nature.

**OBJECTION:**     **Defendants object to this definition because it is broader than the definition of "document" set forth in Local Rule of Civil Procedure 26 (c)(2). As such, this definition purports to impose greater burdens on Defendants than those imposed by the applicable Federal Rules of Civil Procedure and Local Rules of the District of Connecticut. In**

12

**responding to the Interrogatories and Requests for Production, Defendants will apply the definition set forth in the Local Rules.**

## OBJECTIONS TO SPECIFIC DOCUMENT REQUESTS

### DOCUMENT REQUESTS

1.      All documents the Defendants consulted, examined, or relied on in the course of

preparing its responses to Plaintiff's First Set of Interrogatories to Defendant Veyo, LLC.

**OBJECTION:**          **In addition to the General Objections, Defendants object to this request because the mere fact that a document was "consulted" or "examined" does not render it relevant to the facts at issue in this proceeding.  Further, Defendants object to this request because it seeks information subject to the attorney work product privilege and/or the attorney-client privilege.    The rules of discovery do not afford any party the right to discover another party's theory of the case, legal strategies or thought process behind what it believes or intends to use to support its claims.**

2.      All documents the Company consulted, examined, or relied on in the course of

preparing its responses to Plaintiff's First Set of Interrogatories to Defendant LJ Leasing, Inc.

**OBJECTION:**          **In addition to the General Objections, Defendants object to this request because the mere fact that a document was "consulted" or "examined" does not render it relevant to the facts at issue in this proceeding.  Further, Defendants object to this request because it seeks information subject to the attorney work product privilege and/or the attorney-client privilege.    The rules of discovery do not afford any party the right to discover another party's theory of the case, legal strategies or thought process behind what it believes or intends to use to support its claims.**

3.      All documents constituting any part of the Company's personnel records or

personnel file for Ms. Passenti (as such file is defined under Connecticut law), or that are

referenced in the Company's personnel records or personnel file for Ms. Passenti.

**RESPONSE:**          **See attached documents, Bates Nos. VEYO000007-VEYO000142.**

4.       All documents relating to any of the following actions, recommendations, or decisions: (i) the hiring of Ms. Passenti, (ii) any decision to place Ms. Passenti on a performance improvement plan (PIP), (iii) any decision to change Ms. Passenti's job responsibilities temporarily or permanently, (iv) any change in Ms. Passenti's employment status, (v) any decision to discipline or not discipline Ms. Passenti, and (vi) any decision to terminate or not terminate Ms. Passenti's employment.

**OBJECTION:**          **In addition to the General Objections, Defendants object to this request on the grounds that it is overly broad, unduly burdensome and seeks information that do not concern the claims or issues in dispute.  Plaintiff does not identify any alleged decision to change her job responsibilities either temporarily or permanently. Further, the request still asks Defendants to produce documents concerning an event that did not occur until it did by asking for information concerning decisions to "terminate or not terminate" Plaintiff's employment.   It would be oppressive, burdensome and beyond the bounds of reasonableness for this method of discovery to require Defendants to attempt to locate documents responsive to all of the subparts, especially since this exceedingly broad request includes within its purview many documents or other material that are irrelevant and not proportional to the needs of the case.**

**Defendants further object to the request to the extent that the request purports to require production of confidential documents that may be protected by the attorney-client privilege and/or the work product doctrine.**

5.       All documents relating to the employment and/or termination of Ms. Passenti by the Defendants.

**OBJECTION:**          **In addition to the General Objections, Defendants object to this request on the grounds that it is overly broad and unduly burdensome to require LJ Leasing, Inc. to produce "all documents" relating to Plaintiff's employment.  It would be oppressive, burdensome and beyond the bounds of reasonableness for this method of discovery to require LJ Leasing, Inc. to attempt to locate all responsive documents,**

**especially since this exceedingly broad request includes within its purview many documents or other material that are irrelevant and not proportional to the needs of the case.  It is likewise excessive to require LJ Leasing, Inc. to identify all documents "relating" to Plaintiff's termination.**

**Defendants further object to the request to the extent that the request purports to require production of confidential documents that may be protected by the attorney-client privilege and/or the work product doctrine.**

6.      All documents relating to the work performance of Ms. Passenti, including, but not limited to, evaluations or feedback by any other employee relating to Ms. Passenti's performance, conduct, or duties.

**OBJECTION:        In addition to the General Objections, Defendants object to this request on the basis that it is overly broad, unduly burdensome and vague and ambiguous as framed, especially insofar as it seeks not only formal evaluations issued to Plaintiff but also "feedback" provided by any other employee at any point in time. This request necessarily seeks any documentation that may contain even a passing reference to Plaintiff's job performance at any point during her extensive term of employment.  Absent a reasonable limitation as to time or scope, this overly broad request necessarily encompasses information that neither is relevant to the subject matter involved in this action nor reasonably calculated to lead to the discovery of admissible evidence. Moreover, in the absence of a reasonable limitation as to time and scope, it would be oppressive and beyond the bounds of reasonable discovery to require Defendants to locate and produce all such documents.**

**Defendants further object to the request to the extent that the request purports to require production of confidential documents that may be protected by the attorney-client privilege and/or the work product doctrine.**

7.      All documents relating to concerns that refer to or relate to Ms. Passenti, including, but not limited to, concerns that refer to or relate to her (Ms. Passenti's) work performance or ability to perform her job duties, including any PIPs.

**OBJECTION:        In addition to the General Objections, Defendants object to this**

15

**request on the basis that it is overly broad, unduly burdensome to require Defendants to speculate as to the concerns that are encompassed by this request, given the broad definition of "concerns" specifically defined by Plaintiff.   Moreover, this request not only seeks concerns concerning her "attitude, "personality" and broad-based "alleged conduct" or "misconduct," this is not a complete list of covered topics as the request incorporates the phrase "including but not limited to" which requires Defendants to speculate further as to what specific information Plaintiff is seeking.  This request necessarily seeks any documentation that may contain even a passing reference to Plaintiff's job performance, behavior or general demeanor at any point during her extensive term of employment.  Absent a reasonable limitation as to time or scope, this overly broad request necessarily encompasses information that neither is relevant to the subject matter involved in this action nor reasonably calculated to lead to the discovery of admissible evidence.   Moreover, in the absence of a reasonable limitation as to time and scope, it would be oppressive and beyond the bounds of reasonable discovery to require Defendants to locate and produce all such documents**

**Defendants further object to the request to the extent that the request purports to require production of confidential documents that may be protected by the attorney-client privilege and/or the work product doctrine.**

8.      All documents listing the job responsibilities, essential functions, or performance expectations of any and all positions Ms. Passenti held with the Company, including any positions which had the same or similar job title or job responsibilities as those of Ms. Passenti (during any period of her employment).

**OBJECTION:**          **In addition to the General Objections, Defendants object to this request on the basis that it is overly broad, unduly burdensome and vague and ambiguous as framed, especially as to the phrase "performance expectations."   It is also overly broad and unduly burdensome to require Defendants to produce documents concerning positions "similar to" any position held by Plaintiff at any point during her extensive period of employment with LJ Leasing, Inc.. Absent any reasonable limitation on time or scope, this interrogatory necessarily encompasses information that neither is relevant to the subject matter involved in this action nor proportional to the needs of the case.  The only job position that is relevant is the position which Plaintiff held at the time she required a medical accommodation to perform the essential functions of her position.**

**Defendants further object to the request to the extent that the request purports to require production of confidential documents that may be protected by the attorney-client privilege and/or the work product doctrine.**

9.      All documents listing the job responsibilities, essential functions, or performance expectations of any and all job descriptions or job postings, including applications for open positions) for positions Ms. Passenti held with the Company, including any positions which had the same or similar job title or job responsibilities as those of Ms. Passenti (during any period of her employment).

**OBJECTION:**     **In addition to the General Objections, Defendants object to this request on the basis that it appears to be entirely duplicative of Request No. 8 and therefore is objectionable for the same reasons set forth in response to that request.   In addition, it is oppressive to issue multiple discovery requests repeatedly seeking the same categories of documents.**

10.      All documents relating to the job responsibilities, essential functions, or performance expectations of all positions and employees during the period of time from April 8, 2018 to present (including, but not limited to, Ms. Passenti and her position(s)) which had the same or similar job title or job responsibilities as those of Ms. Passenti (during any period of her employment), or which were in the Company's supervisory chain of command (above or below Ms. Passenti), including, but not limited to, job descriptions, performance requirements, and goals.

**OBJECTION:**     **In addition to the General Objections, Defendants object to this request on the basis that it is duplicative in part of Request Nos. 8 and 9 and therefore is objectionable for the same reasons set forth in response to those requests.    In addition, it is oppressive to issue multiple discovery requests repeatedly seeking the same categories of documents.**

**Defendants further object on the basis that it seeks copies of "job responsibilities, essential functions, or performance expectations" of all individuals in LJ Leasing, Inc.'s "supervisory chain of command," including those below Plaintiff.  This request necessarily encompasses information that neither is relevant to the subject matter involved in this action nor proportional to the needs of the case.**

**Defendants further object to the request to the extent that the request purports to require production of confidential documents that may be protected by the attorney-client privilege and/or the work product doctrine.**

11.     All documents relating to the work performance of all employees during the period of time from April 8, 2018 to present (including, but not limited to, Ms. Passenti) who had the same or similar job title or job responsibilities as those of Ms. Passenti (during any period of her employment), including, but not limited to, evaluations, feedback, counseling, or discipline.

**OBJECTION:**          **In addition to the General Objections, Defendants object to this request on the basis that it is overly broad, unduly burdensome and vague and ambiguous as framed, especially as to the phrase "work performance."   Moreover, it is also overly broad and unduly burdensome to require Defendants to produce documents concerning positions "similar to" any position held by Plaintiff during the stated period, which predates any of the issues raised in the Complaint regarding Plaintiff's need for a medical accommodation.  Moreover, the performance of Plaintiff's peers is not relevant to any claims or issues in dispute as Plaintiff was not disciplined for poor performance. This request therefore necessarily encompasses information that neither is relevant to the subject matter involved in this action nor proportional to the needs of the case.**

**Defendants further object to the request to the extent that the request purports to require production of confidential documents that may be protected by the attorney-client privilege and/or the work product doctrine.**

12.     All documents relating to any protected activity (as referenced in the Complaint) by Ms. Passenti during Ms. Passenti's employment with the Company, including, but not limited to, raising concerns to the Defendants regarding alleged discrimination, harassment, denial of

requested pregnancy or disability accommodations, and/or retaliatory conduct.

**OBJECTION:**     **In addition to the General Objections, Defendants object to this request on the basis that it is overly broad, unduly burdensome and vague and ambiguous as framed, especially as to the phrase "any protected activity."  Plaintiff is well aware of whether she engaged in protected activity yet has made no effort to provide sufficient detail concerning the information she seeks.  Defendants should not have to speculate as to what information Plaintiff is seeking.**

     **Moreover, this request is also not limited to a reasonable time frame and purports to seek information concerning unidentified concerns that Plaintiff may or may not have made at any point during her term of employment. This request therefore necessarily encompasses information that neither is relevant to the subject matter involved in this action nor proportional to the needs of the case.**

     **Defendants further object to the request to the extent that the request purports to require production of confidential documents that may be protected by the attorney-client privilege and/or the work product doctrine.**

13.     All documents relating to any communications to or from Ms. Passenti related to Ms. Passenti's raising of protected concerns regarding discrimination, harassment, denial of requested pregnancy or disability accommodations, and/or retaliation.

**OBJECTION:**     **In addition to the General Objections, Defendants object to this request on the basis that it appears to be entirely duplicative of Request No. 12 and therefore is objectionable for the same reasons set forth in response to that request.   In addition, it is oppressive to issue multiple discovery requests repeatedly seeking the same categories of documents.**

14.     All documents, including communications, relating to the attitude or reaction of the Defendants or any employees of any of the Defendants, including the Company and its employees (including Company's management) to any and all concerns expressed by Ms. Passenti (including, but not limited to, those concerns referenced in Document Request 13) and/or any measures taken, or reactions expressed by Defendants or any employees in response

to such concerns or relating to such concerns (as referenced in Document Request 13).

**OBJECTION:**  **In addition to the General Objections, Defendants object to this request on the basis that it is overly broad, unduly burdensome and vague and ambiguous as framed, especially insofar as it incorporates a non-inclusive list of alleged concerns, as well as seeking information on subjective topics such as "attitudes, "reactions" expressed by any employee of either Defendant relating to the concerns. Plaintiff is well aware of whether she raised any specific concern that is related to the claims at issue in her lawsuit yet has made no effort to provide sufficient detail concerning the information she seeks. Defendants should not have to speculate as to what information Plaintiff is seeking. Moreover, Defendants do not have a reasonable means to identify documents that relate to the "attitude" or reactions by any number of unidentified employees in response to concerns that Plaintiff has not even identified.**

**Moreover, this request is also not limited to a reasonable time frame and purports to seek information concerning unidentified concerns (and the reactions/attitudes in response thereto) that Plaintiff may or may not have made at any point during her term of employment. This request therefore necessarily encompasses information that neither is relevant to the subject matter involved in this action nor proportional to the needs of the case.**

**Defendants further object to the request to the extent that the request purports to require production of confidential documents that may be protected by the attorney-client privilege and/or the work product doctrine.**

15.     All documents relating to communications to, from, or copying (cc or bcc) any employee relating to Ms. Passenti, including, but not limited to, emails sent from private email accounts, emails sent from the Company's accounts (or those of its employees), and emails sent through the Company's servers.

**OBJECTION:**  **In addition to the General Objections, Defendants object to this request on the basis that it is overly broad, unduly burdensome and vague and ambiguous as framed. Plaintiff is well aware of whether she raised any specific concern that is related to the claims at issue in her lawsuit yet has made no effort to provide sufficient detail**

concerning the information she seeks.  Defendants should not have to speculate as to what information Plaintiff is seeking.

Moreover, this request is also not limited to a reasonable time frame and purports to seek information concerning unidentified concerns that Plaintiff may or may not have made at any point during her term of employment. As written, this request seeks to require Defendants to produce any and emails ever sent by any employee relating to Ms. Passenti.  This request therefore necessarily encompasses information that neither is relevant to the subject matter involved in this action nor proportional to the needs of the case.

Defendants further object to the request to the extent that the request purports to require production of confidential documents that may be protected by the attorney-client privilege and/or the work product doctrine.

16.    All documents relating to each and every accommodation, modification of job duties, leave of absence, or other protected activity, requested by Ms. Passenti, or medical providers on her behalf, made during her employment.

**OBJECTION:**    In addition to the General Objections, Defendants object to this request on the basis that it is overly broad, unduly burdensome and not limited to a reasonable time or scope.  The request is also vague and ambiguous as framed as it requires Defendants to speculate as to what other "protected activity" Plaintiff intends to include in the scope of the request without further clarification.  Plaintiff is well aware of what she requested in order to perform her job yet has made no effort to provide sufficient detail concerning the information she seeks.   Defendants should not have to speculate as to what information Plaintiff is seeking.

Moreover, this request is also not limited to a reasonable time frame and purports to seek information concerning any request Plaintiff may or may not have made at any point during her term of employment.  This request therefore necessarily encompasses information that neither is relevant to the subject matter involved in this action nor proportional to the needs of the case.

Defendants further object to the request to the extent that the request purports to require production of confidential documents that may be protected by the attorney-client privilege and/or the work product doctrine.

17.     All documents relating to the Company's consideration, discussion, or decision concerning each and every accommodation, modification of job duties, leave of absence, or other protected activity, requested by Ms. Passenti, or medical providers on her behalf, made during her employment, including, but not limited to, documents related to whether any such requested accommodation, modification of job duties, leave of absence, or other protected activity constituted an undue burden on the Company or otherwise allowed, or prevented, the performance of the essential functions of Ms. Passenti's job.

**OBJECTION:**       **In addition to the General Objections, Defendants object to this request on the basis that it appears to be entirely duplicative of Request No. 16 and therefore is objectionable for the same reasons set forth in response to that request.   In addition, it is oppressive to issue multiple discovery requests repeatedly seeking the same categories of documents.**

18.     All documents relating to the responses, reaction, attitudes, or reception, by any individuals or employees related to each and every accommodation, modification of job duties, leave of absence, or other protected activity, requested by Ms. Passenti, or medical providers on her behalf, made during her employment.

**OBJECTION:**       **In addition to the General Objections, Defendants object to this request on the basis that it is overly broad, unduly burdensome and vague and ambiguous as framed, especially insofar as it incorporates a non-inclusive list of requests allegedly made by Plaintiff or her medical providers at any point during her term of employment and then seeks information on subjective topics such as "attitudes," "reactions" and reception by any employee of either Defendant relating to the concerns.  Plaintiff is well aware of what she requested in order to perform her job yet has made no effort to provide sufficient detail concerning the information she seeks.  Defendants should not have to speculate as to what information Plaintiff is seeking.  Moreover, Defendants do not have a reasonable means to identify documents that relate to the "attitude," reactions or reception by any number of unidentified employees in response to requests that Plaintiff has not even identified.**

**Moreover, this request is also not limited to a reasonable time frame and purports to seek information concerning unidentified requests (and the reactions/attitudes in response thereto) that Plaintiff may or may not have made at any point during her term of employment. This request therefore necessarily encompasses information that neither is relevant to the subject matter involved in this action nor proportional to the needs of the case.**

**Defendants further object to the request to the extent that the request purports to require production of confidential documents that may be protected by the attorney-client privilege and/or the work product doctrine.**

19.     All documents relating to any and all job openings which the Company has posted in a period from October 1, 2019, through the present.

**OBJECTION:**          **In addition to the General Objections, Defendants object to this request on the basis that it is overly broad, unduly burdensome and not limited to a reasonable time or scope.  Moreover, this request is also not limited to a reasonable time frame and purports to seek information concerning any and all job openings posted by LJ Leasing from October 1, 2019 to the present, including positions which Plaintiff was not qualified for and did not apply for. This request therefore necessarily encompasses information that neither is relevant to the subject matter involved in this action nor proportional to the needs of the case.  Notably, Plaintiff does not assert a failure to hire claim, nor does she assert any claims that she was denied a transfer to a different position.**

**Defendants further object to the request to the extent that the request purports to require production of confidential documents that may be protected by the attorney-client privilege and/or the work product doctrine.**

20.     All documents, including but not limited to, any and all communications (including communications not involving Ms. Passenti herself) concerning whether Ms. Passenti's job performance warranted discipline, including a PIP.

**OBJECTION:**          **In addition to the General Objections, Defendants object to this request on the basis that it is not limited to a reasonable time frame and purports to seek information concerning any request Plaintiff may or may not have made at any point during her term of**

**employment. This request therefore necessarily encompasses information that neither is relevant to the subject matter involved in this action nor proportional to the needs of the case.**

**Defendants further object to the request to the extent that the request purports to require production of confidential documents that may be protected by the attorney-client privilege and/or the work product doctrine.**

21.    All documents, including but not limited to any and all communications, concerning the possible, consideration, or actual termination of the employment of Ms. Passenti.

**OBJECTION:**        **In addition to the General Objections, Defendants object to this request on the basis that it appears to be entirely duplicative of Request Nos. 4 and 5.  It is oppressive to issue multiple discovery requests repeatedly seeking the same categories of documents.**

**This request is also objectionable on the basis that it is not limited to a reasonable time or scope and seeks information concerning potential decisions that may or may not have been discussed at some point of time in the past but were finalized.**

**Defendants further object to the request to the extent that the request purports to require production of confidential documents that may be protected by the attorney-client privilege and/or the work product doctrine.**

22.    All documents relating to the termination(s) (occurring between April 8, 2018 and present) of any and all employees who had engaged in protected activity at any time during the 5-year period prior to their termination, including requesting and/or utilizing maternity leave or disability-related leave or accommodations.

**OBJECTION:**        **In addition to the General Objections, Defendants object to this request because it is overly broad and unduly burdensome to require Defendants to review and identify detailed information on each and every individual who have been terminated during a five year period and then further assess whether that individual engaged in any form of undefined "protected activity" in the five years prior to the termination decision.    Not only has Plaintiff made no effort to limit the scope of this request to individuals who may be actual comparators for the purpose of her claim, the request is not limited to**

**a reasonable timeframe and seeks information that is not relevant to the subject matter involved in this action nor proportional to the needs of the case. Decisions by different decision-makers involving different companies, work groups, departments, employees, have no bearing on this matter, and disclosure of the requested information would result in mini-trials regarding irrelevant disputes between individuals not at all involved in this matter. Defendants also object to this request to the extent it seeks privileged information protected by the attorney-client privilege and/or the work product doctrine.**

23.    All documents relating to the protected activity (including, but not limited to, requesting or utilizing maternity leave or disability-related leave or accommodations) of any and all employees who were terminated between April 8, 2018 and present and who had engaged in protected activity at any time during the 5-year period prior to their termination.

**OBJECTION**:    **In addition to the General Objections, Defendants object to this request because it is overly broad and unduly burdensome to require Defendants to review and identify detailed information on each and every individual who have been terminated during a five year period and then further assess whether that individual engaged in any form of undefined "protected activity" in the five years prior to the termination decision. Not only has Plaintiff made no effort to limit the scope of this request to individuals who may be actual comparators for the purpose of her claim, the request is not limited to a reasonable timeframe and seeks information that is not relevant to the subject matter involved in this action nor proportional to the needs of the case. Decisions by different decision-makers involving different companies, work groups, departments, employees, have no bearing on this matter, and disclosure of the requested information would result in mini-trials regarding irrelevant disputes between individuals not at all involved in this matter. Defendants also object to this request to the extent it seeks privileged information protected by the attorney-client privilege and/or the work product doctrine.**

24.    All documents relating to the earnings of Ms. Passenti during her employment by the company, including, but not limited to, compensation paid by the Company to, or for the benefit of, Ms. Passenti, including, but not limited to, all paystubs, summaries of payments, and W-2 forms or other tax documents.

25

**OBJECTION:** **In addition to the General Objections, Defendants object to this request to the extent it seeks information that cannot be provided by LJ Leasing, Inc. with substantially greater facility than it could otherwise be obtained by the Plaintiff (i.e., the Plaintiff should have documented records of her pay and tax documentation.) Defendants further object on the basis that this request is not limited to a reasonable timeframe and seeks information concerning Plaintiff's entire term of employment and seeks duplicative forms of the same information.**

25.     All documents relating to all benefits provided to or made available to Ms. Passenti during the course of her employment with the Company, including, but not limited to, amounts paid by the Company and/or Ms. Passenti associated with the provisions of these benefits for Ms. Passenti, as well as documents relating to the value of these benefits.

**OBJECTION:** **In addition to the General Objections, Defendants object on the basis that this request is overly broad, unduly burdensome and is not limited to a reasonable time or scope. As framed, this request seeks information concerning any benefits "made available" to Plaintiff at any point during her entire term of employment; regardless of whether it was a benefit she elected to pursue.   This exceedingly broad request necessarily seeks information that is not relevant to the claims or issues in dispute nor proportional to the needs of the case.   In addition, the request is also vague and ambiguous as framed insofar as it uses the phrase "including but not limited to" to loosely define the documents sought.  Defendants do not have a reasonable means to identify which specific documents are sought via this request absent further clarification.**

26.     All documents relating to each and every leave of absence, or other period of two or more consecutive absences, requested and/or utilized by Ms. Passenti during her employment.

**OBJECTION:** **In addition to the General Objections, Defendants object on the basis that this request is overly broad, unduly burdensome and is not limited to a reasonable time or scope.   Plaintiff's complaint identifies the specific leaves of absences at issue and it is exceedingly overbroad to require LJ Leasing, Inc. to review its records to identify each any every time Plaintiff requested and/or received two or more consecutive days**

**off at any point in time during her employment.  This is an exceedingly burdensome request intended to drive up the costs of discovery rather than tailored to seek the discovery of relevant information.**

**Defendants also object to this request to the extent that a request for "all documents relating to" any requests for accommodation or absences can encompass privileged information protected by the attorney-client privilege and/or the work product doctrine.**

27.    All documents relating to all benefits provided or made available, from April 8, 2018 to present, to any Company employees employed in a same or similar position to any position Ms. Passenti held during her employment (including, but not limited to, front desk associate) including, but not limited to, policy sheets, statements of benefits, and documents relating to the cost and/or value of benefit plans.

**OBJECTION:**         **In addition to the General Objections, Defendants object to this request because it is overly broad and unduly burdensome to require Defendants produce "all documents relating to all benefits" provided or "made available" to any number of unidentified employees of LJ Leasing, Inc. simply because they held the same or similar position as Plaintiff at any point during her entire term of employment.  This exceedingly broad request necessarily seeks information that is not relevant to the claims or issues in dispute nor proportional to the needs of the case.  In addition, the request is also vague and ambiguous as framed insofar as it uses the phrase "including but not limited to" to loosely define the documents sought.  Defendants do not have a reasonable means to identify which specific documents are sought via this request absent further clarification even if the information sought was relevant, which it is not.**

**Defendants also object to this request to the extent that a request for "all documents relating to all benefits" can encompass privileged information protected by the attorney-client privilege and/or the work product doctrine.**

28.    All documents, including communications, that relate to any actual, potential, or contemplated adverse action (including, but not limited to, any discipline, demotion, suspension, or termination) concerning Ms. Passenti, including, but not limited to, documents and

communications addressing the reasons for, or factors considered related to, any actual, potential, or contemplated adverse action concerning Ms. Passenti.

**OBJECTION:**         **In addition to the General Objections, Defendants object to this request on the basis that it appears to be a broader version of Request No. 24 and therefore is objectionable for the same reasons set forth in response to that request.  It is oppressive to issue multiple discovery requests repeatedly seeking the same categories of documents.**

**In addition, Plaintiff has identified specific adverse employment actions in her Complaint yet is now seeking to have Defendants speculate, assess and produce "all documents" relating to unidentified adverse employment actions that may have been contemplated at any point in the past but were not actually issued.  Defendants do not have a reasonable means to identify which specific documents are sought via this request even if this request was limited to a reasonable time frame, which it is not.**

29.    All documents relating to actual or alleged pregnancy/sex-bias, disability-bias, harassment, discrimination, failure to accommodate a disability, denial of or interference with a protected leave, retaliation, or other inappropriate, unprofessional, or illegal activity relating to the Defendants, the Company, or any employee, including, but not limited to, any concerns relating to such bias, discrimination, retaliation, or activity expressed by any employee or expressed by any individual and referring to or relating to the Defendants, the Company, or any employee.

**OBJECTION:**         **In addition to the General Objections, Defendants object to this request because it is exceedingly overly broad and unduly burdensome to require Defendants to review and identify "all documents" concerning any actual or alleged claims covering the broad topics described, especially when the request is not limited to a reasonable time or scope.  Instead, the request seeks information on "actual or alleged" claims asserted at any time in the past, concerning any employee at either company.    Moreover, the request itself is vague and ambiguous as framed insofar as it requires Defendants to speculate as to what Plaintiff intends to be included as "inappropriate" or unprofessional" conduct.  As Plaintiff made zero**

28

**effort to limit the scope of this request to seek information related to her specific claims or the individuals actually involved, the request necessarily seeks information that is not relevant to the subject matter involved in this action nor proportional to the needs of the case. Actions or decisions by different decision-makers involving different companies, work groups, departments, employees, have no bearing on this matter, and disclosure of the requested information would result in mini-trials regarding irrelevant disputes between individuals not at all involved in this matter.  Defendants also object to this request to the extent it seeks privileged information protected by the attorney-client privilege and/or the work product doctrine.**

30.     All documents relating to any and all Claims made by any current or former employee against the Defendants or any affiliate, subsidiary, official, or employee of the Company during the period from April 8, 2018 to present that alleged, in whole or in part, that the employee had been subjected to discrimination, harassment, failure to accommodate a disability, denial of or interference with a protected leave, retaliation, or other illegal conduct by the Defendants (individually or collectively) or while employed by the Company.

**OBJECTION:**      **In addition to the General Objections, Defendants object to this request on the basis that seeks the same information sought via Request No. 29.  It is oppressive to issue multiple discovery requests repeatedly seeking the same categories of documents.**

**Even though this request is limited to a narrower timeframe than Request No. 29, it remains exceedingly overly broad and unduly burdensome.  As framed, the request seeks information on "alleged" claims for the past five years, concerning "any and all" claims asserted by any current or former employee of either defendant for a period of time that predates the time frame at issue in the Complaint by two years.  This request necessarily seeks information that is not relevant to the subject matter involved in this action nor proportional to the needs of the case.  Actions or decisions by different decision-makers involving different companies, work groups, departments, employees, have no bearing on this matter, and disclosure of the requested information would result in mini-trials regarding irrelevant disputes between individuals not at all involved in this matter. Defendants also object to this request to the extent it seeks privileged information protected by the attorney-client privilege and/or the work product doctrine.**

31.     All documents related to the replacement of Ms. Passenti and/or the allocation of work responsibilities at the Company following Ms. Passenti's termination, including, but not limited to, documents that relate to which employee or employee's replaced Ms. Passenti in whole or in part.

**OBJECTION:**     **In addition to the General Objections, Defendants object to this request on the basis that it is overly broad, unduly burdensome and not limited to a reasonable time or scope. First, Defendants do not have a reasonable means to identify each and every individual who may have assumed responsibility, even on an informal temporary basis, for all of Plaintiff's "job responsibility, duty or work" after her termination, which is how the term "replacement" as been defined. Second, this request is also not limited to a reasonable scope and seeks all documents that relate in any way to any employee who assumed even a temporary responsibility for any of Plaintiff's former job duties at any point after her termination. This request therefore necessarily encompasses information that neither is relevant to the subject matter involved in this action nor proportional to the needs of the case.**

**Defendants further object to the request to the extent that the request purports to require production of confidential documents that may be protected by the attorney-client privilege and/or the work product doctrine.**

32.     All documents relating to the hiring of any individual by the Company during the time period from April 8, 2020 to present into a same or similar position to any position Ms. Passenti held during her employment, including, but not limited to, public transit supervisor.

**OBJECTION:**     **In addition to the General Objections, Defendants object to this request on the basis that it is overly broad, unduly burdensome and not limited to a reasonable time or scope. The only individual who would have any connection to the claims and issues in dispute would be an individual hired specifically to replace Plaintiff after she was laid off, not each and every individual hired "into a same or similar position" to any position Plaintiff may have held at any point in the course of her employment. This request therefore necessarily encompasses information that neither is relevant to the subject matter involved in this action nor proportional to the needs of the case.**

**Defendants further object to the request to the extent that the request**

**purports to require production of confidential documents that may be protected by the attorney-client privilege and/or the work product doctrine.**

33.     All documents relating to the actual, potential, or contemplated hiring of any individual who ultimately replaced Ms. Passenti or assumed any part of Ms. Passenti's job responsibilities, including, but not limited to, documents showing the actual or anticipated job duties of this individual, the relationship of the job duties of this individual to the job duties of Ms. Passenti, the training of this individual related to Ms. Passenti's job duties, whether this individual was hired with the intention or possibility of replacing Ms. Passenti, and the earnings of the replacement employee, including documents showing the total compensation received, hourly rate, hours worked, and any raises, bonuses, or additional compensation received.

**OBJECTION:**          **In addition to the General Objections, Defendants object to this request on the basis that seeks the same information sought via Request Nos. 31 and 32.  It is oppressive to issue multiple discovery requests repeatedly seeking the same categories of documents.**

**This request is also objectionable on the basis that it is not limited to a reasonable time or scope and seeks information concerning potential candidates who did not actually replace Plaintiff following her termination.   Moreover, the request also seeks the production of documents concerning topics that are not relevant to the claims or issues in dispute nor proportionate to the needs of the case.  Specifically, the process of training or compensation and schedule does not relate in any way to the circumstances of Plaintiff's termination.**

**Defendants further objects to the request to the extent that the request purports to require production of confidential documents that may be protected by the attorney-client privilege and/or the work product doctrine.**

34.     All documents relating to any and all recruiting efforts, job postings, applications, and hiring decisions for all positions with job titles the same or similar to those of Ms. Passenti

from April 8, 2020 to the present.

**OBJECTION:**     **In addition to the General Objections, Defendants object to this request on the basis that seeks the same information sought via Request No. 19. It is oppressive to issue multiple discovery requests repeatedly seeking the same categories of documents.**

**Moreover, the request also seeks the production of documents concerning topics that are not relevant to the claims or issues in dispute nor proportionate to the needs of the case. Specifically, the recruiting efforts, job postings and job applications from unsuccessful applicants do not relate in any way to the circumstances of Plaintiff's termination.**

**Defendants further object to the request to the extent that the request purports to require production of confidential documents that may be protected by the attorney-client privilege and/or the work product doctrine.**

35.     All employment or employee-related policies or procedures of the Company in force during any time period during which Ms. Passenti was employed by the Company, including, but not limited to, the Company's employee handbook(s), all policies or procedures related to harassment, discrimination, protected leaves, disabilities, conduct, misconduct, expressions of concerns or Complaints, discipline (including progressive discipline), and termination.

**OBJECTION:**     **In addition to the General Objections, Defendants object to this request on the grounds that it is overly broad and unduly burdensome as framed and seeks copies of any and all policies applicable to Plaintiff regardless of whether the particular policy is relevant to any claim or issue in dispute. In the absence of a reasonable limitation as to time and scope, it would be oppressive and beyond the bounds of reasonable discovery to require LJ Leasing, Inc. to locate and produce all such documents.**

36.     All communications to, reports to, records of, and minutes of the Company,

relating to Ms. Passenti, the termination of Ms. Passenti, the Charge, the Complaint, and/or the Defendants' affirmative defenses.

**OBJECTION:**   **In addition to the General Objections, Defendants object to this request on the basis that it is not tailored to any claims or issues in dispute and is duplicative of other requests propounded.   It is oppressive to issue multiple discovery requests repeatedly seeking the same categories of documents.   In the absence of a reasonable limitation as to time and scope, it would be oppressive and beyond the bounds of reasonable discovery to require LJ Leasing, Inc. to locate and produce all such documents.**

**Defendants also object to the extent that it purports to require production of confidential information and/or documents that may be protected by the attorney-client privilege and/or the work product doctrine.**

37.   All communications to, from, or within the Company (including any of its employees) or agents (including attorneys) relating to termination of Ms. Passenti, the Charge, the Complaint, and/or the Defendants' affirmative defenses.

**OBJECTION:**   **In addition to the General Objections, Defendants object to this request on the basis that it is not tailored to any claims or issues in dispute and is duplicative of other requests propounded.   It is oppressive to issue multiple discovery requests repeatedly seeking the same categories of documents.   In the absence of a reasonable limitation as to time and scope, it would be oppressive and beyond the bounds of reasonable discovery to require LJ Leasing, Inc. to locate and produce all such documents.**

**Defendants also object to the extent that it purports to require production of confidential information and/or documents that may be protected by the attorney-client privilege and/or the work product doctrine.**

38.   All documents, including, but not limited to, diaries, journals, desk calendars, appointment calendars, and any similar documents of any kind whatsoever, relating to Ms. Passenti, the termination of Ms. Passenti, the Charge (including any of the allegations in the Charge), the Complaint (including any of the allegations in the Charge), and/or any of the

Defendants' affirmative defenses.

**OBJECTION:**     **In addition to the General Objections, Defendants object to this request on the basis that it is not tailored to any claims or issues in dispute and is duplicative of other requests propounded.  It is oppressive to issue multiple discovery requests repeatedly seeking the same categories of documents.  In the absence of a reasonable limitation as to time and scope, it would be oppressive and beyond the bounds of reasonable discovery to require Defendants to locate and produce all such documents.**

**Defendants also object to the extent that it purports to require production of confidential information and/or documents that may be protected by the attorney-client privilege and/or the work product doctrine.**

39.     All documents, including, but not limited to, posts or messages on any social media website (including, but not limited to, Facebook, MySpace, Twitter, Instagram, SnapChat, Tumblr, and LinkedIn), relating to Ms. Passenti, the termination of Ms. Passenti, the Charge (including the allegations in the Charge), the Complaint (including the allegations in the Charge), and/or the Defendants affirmative defenses.

**OBJECTION:**     **In addition to the General Objections, Defendants object to this request on the basis that it is not tailored to any claims or issues in dispute and is duplicative of other requests propounded.  It is oppressive to issue multiple discovery requests repeatedly seeking the same categories of documents.  In the absence of a reasonable limitation as to time and scope, it would be oppressive and beyond the bounds of reasonable discovery to require Defendants to locate and produce all such documents.**

**Defendants also object to the extent that it purports to require production of confidential information and/or documents that may be protected by the attorney-client privilege and/or the work product doctrine.**

40.     Any and all correspondence, notes, or any other documents which in any way relate to the incidents which are the subject matter of this lawsuit.

**OBJECTION:**     In addition to the General Objections, Defendants object to this request on the basis that it is not tailored to any claims or issues in dispute and is duplicative of other requests propounded.  It is oppressive to issue multiple discovery requests repeatedly seeking the same categories of documents.  In the absence of a reasonable limitation as to time and scope, it would be oppressive and beyond the bounds of reasonable discovery to require Defendants to locate and produce all such documents.

Defendants also object to the extent that it purports to require production of confidential information and/or documents that may be protected by the attorney-client privilege and/or the work product doctrine.

41.     Any and all documents related to the Company's approval or denial of each of

Ms. Passenti's disability-related leave requests.

**OBJECTION:**     In addition to the General Objections, Defendants object to this request on the basis that it appears to be entirely duplicative of Request No. 26 and therefore is objectionable for the same reasons set forth in response to those requests.   In addition, it is oppressive to issue multiple discovery requests repeatedly seeking the same categories of documents.

Moreover, Defendants object to this request on the basis that it is not tailored to any claims or issues in dispute and is duplicative of other requests propounded.  It is oppressive to issue multiple discovery requests repeatedly seeking the same categories of documents.  In the absence of a reasonable limitation as to time and scope, it would be oppressive and beyond the bounds of reasonable discovery to require Defendants to locate and produce all such documents.

Defendants also object to the extent that it purports to require production of confidential information and/or documents that may be protected by the attorney-client privilege and/or the work product doctrine.

42.     All documents, including all communications (including all communications to,

from, or cc'ing any employees) related to the Charge and the CHRO investigation of the Charge.

**OBJECTION:**     In addition to the General Objections, Defendants object to this request on the basis that it is not tailored to any claims or issues in

**dispute and is duplicative of other requests propounded.   It is oppressive to issue multiple discovery requests repeatedly seeking the same categories of documents.   In the absence of a reasonable limitation as to time and scope, it would be oppressive and beyond the bounds of reasonable discovery to require Defendants to locate and produce all documents which relate in any way to the underlying CHRO charge.**

**Defendants also object to the extent that it purports to require production of confidential information and/or documents that may be protected by the attorney-client privilege and/or the work product doctrine.**

43.      All documents, including all communications, relating to, referencing, or referring

to the Charge (including any allegations therein, administrative proceedings, obligations,

communications, filings, defenses, negotiations, or strategies related to the Charge) or the

Complaint (including any allegations therein, Court proceedings, obligations, communications,

filings, defenses, negotiations, or strategies related to the Complaint).

**<u>OBJECTION:</u>**      **In addition to the General Objections, Defendants object to this request on the basis that it is not tailored to any claims or issues in dispute and is duplicative of other requests propounded.   It is oppressive to issue multiple discovery requests repeatedly seeking the same categories of documents.   In the absence of a reasonable limitation as to time and scope, it would be oppressive and beyond the bounds of reasonable discovery to require Defendants to locate and produce all such documents.**

**Defendants also object to the extent that it purports to require production of confidential information and/or documents that may be protected by the attorney-client privilege and/or the work product doctrine.**

44.      All documents relating to, or created during the course of, any investigation by the

Defendants (either individually or collectively) and/or agents (including attorneys) or employees

of the Company that related to Ms. Passenti, the Charge (including any allegations  therein)

and/or the Complaint (including any allegations therein).

**OBJECTION:**     **In addition to the General Objections, Defendants object to this request on the basis that it is not tailored to any claims or issues in dispute and is duplicative of other requests propounded.  It is oppressive to issue multiple discovery requests repeatedly seeking the same categories of documents.  In the absence of a reasonable limitation as to time and scope, it would be oppressive and beyond the bounds of reasonable discovery to require Defendants to locate and produce all such documents.**

**Defendants also object to the extent that it purports to require production of confidential information and/or documents that may be protected by the attorney-client privilege and/or the work product doctrine.**

45.     All documents, drafts, edits, and/or communications or comments relating to the

Ms. Passenti's termination and any of the statements therein.

**OBJECTION:**     **In addition to the General Objections, Defendants object to this request on the basis that it is not tailored to any claims or issues in dispute and is duplicative of other requests propounded.  It is oppressive to issue multiple discovery requests repeatedly seeking the same categories of documents.  In the absence of a reasonable limitation as to time and scope, it would be oppressive and beyond the bounds of reasonable discovery to require Defendants to locate all documents that relate to any communications or comments on any statement concerning Plaintiff's termination letter.**

**Defendants also object to the extent that it purports to require production of confidential information and/or documents that may be protected by the attorney-client privilege and/or the work product doctrine.**

46.     All employment or employee-related policies or procedures of the Company in force during any time period during which Ms. Passenti was employed by the Company, including, but not limited to, the Company's employee handbook(s), all policies or procedures related to harassment, discrimination, retaliation, leaves of absence, disabilities, disability-related accommodations, conduct, misconduct, sick time, vacation time, paid time off, part-time employees, expressions of concerns or complaints, discipline (including progressive discipline), and termination.

**OBJECTION**:     **In addition to the General Objections, Defendants object to this request on the basis that seeks the same information sought via Request No. 35 and is objectionable for the same reasons stated therein.   It is oppressive to issue multiple discovery requests repeatedly seeking the same categories of documents.**

47.     All documents related to the termination, reprimand, or other adverse action, during the time period from April 8, 2018, of any employee who (before or after such action) filed any Claims alleging that the Defendants (including any of the Company's employees) had engaged in discriminatory, harassing, retaliatory, or otherwise illegal activity or behavior (including, but not limited to, retaliation for engaging in protected activity).

**OBJECTION:**     **In addition to the General Objections, Defendants object to this request on the basis that seeks the same information sought via Request Nos. 22, 23, and 29.   It is oppressive to issue multiple discovery requests repeatedly seeking the same categories of documents.**

**Defendants also object to this request because it is exceedingly overly broad and unduly burdensome to require Defendants to review and identify "all documents" concerning any adverse employment action issued to any employee who filed a claim against either Defendant or any of the Defendant's employees during the stated period.   Actions or decisions by different decision-makers involving different companies, work groups, departments, employees, have no bearing on this matter, and disclosure of the requested information would result in mini-trials regarding irrelevant disputes between individuals not at all involved in this matter.   Defendants also object to this request to the**

**extent it seeks privileged information protected by the attorney-client privilege and/or the work product doctrine.**

48.     All interview notes, statements, or affidavits of or relating to any witnesses, including, but not limited to, Defendants, their agent(s), and Company employees, that mention, discuss, or refer to Ms. Passenti or any facts alleged in the Complaint.

**OBJECTION:**          **In addition to the General Objections, Defendants object to this request on the basis that it is overly broad, unduly burdensome and vague and ambiguous as framed, especially insofar as it seeks information on "statements" by any number of unidentified individuals, including third-parties that make even a passing reference to Plaintiff or the facts alleged in the Complaint.  In the absence of any reasonable limitation as to time and scope, this request improperly purports to seek information on any written correspondence that may have been exchanged by any number of unidentified individuals.  In addition, the request for documents that "mention, discuss or refer to "any facts alleged in the Complaint" includes documents that may simply contain passing references to Plaintiff's termination, term of employment, or the simple fact that she was employed by LJ Leasing, Inc. at some point in the past.  Such a broad and ambiguous request necessarily encompasses information that neither is relevant to the subject matter involved in this action nor proportional to the needs of the case.**

49.     All documents or other evidence that the Defendants plans to or will use as exhibits in the trial of this matter and/or in support of or opposition to a motion for summary judgment in this matter.

**OBJECTION:**          **In addition to the General Objections, Defendants object to this request on the grounds that it is premature and seeks the production of confidential information and/or documents that may be protected by the attorney-client privilege and/or the work product doctrine. Defendants will identify exhibits in accordance with the trial management order issued by the Court and will file its dispositive motion in accordance with the scheduling order.   The rules of discovery do not require Defendants to produce these exhibits in advance or produce copies of all documents that Defense counsel "plans to use."**

50.     All documents that Defendants plans to or will use as exhibits in, or show, or refer

to, in any deposition in this matter.

**OBJECTION:**     **In addition to the General Objections, Defendants object to this request on the grounds that it is premature and seeks the production of confidential information and/or documents that may be protected by the attorney-client privilege and/or the work product doctrine. Plaintiff will receive copies of deposition exhibits at depositions once they are scheduled.  The rules of discovery do not require Defendants to produce deposition exhibits in advance or produce copies of all documents that Defense counsel "plans to use."**

51.     All documents that Defendants plan to or will use to impeach any witness in any

deposition or trial in this matter.

**OBJECTION:**     **In addition to the General Objections, Defendants object to this request on the grounds that it is premature and seeks the production of confidential information and/or documents that may be protected by the attorney-client privilege and/or the work product doctrine. Discovery has just begun and no depositions have been taken at this point in time.   Moreover, the rules of discovery do not require Defendants to specifically identify potential impeachment documents.**

52.     Copies of all pleadings, correspondence, judgments, settlement agreements

and/or other non-privileged documents that describe, record, refer, or relate to any Claims that

have been filed against Defendants or to which Defendants has been a party to, excepting this

case, that allege, in whole or in part, discrimination, harassment, retaliation, or retaliation for

engaging in protected activity, filed at any time during the time period from April 8, 2018 to

present.

**OBJECTION**:     **In addition to the General Objections, Defendants object to this request on the basis that seeks the same information sought via Request Nos. 22, 23, 29, and 47.  It is oppressive to issue multiple discovery requests repeatedly seeking the same categories of documents.**

> **Defendants also object to this request because it is exceedingly overly broad and unduly burdensome to require Defendants to provide copies of documents which are publicly available.   Moreover, the requested documents are not relevant to any claims or issues in dispute nor would it be proportional to the needs of the case to require either Defendant to locate and produce documents concerning unrelated claims that may have been filed in the previous five years. Actions or decisions by different decision-makers involving different companies, work groups, departments, employees, have no bearing on this matter, and disclosure of the requested information would result in mini-trials regarding irrelevant disputes between individuals not at all involved in this matter.  Defendants also object to this request to the extent it seeks privileged information protected by the attorney-client privilege and/or the work product doctrine as well as confidential settlement documents from unrelated matters.**

53.     Copies of any and all policies or contracts of insurance through which Defendants were, are, or might be insured in any manner for any or all of the damages, claims, or actions alleged in the Complaint, or the defense against any such claims.

**OBJECTION:**   **In addition to the General Objections, Defendants object to this request on the grounds that it seeks information that is not relevant to the claims or issues in dispute nor proportionate to the needs of the case.**

54.     Copies of all pleadings, correspondence, judgments, settlement agreements and/or other non-privileged documents that describe, record, refer, or relate to any Claims that have  been filed against Defendants or to which Defendants has been a party to, excepting this case.

**OBJECTION**:     **In addition to the General Objections, Defendants object to this request on the basis that seeks the same information sought via Request Nos. 22, 23, 29, 47, and 52.  It is oppressive to issue multiple discovery requests repeatedly seeking the same categories of documents.**

55.     All documents describing, recording, or relating to any concern—internal or external—that any employee has ever expressed related to the Defendants (individually or

41

collectively) or any Company employee(s), including any documents used or created in the investigation of those concerns.

**OBJECTION:**      **In addition to the General Objections, Defendants object to this request on the basis that it is exceedingly overly broad and unduly burdensome to require Defendants to locate and produce documents that relate to any "concern" ever expressed by any employee of either Defendant at any point in time.  Not only has Plaintiff made zero effort to limit the scope of this request to individuals who may be actual comparators for the purpose of her claim, the request is not limited to a reasonable timeframe and necessarily seeks information that is not relevant to the subject matter involved in this action nor proportional to the needs of the case.   "Concerns" raised by different employees as a result of different workplace issues and involving different companies, work groups, departments, and employees, have no bearing on this matter, and disclosure of the requested information would result in mini-trials regarding irrelevant disputes between individuals not at all involved in this matter.  Moreover, Defendants do not have a reasonable means to identify the information sought, especially since the term concern is defined broadly by Plaintiff to include both internal and external "concerns."   Defendants also object to this request to the extent it seeks privileged information protected by the attorney-client privilege and/or the work product doctrine.**

56.      All documents relating to any measures Defendants have taken to preserve or collect documents and other evidence potentially relevant to the Complaint, the Charge, or any of the allegations therein.

**OBJECTION:**      **In addition to the General Objections, Defendants object to this request on the grounds that it is premature and seeks the production of confidential information and/or documents that may be protected by the attorney-client privilege and/or the work product doctrine. Plaintiff has not identified any information that is not available because it was not preserved.**

57.      All documents, including communications with any individual, relating to the court case initiated by the Complaint.

**OBJECTION:**      **In addition to the General Objections, Defendants object to this request on the basis that it is not tailored to any claims or issues in**

dispute and is duplicative of other requests propounded.   It is oppressive to issue multiple discovery requests repeatedly seeking the same categories of documents.   In the absence of a reasonable limitation as to time and scope, it would be oppressive and beyond the bounds of reasonable discovery to require Defendants to locate and produce all such documents.

Defendants also object to the extent that it purports to require production of confidential information and/or documents that may be protected by the attorney-client privilege and/or the work product doctrine.

58.     All documents, including communications with any individual, relating to the Defendants' Affirmative Defenses.

**OBJECTION:**     **In addition to the General Objections, Defendants object to this request because it is overly broad, unduly burdensome and vague and ambiguous as framed, especially insofar as it seeks the production of each and every document that relate in any way to Defendants' Affirmative Defenses.   Discovery is ongoing and many of the defenses concern documents that are within Plaintiff's sole possession, custody or control.**

**Defendants also object to the extent that it purports to require production of confidential information and/or documents that may be protected by the attorney-client privilege and/or the work product doctrine.**

59.     All documents relating to any concerns, of any kind or nature, expressed by any individual, including, but not limited to, employees, against Ms. Passenti to the Company.

**OBJECTION:**     **In addition to the General Objections, Defendants object to this request on the basis that it is exceedingly overly broad and unduly burdensome to require Defendants to locate and produce documents that relate to any "concern, of any kind or nature" ever expressed by any other employee against Plaintiff.     Defendants do not have a reasonable means to identify the information sought, especially since the term "concern" is defined broadly by Plaintiff to include concerns of "any kind or nature" and therefore necessarily encompasses any form of interpersonal issues that may have existed at any point during Plaintiff's employment with LJ Leasing, Inc.  Any such concerns, even**

**if reported, have no relation to the claims or issues in dispute and the process of locating any such documents are not proportional to the needs of the case.  Defendants also object to this request to the extent it seeks privileged information protected by the attorney-client privilege and/or the work product doctrine.**

60.     All documents relating to any concerns, of any kind or nature, expressed by any means by an employee of the Company, against a supervisory or managerial employee of the Company.

**OBJECTION**:     **In addition to the General Objections, Defendants object to this request on the basis that it is a broader version of Request No. 59.  It is oppressive to issue multiple discovery requests repeatedly seeking the same categories of documents.**

**Defendants further object on the basis that it is exceedingly overly broad and unduly burdensome to require Defendants to locate and produce documents that relate to any "concern, of any kind or nature" ever expressed by any other employee against a supervisory or managerial employee of LJ Leasing, Inc..  Defendants do not have a reasonable means to identify the information sought, especially since the term "concern" is defined broadly by Plaintiff to include concerns of "any kind or nature" and therefore necessarily encompasses any form of interpersonal issues that may have existed at any point in time.  Any such concerns, even if reported, have no relation to the claims or issues in dispute and the process of locating any such documents are not proportional to the needs of the case.  Defendants also object to this request to the extent it seeks privileged information protected by the attorney-client privilege and/or the work product doctrine.**

61.     Any and all documents relating to each and every affirmative defense the Defendants raise in their answer to the Complaint.

**OBJECTION:**     **In addition to the General Objections, Defendants object to this request on the basis that it appears to be entirely duplicative of Request No. 58 and therefore is objectionable for the same reasons set forth in response to that request.   In addition, it is oppressive to issue multiple discovery requests repeatedly seeking the same categories of documents.**

62.     Any and all documents relating to each and every numbered paragraph in the

Complaint.

**OBJECTION:**          **In addition to the General Objections, Defendants object to this request on the basis that it broadly seeks, in a singular request, "any and all documents" that relate to each and every allegation asserted in the Complaint.   This is an exceedingly overbroad and duplicative request, especially in light of the fact that Plaintiff has served 61 other individual requests yet still asserts a blanket request for broadly encompassing all of her claims in a singular request.**

63.     A copy of the contents of the Defendants' account(s) on any social media

websites, such as Facebook, LinkedIn, Tumblr, Instagram, Twitter, MySpace, Snapchat, Reddit,

etc., from April 8, 2018 through the present, if any posts or comments on such media platforms

contain any reference to Ms. Passenti, Ms. Passenti's employment, Ms. Passenti's job title and/or

responsibilities, any allegations set forth in the Complaint or Answer to the Complaint, and/or

any incidents which are the basis for this lawsuit.

**OBJECTION:**          **In addition to the General Objections, Defendants object to this request on the basis that it seeks information that is publicly available. Defendants do not maintain private social media accounts as described in this request.**

64.     Any and all documents identified or referenced in Defendants' Answers to

Plaintiff's Interrogatories.

**OBJECTION:**          **In addition to the General Objections, Defendants object to this request because the mere fact that a document was "referenced" does not render it relevant to the facts at issue in this proceeding.  Further, Defendants object to this request because it seeks information subject to the attorney work product privilege and/or the attorney-client privilege.**

65.     Any and all documents Defendants relied on in answering Plaintiff's

Interrogatories, if not already produced in response to the preceding requests.

**OBJECTION:**   **In addition to the General Objections, Defendants object to this request because it seeks information subject to the attorney work product privilege and/or the attorney-client privilege.**

               **THE DEFENDANTS,**
               **VEYO, LLC AND LJ LEASING, INC.**

               */s/ Lori B. Alexander*
               Lori B. Alexander (ct08970)
               Kyle Roseman (ct31254)
               LITTLER MENDELSON, P.C.
               One Century Tower
               265 Church Street, Suite 300
               New Haven, CT  06510
               Telephone: 203.974.8700
               Facsimile: 203.974.8799
               lalexander@littler.com
               kroseman@littler.com

## **CERTIFICATION**

I hereby certify that a copy of the foregoing Veyo, LLC and LJ Leasing, Inc.'s Objections and Responses to First Set of Document Production was sent via email to all counsel and pro se parties of record on this 16th day of May, 2022:

Benjamin Jacob Wyatt
Email: BWyatt@wyattlegalservices.com

Chandan Panigrahi
Email: Chandan@wyattlegalservices.com

Julie Orrok Emineth
Email:  Julie@wyattlegalservices.com

"Wyatt Paralegal"
Email:  paralegal@wyattlegalservices.com


*/s/ Lori B. Alexander*
Lori B. Alexander (CT08970)

**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| MELISSA PASSENTI, | : | |
| | : | |
| **Plaintiff,** | : | **Civil Action No.: 3:21-cv-01350-SALM** |
| | : | |
| v. | : | |
| | : | |
| VEYO, LLC, AND | : | |
| LJ LEASING, INC., | : | |
| | : | |
| **Defendants.** | : | **May 16, 2022** |
| | : | |

## DEFENDANT LJ LEASING, INC.'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

Pursuant to Fed. R. Civ. P. 33 and 34, Defendant, LJ Leasing, Inc. (hereinafter "Defendant" or "LJ Leasing"), by and through its undersigned counsel, hereby serves its objections to Plaintiff's First Set of Interrogatories dated March 16, 2022 as follows:

## GENERAL OBJECTIONS

LJ Leasing makes the following general objections to Plaintiff's interrogatories:

1.     LJ Leasing objects to the definitions and instructions accompanying the interrogatories and requests for production to the extent they seek to impose broader or more onerous obligations or duties on it than those imposed by the Federal Rules of Civil Procedure. LJ Leasing's objections and responses, and supplemental objections and responses, if any, will be made solely in accordance with the applicable Federal Rules of Civil Procedure unless a narrower approach has been specifically selected by the plaintiff.

2.     LJ Leasing objects generally to the interrogatories and requests for production to the extent that they seek information and materials that are not generally relevant to the subject matter involved in the pending action, do not relate to the claim or defense of any party, or are

1

not reasonably calculated to lead to the discovery of admissible evidence.

3.     LJ Leasing objects generally to the interrogatories and requests for production to the extent any specific request seeks information and/or documents that are privileged.  The responses to specific requests are each made subject to any claim of privilege available to the LJ Leasing.  LJ Leasing may choose to disclose information and/or produce documents as to which a claim of privilege could be made, but such response or production does not constitute a waiver of any claim of privilege as to any other information or document.

4.     LJ Leasing reserves its rights provided under the applicable Federal Rules of Civil Procedure to supplement its answers and responses in accordance with those rules.

5.     LJ Leasing objects generally to any interrogatory or request for production that seeks information or documents that cannot be provided by the respondent with substantially greater facility than the plaintiff could otherwise obtain them.

6.     LJ Leasing objects generally to each interrogatory and request for production to the extent that it seeks information or documents already within the plaintiff's possession, custody, control or knowledge.  Such an interrogatory or request is unduly burdensome and oppressive as the requested information is equally available to the plaintiff.

7.     LJ Leasing objects to providing any addresses or other personal information concerning any employees as prohibited under Conn. Gen. Stat. § 31-128f.

8.     These objections apply, and are incorporated by reference into the response, to each interrogatory and request for production regardless of whether or not expressly so stated in the response.

## <u>INSTRUCTIONS</u>

The following instructions apply to these interrogatories:

A.     Each answer to each interrogatory shall be preceded by the question to which it responds.

B.     Each answer shall be deemed to have been based on the personal knowledge of the answering person unless specifically stated to the contrary. If the information furnished is not within the personal knowledge of the answering person, then identify the person from whom the information was obtained, and state whether that person has personal knowledge of the information supplied.

**<u>OBJECTION</u>:  LJ Leasing objects to this instruction because it seeks to expand upon the requirements of Rule 33 of the Federal Rules of Civil Procedure.  The interrogatories are directed to a corporation, not a specific individual.  As a result, the responses provided are based on information available to LJ Leasing as required by the Federal Rules.**

C.     The use of the singular form of any word includes the plural and vice versa.

D.     No answer is to be left blank. If the answer to an interrogatory or subparagraph of an interrogatory is "none," the word "none" must be written in the answer. If the interrogatory is "not applicable," the abbreviation "N/A" must be written in the answer along with an explanation of why the interrogatory is not applicable.

E.     The information requested in these interrogatories is governed by the definitions and instructions, and each interrogatory should be answered in compliance with the definitions and instructions.

**<u>OBJECTION</u>:  LJ Leasing objects to this instruction because it seeks to expand upon the requirements of Rule 33 of the Federal Rules of Civil Procedure.  LJ Leasing has**

**responded to these interrogatories pursuant to the applicable requirements and definitions as stated in the Federal Rules of Civil Procedure, as well as the District of Connecticut Local Rules of Civil Procedure.**

F.      These interrogatories are of a continuing character. If additional information within the scope of any interrogatory becomes available to you after you serve answers hereto, you shall furnish such additional information by way of supplemental answers.

G.      GENERAL INSTRUCTIONS FOR ESI PRODUCTION: All of the Electronically Stored Information (ESI) documents requested herein shall be produced as set out in Attachment A to this document, except that any single production of less than 250 pages (total) may be produced as PDF files provided that each individual document is produced as a separate and distinct PDF. If there are any objections to producing ESI in the requested format, the undersigned requests the Defendant contact the Plaintiff within the next fifteen days to discuss the objections, so the parties can negotiate in good faith and coordinate technical issues, insure that the ESI is produced in a reasonably usable form, and to discuss possible economies of ESI processing that may facilitate the parties securing a just, speedy, and inexpensive determination of this action.

**<u>OBJECTION:</u>      LJ Leasing objects to this instruction because it is overly burdensome to produce documents as individual pdfs.   Defendants further generally object to the Attachment A which unilaterally sets for a "protocol for electronic discovery" that far exceeds to requirements imposed by the Federal Rules of Civil Procedure and will necessarily increase the cost of production without a reasonable basis.   Defendants will meet and confer with Plaintiff regarding the appropriate process for the production of ESI, including the scope of discovery to be conducted to avoid duplicative efforts.**

H.     ESI PROTOCOLS: Plaintiff requests a meeting with counsel for the Defendant within the next fifteen (15) days to negotiate in good faith the scope of any searches for relevant ESI (including emails), including, by negotiating the custodian files or mailboxes to be searched and the search terms to be used.

**OBJECTION:        LJ Leasing incorporates its objection to Definitions Subsection G as if fully stated herein.  LJ Leasing avers that it will meet and confer with Plaintiff regarding the appropriate process for the production of ESI, including the scope of discovery to be conducted to avoid duplicative efforts.**

## DEFINITIONS

A.     The words "Plaintiff" and "Ms. Passenti" means Melissa Passenti, the Plaintiff in the below referenced Complaint.

B.     The word "Charge" means the Charge of discrimination filed by Ms. Passenti with the Connecticut Commission on Human Rights & Opportunities ("CHRO") (CHRO Docket No. 2110050) and the Equal Employment Opportunity Commission (the "EEOC") (docket number 16A-2020-01522) and all allegations contained therein.

C.     The word "Complaint" means the Complaint filed by Ms. Passenti in the District of Connecticut, with docket number 3:21-cv-01350-SALM.

D.     The words "relate," "relates," "relating," and any variation of the word "relate" means concerning, referring to, pertaining to, supporting, corroborating, elaborating on, refuting, contradicting, reporting, embodying, establishing, evidencing, comprising, connected with, commenting on, responding to, showing, describing, detailing, analyzing, reflecting, presenting, constituting, and/or in any way involving.

E.      The words "concern" and "concerns" mean any formal or informal, verbal or written, communication, expression, accusation, or report of discontent, objection, regret, fear, outrage, discomfort, Complaint, resentment, or grievance made to, or brought to the attention of the Company, including but not limited to the Company's human resources department, any member of the Company's management (including any manager or  supervisor), or to any other person or entity (including any third party, such as an ethics hotline or EAP) that is designated, explicitly or implicitly, under the Company practice or policy to constitute a recipient  of concerns.

**OBJECTION:  LJ Leasing objects to this definition because it is broader than the definition of "concerning" set forth in Local Rule of Civil Procedure 26 (c)(7).  As such, this definition purports to impose greater burdens on LJ Leasing than those imposed by the applicable Federal Rules of Civil Procedure and Local Rules of the District of Connecticut. In responding to the Interrogatories and Requests for Production, LJ Leasing will apply the definition set forth in the Local Rules.**

F.      The word "describe" means to provide a complete description and explanation of the facts, circumstances, analysis, opinion and other information relating to (as that phrase is defined above) the subject matter of a specific interrogatory, as well as (i) the identity of each person or entity involved related to, or having any knowledge of any fact or opinion that relates to, what is so described, (ii) the identity of each document evidencing the answer or response given or relating to or referring to said  subject-matter in any way, and (iii) all relevant or material dates and timeperiods, including specifying the way in which said dates or time periods are pertinent and relate to the subject-matter described.

G.      The word "employee" shall mean any current or former employee,  manager, or

elected or appointed official of the Company.

**OBJECTION**:  **LJ Leasing objects to this definition because the terms "elected or appointed official" are nonsensical for LJ Leasing as a private sector entity.**

H.     The word "Company" means the entity or entities that employed Ms. Passenti prior to her termination in April of 2020, and includes, but is not limited to, Defendant LJ Leasing, Inc.

I.     The word "Defendant" means LJ Leasing, Inc. or the Company.

J.     The word "individual" shall mean any person or entity, whether or not an employee of the Company.

K.     The phrase "Position Statement" means the Defendant's position statement filed with the CHRO on or around November 17, 2020, inresponse to the Charge.

**OBJECTION**:        **LJ Leasing, Inc. incorporates by reference its objection to the term "Defendants" sent forth above.  Moreover, LJ Leasing,  did not file a response to the charge as it was not named as a respondent in the underlying agency action.  LJ Leasing will therefore interpret requests using the term "Position Statement" as referring to the position statement filed by Veyo, LLC.**

L.     The word "replace" means the performance of, or assumption of  responsibility for, any portion of a terminated employee's prior job responsibilities, duties, or work, whether on a formal or informal,temporary or permanent, basis.

**OBJECTION:  LJ Leasing objects to this definition on the basis that it is overly broad and unduly burdensome to require LJ Leasing to apply this definition as framed.  LJ Leasing does not have a reasonable means to identify each and every individual who may have**

**assumed responsibility, even on an informal temporary basis, for any "job responsibility, duty or work" of an employee following his or her termination.**

M. The words "first level supervisor" mean a direct supervisor of an employee.

N. The words "second level supervisor" mean the direct supervisor above the direct supervisor of an employee.

O. The words "you" and "your" mean Defendant, including any and all of Defendant's employees and agents, and includes, but is not limited to, the individual(s) answering these interrogatories on behalf of Defendant.

**OBJECTION:  LJ Leasing objects to this definition because it is broader than the definition of "party" set forth in Local Rule of Civil Procedure 26 (c)(5).  As such, this definition purports to impose greater burdens on LJ Leasing than those imposed by the applicable Federal Rules of Civil Procedure and Local Rules of the District of Connecticut. In responding to the Requests for Production, LJ Leasing will apply the definition set forth in the Local Rules.**

P. The word "Claims" means complaints, charges, or any other legal proceeding filed with any government entity, commission, or court.

Q. The words "document" and "documents" means, without limitation, the original and all copies, prior drafts and translations of any information in any written, typed, electronic, printed, recorded, or graphic form, however produced or reproduced, of any type or description, regardless of origin or location, including without limitation all correspondence, email, texts, faxes, instant messages, records, tables, data, charts, analyses, graphs, schedules, reports, memoranda, notes, lists, calendar and diary entries, letters (sent or received), telegrams, telexes, messages (including, but not limited to reports of telephone conversations and conferences),

studies, books, periodicals, magazines, booklets, circulars, bulletins, instructions, papers, files, minutes, other communications (including, but not limited to, inter- and intra-office communications), questionnaires, contracts, memoranda of agreements, assignments, licenses, ledgers, books or statements of account, orders, invoices, statements, bills, checks, vouchers, notebooks, receipts, acknowledgments, data processing cards, computer disc, computer tape, other computer generated matter, microfiche, microfilm, photographs, motion pictures, videotapes, photographic negatives, phonograph records, tape recordings, wire recordings, other mechanical recordings, transcripts or logs of any such recordings, all other data compilations from which information can be obtained, or translated if necessary, and any other tangible or intangiblething of a similar nature.

**OBJECTION:   LJ Leasing objects to this definition because it is broader than the definition of "document" set forth in Local Rule of Civil Procedure 26 (c)(2).  As such, this definition purports to impose greater burdens on LJ Leasing than those imposed by the applicable Federal Rules of Civil Procedure and Local Rules of the District of Connecticut. In responding to the Interrogatories and Requests for Production, LJ Leasing will apply the definition set forth in the Local Rules.**

<u>**SPECIFIC OBJECTIONS AND RESPONSES:**</u>
<u>**INTERROGATORIES**</u>

1.      Please identify each and every reason for the Company's decision to terminate Ms. Passenti's employment relationship with the Company.

**<u>OBJECTION</u>:       LJ Leasing objects to this interrogatory to the extent that it purports to require production of confidential documents that may be protected by the attorney-client privilege and/or the work product doctrine.**

**ANSWER:**          Notwithstanding, without waiving, and subject to the above objection, LJ Leasing responds as follows: Plaintiff was laid off as a result of corporate downsizing due to onset of the COVID-19 pandemic.

2.      Please identify each and every individual who was involved in any decision to terminate Ms. Passenti's employment relationship with the Company, including by providing information, input, recommendations, or making decisions related to this termination.  For each individual so identified, please state: that individual's legal name; the individual's job title at the time of the termination; the employer of this individual; and whether the individual is still employed by this Company or any other entity within the Company (including, but not limited to, at a different facility under the control of the Company).

**OBJECTION:**          In addition to the General Objections, LJ Leasing objects to this interrogatory on the grounds that it is overly broad, unduly burdensome and unlimited with respect to temporal scope.  Further, LJ Leasing objects to this interrogatory as vague and ambiguous with respect to the phrases "who was involved in any decision to terminate Plaintiff," as well as "and whether the individual is still employed by this Company or any other entity within the Company (including, but not limited to, at a different facility under the control of the Company).  Without further clarification, LJ Leasing is unclear what information Plaintiff is seeking.

Finally, LJ Leasing further objects to the request to the extent that the request purports to require production of confidential documents that may be protected by the attorney-client privilege and/or the work product doctrine.

3.      Please identify any and all employees who reported, directly or indirectly (in the chain of command under), to Myra Rodriguez, as of the date of Ms. Passenti's termination, including for each identified employee: legal name and job title; sex; and disability status.

**OBJECTION:**      **In addition to the General Objections, LJ Leasing objects to this interrogatory as overly broad and unduly burdensome.   As written, this request seeks the information of any number of individuals with no connection to the factual or legal disputes in this matter.  LJ Leasing further objects to this interrogatory to the extent this interrogatory improperly requires the disclosure of confidential information concerning its employees in violation of Conn. Gen. Stat. § 31-128f.**

4.      For each employee identified in response to Plaintiff's Interrogatory #3, please describe whether each employee was laid off, furloughed, terminated, or allowed to continue working after April 8, 2020. For each such employee who was laid off, furloughed or terminated, please provide legal name and job title; hire date; termination/furlough/layoff date; sex; disabilitystatus; and (iv) the employee's direct supervisor.

**OBJECTION:**      **In addition to the General Objections, LJ Leasing incorporates its objections to Interrogatory No. 3 as if fully stated herein.**

5.      Please identify any and all employees who were not furloughed, laid off, or terminated from a period of March 1, 2020 through May 31, 2020, who were permitted to continue working by the Defendant despite concerns relating to the coronavirus pandemic or alleged hardship, including for each instance: the name and position of the employee; the individual who allowed the decision to allow the employee to continue working; the essential

functions of the employee; sex; disability status; and why the employee was allowed to keep working.

**OBJECTION:      In addition to the General Objections, LJ Leasing objects to this interrogatory as overly broad and unduly burdensome and unlimited in scope with respect to the issues in this matter.  As written, this request seeks to require LJ Leasing to disclose the names of *all* employees who have continued to work for LJ Leasing throughout the coronavirus pandemic, which could encompass any number of employees.  LJ Leasing further objects to this interrogatory to the extent this interrogatory improperly requires the disclosure of confidential information concerning its employees in violation of Conn. Gen. Stat. § 31-128f.**

6.      Please identify each and every employee(s) that the Company replaced Ms. Passenti with, in whole or in part.  If the Company asserts that it did not replace Ms. Passenti, then identify (i) the employee(s) who assumed some or all of Ms. Passenti's job responsibilities after her termination, and (ii) any and all employees hired or transferred (on full time, part time, or per diem basis) to provide same or similar services Ms. Passenti provided with the same or similar job title or set of responsibilities to that of Ms. Passenti, between 180 days before the date of Ms. Passenti's termination and the present.  For all employees so identified, please state: their full legal name; job title at the time of hire; date of hire; whether the employee is disabled; sex of the employee; and which (if any) duties of Ms. Passenti each such individual took over.

**OBJECTION:  In addition to the General Objections, LJ Leasing objects to this request on the basis that it is overly broad, unduly burdensome and not limited to a reasonable time or scope.  LJ Leasing does not have a reasonable means to identify each and every**

individual who may have assumed responsibility, even on an informal temporary basis, for all of Plaintiff's "job responsibilities" after her termination, which is how the term "replace" has been defined.

LJ Leasing further objects to this interrogatory to the extent this interrogatory improperly requires the disclosure of confidential information concerning its employees in violation of Conn. Gen. Stat. § 31-128f.

7.      Please identify any and all employees hired by the Company in Ms. Passenti's department or any related department (including, but not limited to, all employees hired into positions that reported to the existing or former first level supervisor above Ms. Passenti or the second level supervisor above Ms. Passenti, as well as employees who performed job duties similar to those performed by her department) from a period of 180 days before the date of Ms. Passenti's termination and the present. For each such identified employee, include: the name and job title of the employee; date of hire; job duties of the employee; whether the employee is disabled; the employee's sex; the department and supervisor of the employee;  and whether the employee is still employed, and if not, a description of the date and nature of the employee's end of employment.

**OBJECTION:**       **In addition to the General Objections, LJ Leasing objects to this interrogatory as overly broad and unduly burdensome.  As written, this request seeks to require Defendants to information related to the hiring of any number of employees.**

**Moreover, LJ Leasing objects to this interrogatory as vague and ambiguous with respect to the phrase "or any related department (including, but not limited to, all employees hired into positions that reported to the existing or former first level supervisor above Ms.**

Passenti or the second level supervisor above Ms. Passenti, as well as employees who performed job duties similar to those performed by her department).”  As written, it is unclear what information Plaintiff is seeking. In particular, it is unclear what means by “related department” or “performed job duties similar to those performed by her department.  Without further clarification, it is unclear what information Plaintiff is seeking.

LJ Leasing further objects to this interrogatory to the extent this interrogatory improperly requires the disclosure of confidential information concerning its employees in violation of Conn. Gen. Stat. § 31-128f.

8.      Please identify each and every employee from a period of January 1, 2017 through May 1, 2020, who received or was placed on a performance improvement plan (“PIP”), including, for each such identified employee, identifying their name, job title, sex, disability status, the length of the PIP, and when they were removed from the PIP.

**OBJECTION:**      **In addition to the General Objections, LJ Leasing objects to this interrogatory as overly broad and unduly burdensome and unlimited in scope with respect to the geographical limits of this case.  As written, this request seeks to require LJ Leasing to disclose information related to any *each and every* employee who for LJ Leasing.  LJ Leasing further objects to this interrogatory to the extent this interrogatory improperly requires the disclosure of confidential information concerning its employees in violation of Conn. Gen. Stat. § 31-128f.**

9.      Please describe any and all measures taken to investigate or respond to all

concerns raised by Ms. Passenti regarding her pregnancy or disabilities, including any concerns raised regarding her requested and/or utilized accommodations. When describing such investigations or responses, please provide the identity of any individuals involved in conducting any such investigation(s)/response(s), the identity of any individuals spoken with in the course of the investigation(s)/response(s), and the identity of all documents or other evidence reviewed. In addition, please state: any conclusions ultimately reached as a result of the investigation; any recommendations provided; and, any actions taken by the Company as a result of such concern(s) and/or investigations.

**OBJECTION:   In addition to the General Objections, LJ Leasing objects to this interrogatory because it is overly broad and unduly burdensome to require LJ Leasing to "describe" the information sought.  LJ Leasing further objects to the request to the extent that the request purports to require production of confidential documents that may be protected by the attorney-client privilege and/or the work product doctrine.  Finally, LJ Leasing further objects to this interrogatory to the extent this interrogatory improperly requires the disclosure of confidential information concerning its employees in violation of Conn. Gen. Stat. § 31-128f.**

10.     Please describe all Claims filed by or on behalf of any current or former employee against the Company or any employee of the Company (i.e. naming the Company or any employee of the Company as a respondent or defendant) during the period from April 8, 2018 to present that alleged, in whole or in part, that the employee filing the Claim had been subjected to discrimination, harassment, retaliation, denial of requested disability-related accommodation(s), interference with, or retaliation for seeking to exercise, or other illegal

conduct by the Company or while employed by the Company.  For each such Claim, please provide: the identity of the employee who filed the Claim, including the employee's name, last known address, disability status, and telephone number; the facility name and address at which that employee was employed; a description of the nature of the allegations and wrongful conduct asserted in the Claim; the forum in which the Claim was filed; the Charge, docket, or civil action number of the Claim; and a description of the current status and/or resolution of the Claim.

**OBJECTION:   In addition to the General Objections, LJ Leasing objects to this interrogatory because it is overly broad and unduly burdensome to require LJ Leasing to "describe" the information sought, especially since this interrogatory broadly seeks information on any "claim" filed by or on behalf of unidentified employees at any facility operated by LJ Leasing.   Plaintiff made no effort to limit the scope of this interrogatory to "claims" allegedly raised by individuals who may be actual comparators for the purpose of her claim.  This interrogatory is also objectionable on the basis that "claims" asserted by employees in different companies, work groups, or departments have no bearing on this matter, and disclosure of the requested information would result in mini-trials regarding irrelevant disputes between individuals not at all involved in this matter.**

**LJ Leasing also objects to this request to the extent it seeks privileged information protected by the attorney-client privilege and/or the work product doctrine.**

11.     Please identify each and every employee(s) that the Company terminated from January 1, 2020, to the present due to alleged lack of need, position elimination, reorganization, lack of work, or lay off. For each such employee identified, please indicate: the employee's name and job title; their date of hire; their department; their supervisor; their date of termination;

whether the employee was disabled; a description as to the alleged lack of need for the employee's services; and the individual(s) who made the decision to terminate the employee.

**OBJECTION:   In addition to the General Objections, LJ Leasing objects to this interrogatory because it is overly broad and unduly burdensome to require LJ Leasing to review and identify detailed information on each and every employee who was terminated during the stated period.   Plaintiff made no effort to limit the scope of this interrogatory to "claims" allegedly raised by individuals who may be actual comparators for the purpose of her claim.  This interrogatory is also objectionable on the basis that the terminations of employees in different companies, work groups, or departments have no bearing on this matter, and disclosure of the requested information would result in mini-trials regarding irrelevant disputes between individuals not at all involved in this matter.**

**LJ Leasing also objects to this request to the extent it seeks privileged information protected by the attorney-client privilege and/or the work product doctrine.**

12.    Please describe each and every contact, whether by phone, in-person, by letter or other means of communication, which the Company, the Company's employees, agents, or another on the Company's behalf (including the Company's attorneys) have had with any individual (including current or former employees of the Company) relating to the Charge or Complaint, any of the allegations set forth in the Charge or Complaint, or relating to any of the Company's affirmative defenses, or the Company's defense against the Charge or the Complaint.  When identifying such contacts, please state: the method of the contact (i.e., whether by phone, person, by letter or other means); the date or, if the actual date is unknown, the approximate dateof the contact; the identity of the person making the contact on your behalf;

the identity of the person with whom each contact was made, including, but not limited to, the last known address and phone number of the person with whom contact was made; and a description of the content of any statements, communications, or discussion that occurred during these contacts.

**OBJECTION:   In addition to the General Objections, LJ Leasing objects to this interrogatory because it is overly broad and unduly burdensome to require LJ Leasing to "describe" the information sought, which broadly covers any and all communications that any number of unidentified individuals have had concerning this litigation, the underlying administrative charge or any of the affirmative defenses.  In addition, LJ Leasing objects to providing the address or telephone number of individuals who can only be contacted through defense counsel.**

**Finally, LJ Leasing objects to this interrogatory to the extent this interrogatory seeks information subject to the attorney-client privilege and/or the attorney work product doctrine.**

13.   Please identify and describe all measures that the Company has taken to identify, preserve, and/or collect all documents, communications (including emails), and other evidence potentially relevant to any of the allegations in the Charge and/or Complaint.  Please describe each measure taken to preserve such documents, communications (including emails), and evidence (including suspension of automatic deletion/retention protocols), and specify the date on which such measure was undertaken/completed and the identity of employees or other individuals who were involved in implementing and/or ensuring compliance with each preservation measure(s).  In addition, if any potentially relevant documents, communications

18

(including emails), and other evidence (including but not limited to any emails or other electronically stored information relating to Ms. Passenti, any of the allegations in the Complaint, or any individuals named in the Complaint), have been destroyed or are no longer within the Company's possession, custody, or control, please describe the nature and parameters, as well as the date and reasons for the destruction or loss of, any such destroyed or lost documents, communications (including emails), and other evidence.  For the absence of doubt, with regard to documents or electronically stored information that has been destroyed or lost, this  request pertains not just to documents or electronically stored information that has been determined to be relevant, but also to any collections or caches of documents or electronically stored information that could contain (or could have contained) relevant documents, even if no determination was ever made as to whether such collections or caches did contain relevant documents or electronically stored information.

**OBJECTION:   In addition to the General Objections, LJ Leasing objects to this interrogatory because it is overly broad and unduly burdensome to require LJ Leasing to "describe" the information sought, especially when no issues have been raised regarding Plaintiff's access to relevant and responsive information.  LJ Leasing also objects to the extent that it purports to require the disclosure of confidential information that may be protected by the attorney-client privilege and/or the work product doctrine.**

14.    Please state whether the Company still has possession, custody, or control (including the ability to access, restore, or obtain from a server, back up tapes, or a third party) of all emails (including attachments) sent or received by all Company employees from April 8, 2018 to present, including, but not limited to, emails that were deleted by employees, or which

were automatically deleted or expunged by any individual or system pursuant to retention protocols. If some such emails are outside of the possession, custody, or control of the Company and/or are no longer accessible to the Company, please identify the date ranges that are inaccessible, describe what categories of emails (including specific employees, date ranges, or types of emails) the Company does have access to, describe what caused the emails to no longer be in the possession, custody, or control of the Company), and describe when such emails ceased to be in the Company's possession, custody, and control.

**OBJECTION:   In addition to the General Objections, LJ Leasing objects to this interrogatory because it is overly broad and unduly burdensome to require LJ Leasing to review *each and every* email sent by *all* of its employees for a five-year period.   As written, this interrogatory will include any number of  documents, and is not tailored to specific individuals or issues relevant to this matter.   It would be oppressive, burdensome and beyond the bounds of reasonableness for this method of discovery to require LJ Leasing to draft a response identifying all of the requested information, especially when Plaintiff has not demonstrated any need for the requested information under the circumstances.**

**LJ Leasing further objects to the extent that it purports to require the disclosure of confidential information that may be protected by the attorney-client privilege and/or the work product doctrine.**

15.    Please identify by name each individual who provided information contained within your answers to any of Plaintiff's interrogatories and/or who was otherwise involved in the preparation of any of your answers to Plaintiff's interrogatories.  Identify what information each such individual provided and what numbered interrogatory responses this information was

included within or used to answer, in whole or in part.  For each such individual who is an employee or official of the Company, specify that individual's formal Company/affiliation, and position title.

**OBJECTION:   In addition to the General Objections, LJ Leasing objects to this interrogatory because it is overly broad and unduly burdensome to seeks the detailed information concerning the individuals who may have contributed to the information provided in these responses as the responses are provided on behalf of a corporation, not an individual.   Rule 33 of the Federal Rules of Civil Procedure do not require the identification of the information sought here and it would not be proportional to the needs of the case, especially in light of the format of the interrogatories presented.   In addition, this interrogatory necessarily seeks information that is not relevant to any claim or issue in dispute nor proportional to the needs of the case.**

**RESPONSE: Notwithstanding, without waiving, and subject to the above objections, LJ Leasing responds as follows:  LJ Leasing does not have a reasonable means to identify all individuals who provided information concerning these interrogatory responses as the responses are a culmination of the information known to LJ Leasing through a variety of sources, including review of relevant documents.**

16.     Please identify any and all documents that were reviewed, consulted, or otherwise relied on as part of answering any of these interrogatories (or on which any of the Company's answers to any of Plaintiff's interrogatories are based, in whole or in part). For each document so identified, state whether the document is in your possession, custody, or control, and if it is

not, then specify the name and address of the person(s) or entity(ies) which have each such document within it or their possession, custody, or control.

**OBJECTION:**   **In addition to the General Objections, LJ Leasing objects to this request because the mere fact that a document was "reviewed" or "consulted" during the preparation of these interrogatories does not render it relevant to the facts at issue in this proceeding.   Further, LJ Leasing objects to this request because it seeks information subject to the attorney work product privilege and/or the attorney-client privilege.   Finally, LJ Leasing objects to this interrogatory on the basis that it is oppressive and unreasonable for this method of discovery to require the identification of documents, especially when Plaintiff has simultaneously requested the production of the same documents.**


**RESPONSE: LJ Leasing refers to the production provided in response to the requests for production and otherwise stands on its objections to this interrogatory.**


THE DEFENDANT,
LJ LEASING, INC.


/s/ Lori B. Alexander
Lori B. Alexander (ct08970)
Kyle Roseman (ct31254)
LITTLER MENDELSON, P.C.
One Century Tower
265 Church Street, Suite 300
New Haven, CT  06510
Telephone: 203.974.8700
Facsimile: 203.974.8799
lalexander@littler.com
kroseman@littler.com

22

## <u>CERTIFICATION</u>

I hereby certify that a copy of the foregoing LJ Leasing, Inc.'s Objections and Responses

to First Set of Interrogatories was sent via email to all counsel and pro se parties of record on this

16th day of May, 2022:

      Benjamin Jacob Wyatt
      Email: BWyatt@wyattlegalservices.com

      Chandan Panigrahi
      Email: Chandan@wyattlegalservices.com

      Julie Orrok Emineth
      Email:  Julie@wyattlegalservices.com

      "Wyatt Paralegal"
      Email:  paralegal@wyattlegalservices.com

                           */s/ Lori B. Alexander*
                           Lori B. Alexander (ct08970)

**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| **MELISSA PASSENTI,** | : | |
| | : | |
| **Plaintiff,** | : | **Civil Action No.: 3:21-cv-01350-SALM** |
| | : | |
| **v.** | : | |
| | : | |
| **VEYO, LLC, AND** | : | |
| **LJ LEASING, INC.,** | : | |
| | : | |
| **Defendants.** | : | **May 16, 2022** |
| | : | |

**DEFENDANT VEYO LLC'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S**
**FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION**

Pursuant to Fed. R. Civ. P. 33 and 34, Defendant, Veyo, LLC (hereinafter "Defendant" or "Veyo"), by and through its undersigned counsel, hereby serves its objections to Plaintiff's First Set of Interrogatories and Request for Production dated May 16, 2022 as follows:

**GENERAL OBJECTIONS**

Veyo makes the following general objections to Plaintiff's interrogatories:

1. Veyo objects to the definitions and instructions accompanying the interrogatories and requests for production to the extent they seek to impose broader or more onerous obligations or duties on it than those imposed by the Federal Rules of Civil Procedure. Veyo's objections and responses, and supplemental objections and responses, if any, will be made solely in accordance with the applicable Federal Rules of Civil Procedure unless a narrower approach has been specifically selected by the plaintiff.

2. Veyo objects generally to the interrogatories and requests for production to the extent that they seek information and materials that are not generally relevant to the subject matter

1

involved in the pending action, do not relate to the claim or defense of any party, or are not reasonably calculated to lead to the discovery of admissible evidence.

3.      Veyo objects generally to the interrogatories and requests for production to the extent any specific request seeks information and/or documents that are privileged.  The responses to specific requests are each made subject to any claim of privilege available to the Veyo.  Veyo may choose to disclose information and/or produce documents as to which a claim of privilege could be made, but such response or production does not constitute a waiver of any claim of privilege as to any other information or document.

4.      Veyo reserves its rights provided under the applicable Federal Rules of Civil Procedure to supplement its answers and responses in accordance with those rules.

5.      Veyo objects generally to any interrogatory or request for production that seeks information or documents that cannot be provided by the respondent with substantially greater facility than the plaintiff could otherwise obtain them.

6.      Veyo objects generally to each interrogatory and request for production to the extent that it seeks information or documents already within the plaintiff's possession, custody, control or knowledge.  Such an interrogatory or request is unduly burdensome and oppressive as the requested information is equally available to the plaintiff.

7.      Veyo objects to providing any addresses or other personal information concerning any employees as prohibited under Conn. Gen. Stat. § 31-128f.

8.      These objections apply, and are incorporated by reference into the response, to each interrogatory and request for production regardless of whether or not expressly so stated in the response.

## **INSTRUCTIONS**

The following instructions apply to these interrogatories:

A.      Each answer to each interrogatory shall be preceded by the question to which it responds.

B.      Each answer shall be deemed to have been based on the personal knowledge of the answering person unless specifically stated to the contrary. If the information furnished is not within the personal knowledge of the answering person, then identify the person from whom the information was obtained, and state whether that person has personal knowledge of the information supplied.

**OBJECTION:   Veyo objects to this instruction because it seeks to expand upon the requirements of Rule 33 of the Federal Rules of Civil Procedure.  The interrogatories are directed to a corporation, not a specific individual.  As a result, the responses provided are based on information available to Veyo as required by the Federal Rules.**

C.      The use of the singular form of any word includes the plural and vice versa.

D.      No answer is to be left blank. If the answer to an interrogatory or subparagraph of an interrogatory is "none," the word "none" must be written in the answer. If the interrogatory is "not applicable," the abbreviation "N/A" must be written in the answer along with an explanation of why the interrogatory is not applicable.

E.      The information requested in these interrogatories is governed by the definitions and instructions, and each interrogatory should be answered in compliance with the definitions and instructions.

**OBJECTION:   Veyo objects to this instruction because it seeks to expand upon the requirements of Rule 33 of the Federal Rules of Civil Procedure.  Veyo has responded to**

**these interrogatories pursuant to the applicable requirements and definitions as stated in the Federal Rules of Civil Procedure, as well as the District of Connecticut Local Rules of Civil Procedure.**

F.      These interrogatories are of a continuing character. If additional information within the scope of any interrogatory becomes available to you after you serve answers hereto, you shall furnish such additional information by way of supplemental answers.

G.      GENERAL INSTRUCTIONS FOR ESI PRODUCTION: All of the Electronically Stored Information (ESI) documents requested herein shall be produced as set out in Attachment A to this document, except that any single production of less than 250 pages (total) may be produced as PDF files provided that each individual document is produced as a separate and distinct PDF. If there are any objections to producing ESI in the requested format, the undersigned requests the Defendant contact the Plaintiff within the next fifteen days to discuss the objections, so the parties can negotiate in good faith and coordinate technical issues, insure that the ESI is produced in a reasonably usable form, and to discuss possible economies of ESI processing that may facilitate the parties securing a just, speedy, and inexpensive determination of this action.

**OBJECTION:       Veyo objects to this instruction because it is overly burdensome to produce documents as individual pdfs.   Defendants further generally object to the Attachment A which unilaterally sets for a "protocol for electronic discovery" that far exceeds to requirements imposed by the Federal Rules of Civil Procedure and will necessarily increase the cost of production without a reasonable basis.  Defendants will meet and confer with Plaintiff regarding the appropriate process for the production of ESI, including the scope of discovery to be conducted to avoid duplicative efforts.**

H.      ESI PROTOCOLS: Plaintiff requests a meeting with counsel for the Defendant

within the next fifteen (15) days to negotiate in good faith the scope of any searches for relevant ESI (including emails), including, by negotiating the custodian files ormailboxes to be searched and the search terms to be used.

**OBJECTION:**        **Veyo incorporates its objection to Definitions Subsection G as if fully stated herein.  Veyo avers that it will meet and confer with Plaintiff regarding the appropriate process for the production of ESI, including the scope of discovery to be conducted to avoid duplicative efforts.**

## DEFINITIONS

A.      The words "Plaintiff" and "Ms. Passenti" means Melissa Passenti, the Plaintiff in the below referenced Complaint.

B.      The word "Charge" means the Charge of discrimination filed by Ms. Passenti with the Connecticut Commission on Human Rights & Opportunities ("CHRO") (CHRO Docket No. 2110050) and the EqualEmployment Opportunity Commission (the "EEOC") (docket number 16A-2020-01522) and all allegations contained therein.

C.      The word "Complaint" means the Complaint filed by Ms. Passenti in the District of Connecticut, with docket number 3:21-cv-01350-SALM.

D.      The words "relate," "relates," "relating," and any variation of the word "relate" means concerning, referring to, pertaining to, supporting, corroborating, elaborating on, refuting, contradicting, reporting, embodying, establishing, evidencing, comprising, connected with, commenting on, responding to, showing, describing, detailing, analyzing, reflecting, presenting, constituting, and/or in any way involving.

E.      The words "concern" and "concerns" mean any formal or informal, verbal or

written, communication, expression, accusation, or report of discontent,objection, regret, fear, outrage, discomfort, Complaint, resentment, or grievance made to, or brought to the attention of the Company, including but not limited to the Company's human resources department, any member of the Company's management (including any manager or supervisor), or to any other person or entity (including any third party, such as an ethics hotline or EAP) that is designated, explicitly or implicitly, under the Company practice or policy to constitute a recipient of concerns.

**OBJECTION: Veyo objects to this definition because it is broader than the definition of "concerning" set forth in Local Rule of Civil Procedure 26 (c)(7). As such, this definition purports to impose greater burdens on Veyo than those imposed by the applicable Federal Rules of Civil Procedure and Local Rules of the District of Connecticut. In responding to the Interrogatories and Requests for Production, Veyo will apply the definition set forth in the Local Rules.**

F.    The word "describe" means to provide a complete description and explanation of the facts, circumstances, analysis, opinion and other information relating to (as that phrase is defined above) the subject matter of a specific interrogatory, as well as (i) the identity of each person or entity involved related to, or having any knowledge of any fact or opinion that relates to, what is so described, (ii) the identity of each document evidencing the answer or response given or relating to or referring to said subject-matter in any way, and (iii) all relevant or material dates and time periods, including specifying the way in which said dates or time periods are pertinent and relate to the subject-matter described.

G.    The word "employee" shall mean any current or former employee, manager, or elected or appointed official of the Company.

**OBJECTION:  Veyo objects to this definition because the terms "elected or appointed official" are nonsensical for Veyo as a private sector entity.**

H.      The word "Company" means the entity or entities that employed Ms. Passenti prior to her termination in April of 2020, and includes, but is not limited to, Defendant Veyo, LLC.

**OBJECTION:        Veyo objects to this definition because Veyo, LLC did not employ Plaintiff at any point in time. Plaintiff was employed by LJ Leasing, Inc. during the time period at issue.  Veyo is without sufficient information to assess whether Plaintiff was also employed by a separate entity during this same time period.   It will therefore interpret requests using the term "employer" as referring only to Veyo LLC.**

I.      The word "Defendant" means Veyo, LLC or the Company.

**OBJECTION:        Veyo, LLC objects to this definition because Veyo, LLC did not employ Plaintiff at any point in time.    Plaintiff was employed by LJ Leasing, Inc. during the time period at issue.  Veyo, LLC is without sufficient information to assess whether Plaintiff was also employed by a separate entity during this same time period.   It will therefore interpret requests using the term "Defendants" as referring only to LJ Leasing, Inc..**

J.      The word "individual" shall mean any person or entity, whether or not an employee of the Company.

K.      The phrase "Position Statement" means the Defendant's position statement filed with the CHRO on or around November 17, 2020, in response to the Charge.

**OBJECTION:        Veyo incorporates by reference its objection to the term "Defendants" sent forth above.  Moreover, LJ Leasing, Inc. did not file a response to the charge as it was not named as a respondent in the underlying agency action.  Veyo will**

therefore interpret requests using the term "Position Statement" as referring to the position statement filed by Veyo, LLC.

L.      The word "replace" means the performance of, or assumption of responsibility for, any portion of a terminated employee's prior job responsibilities, duties, or work, whether on a formal or informal, temporary or permanent, basis.

**OBJECTION:  Veyo objects to this definition on the basis that it is overly broad and unduly burdensome to require Veyo to apply this definition as framed.  Veyo does not have a reasonable means to identify each and every individual who may have assumed responsibility, even on an informal temporary basis, for any "job responsibility, duty or work" of an employee following his or her termination.**

M.      The words "first level supervisor" mean a direct supervisor of an employee.

N.      The words "second level supervisor" mean the direct supervisor above the

direct supervisor of an employee.

O.      The words "you" and "your" mean Defendant, including any and all of Defendant's employees and agents, and includes, but is not limited to, the individual(s) answering these interrogatories on behalf of Defendant.

**OBJECTION:  Veyo objects to this definition because it is broader than the definition of "party" set forth in Local Rule of Civil Procedure 26 (c)(5).  As such, this definition purports to impose greater burdens on Veyo than those imposed by the applicable Federal Rules of Civil Procedure and Local Rules of the District of Connecticut.  In responding to the Requests for Production, Veyo will apply the definition set forth in the Local Rules.**

P.      The word "Claims" means complaints, charges, or any other legal proceeding filed

8

with any government entity, commission, or court.

Q.     The words "document" and "documents" means, without limitation, the original and all copies, prior drafts and translations of any information in any written, typed, electronic, printed, recorded, or graphic form, howeverproduced or reproduced, of any type or description, regardless of origin or location, including without limitation all correspondence, email, texts, faxes, instant messages, records, tables, data, charts, analyses, graphs, schedules, reports, memoranda, notes, lists, calendar and diary entries, letters (sent or received), telegrams, telexes, messages (including, but not limited to reports of telephone conversations and conferences), studies, books, periodicals, magazines, booklets, circulars, bulletins, instructions, papers, files, minutes, other communications (including, but not limited to, inter- and intra-office communications), questionnaires, contracts, memoranda of agreements, assignments, licenses, ledgers, books or statements of account, orders, invoices, statements, bills, checks, vouchers, notebooks, receipts, acknowledgments, data processing cards,computer disc, computer tape, other computer generated matter, microfiche, microfilm, photographs, motion pictures, videotapes, photographic negatives, phonograph records, tape recordings, wire recordings, other mechanical recordings, transcripts or logs of any such recordings, all other data compilations from which information can be obtained, or translated if necessary, and any other tangible or intangiblething of a similar nature.

**OBJECTION:  Veyo objects to this definition because it is broader than the definition of "document" set forth in Local Rule of Civil Procedure 26 (c)(2).  As such, this definition purports to impose greater burdens on Veyo than those imposed by the applicable Federal Rules of Civil Procedure and Local Rules of the District of Connecticut.  In responding to**

the Interrogatories and Requests for Production, Veyo will apply the definition set forth in the Local Rules.

**SPECIFIC OBJECTIONS AND RESPONSES:**
**INTERROGATORIES**

1.      Please identify each and every reason for the Company's decision to terminate Ms. Passenti's employment relationship with the Company.

**OBJECTION:      In addition to the General Objections, Veyo objects to this interrogatory because it is overly broad and unduly burdensome to require Veyo to review and identify detailed information on each and every employee who engaged in any form of protected activity during the stated period.   Veyo did not employ Plaintiff, and is therefore unable to identify "each and every reason" which factored into LJ Leasing's decision to terminate her.**

**Veyo further objects to this interrogatory to the extent that it purports to require production of confidential documents that may be protected by the attorney-client privilege and/or the work product doctrine.**

2.      Please identify each and every individual who was involved in any decision to terminate Ms. Passenti's employment relationship with the Company, including by providing information, input, recommendations, or making decisions related to this termination.  For each individual so identified, please state: that individual's legal name; the individual's job title at the time of the termination; the employer of this individual; and whether the individual is still employed by this Company or any other entity within the Company (including, but not limited to, at a different facility under the control of the Company).

**OBJECTION:**   In addition to the General Objections, Veyo objects to this interrogatory because it is overly broad and unduly burdensome to require Veyo to review and identify detailed information on each and every employee who engaged in any form of protected activity during the stated period.   Veyo did not employ Plaintiff, and is therefore unable to identify the information requested in this interrogatory.

Further, Veyo objects to this interrogatory as vague and ambiguous with respect to the phrases "who was involved in any decision to terminate Plaintiff," as well as "and whether the individual is still employed by this Company or any other entity within the Company (including, but not limited to, at a different facility under the control of the Company). Without further clarification, Veyo is unclear what information Plaintiff is seeking.

Finally, Veyo further objects to the request to the extent that the request purports to require production of confidential documents that may be protected by the attorney-client privilege and/or the work product doctrine.

3.   Please identify any and all employees who reported, directly or indirectly (in the chain of command under), to Myra Rodriguez, as of the date of Ms. Passenti's termination, including for each identified employee: legal name and job title; sex; and disability status.

**OBJECTION:**   In addition to the General Objections, Veyo objects to this interrogatory as overly broad and unduly burdensome.   As written, this request seeks the information of any number of individuals with no connection to the factual or legal disputes in this matter.   Veyo further objects to this interrogatory to the extent this interrogatory improperly requires the disclosure of confidential information concerning its employees in violation of Conn. Gen. Stat. § 31-128f.

4.      For each employee identified in response to Plaintiff's Interrogatory #3, please describe whether each employee was laid off, furloughed, terminated, or allowed to continue working after April 8, 2020. For each such employee who was laid off, furloughed or terminated, please provide legal name and job title; hire date; termination/furlough/layoff date; sex; disability status; and (iv) the employee's direct supervisor.

**OBJECTION**:        **In addition to the General Objections, Veyo incorporates its objections to Interrogatory No. 3 as if fully stated herein.**

5.      Please identify any and all employees who were not furloughed, laid off, or terminated from a period of March 1, 2020 through May 31, 2020, who were permitted to continue working by the Defendant despite concerns relating to the coronavirus pandemic or alleged hardship, including for each instance: the name and position of the employee; the individual who allowed the decision to allow the employee to continue working; the essential functions of the employee; sex; disability status; and why the employee was allowed to keep  working.

**OBJECTION**:        **In addition to the General Objections, Veyo objects to this interrogatory as overly broad and unduly burdensome and unlimited in scope with respect to the issues in this matter.  As written, this request seeks to require Veyo to disclose the names of *all* employees across *all of its locations* who have continued to work for Veyo throughout the coronavirus pandemic, which could encompass any number of employees.**

 **Veyo further objects to this interrogatory to the extent this interrogatory improperly requires the disclosure of confidential information concerning its employees in violation of Conn. Gen. Stat. § 31-128f.**

6.      Please identify each and every employee(s) that the Company replaced Ms. Passenti with, in whole or in part.  If the Company asserts that it did not replace Ms. Passenti, then identify (i) the employee(s) who assumed some or all of Ms. Passenti's job responsibilities after her termination, and (ii) any and all employees hired or transferred (on full time, part time, or per diem basis) to provide same or similar services Ms. Passenti provided with the same or  similar job title or set of responsibilities to that of Ms. Passenti, between 180 days before the date of Ms. Passenti's termination and the present.  For all employees so identified, please state: their full legal name; job title at the time of hire; date of hire; whether the employee is disabled; sex of the employee; and which (if any) duties of Ms. Passenti each such individual took over.

**OBJECTION:  In addition to the General Objections, Veyo objects to this request on the basis that it is overly broad, unduly burdensome and not limited to a reasonable time or scope.  First, Veyo did not employ Plaintiff, and is therefore unable to identify the information requested in this interrogatory.  Second, Veyo does not have a reasonable means to identify each and every individual who may have assumed responsibility, even on an informal temporary basis, for all of Plaintiff's "job responsibilities" after her termination, which is how the term "replace" has been defined.**

**Veyo further objects to this interrogatory to the extent this interrogatory improperly requires the disclosure of confidential information concerning its employees in violation of Conn. Gen. Stat. § 31-128f.**

7.      Please identify any and all employees hired by the Company in Ms. Passenti's department or any related department (including, but not limited to, all employees hired into

positions that reported to the existing or former first level supervisor above Ms. Passenti or the second level supervisor above Ms. Passenti, as well as employees who performed job duties similar to those performed by her department) from a period of 180 days before the date of Ms. Passenti's termination and the present. For each such identified employee, include: the name and job title of the employee; date of hire; job duties of the employee; whether the employee is disabled; the employee's sex; the department and supervisor of the employee;  and whether the employee is still employed, and if not, a description of the date and nature of the employee's end of employment.

**OBJECTION:**       **In addition to the General Objections, Veyo objects to this interrogatory as overly broad and unduly burdensome.  As written, this request seeks to require Defendants to information related to the hiring of any number of employees. Further, Veyo did not employ Plaintiff, and is therefore unable to identify the information requested in this interrogatory.**

**Moreover, Veyo objects to this interrogatory as vague and ambiguous with respect to the phrase "or any related department (including, but not limited to, all employees hired into positions that reported to the existing or former first level supervisor above Ms. Passenti or the second level supervisor above Ms. Passenti, as well as employees who performed job duties similar to those performed by her department)."  As written, it is unclear what information Plaintiff is seeking. In particular, it is unclear what means by "related department" or "performed job duties similar to those performed by her department. Without further clarification, it is unclear what information Plaintiff is seeking.**

**Veyo further objects to this interrogatory to the extent this interrogatory improperly requires the disclosure of confidential information concerning its employees in violation of Conn. Gen. Stat. § 31-128f.**

8.  Please identify each and every employee from a period of January 1, 2017 through May 1, 2020, who received or was placed on a performance improvement plan ("PIP"),including, for each such identified employee, identifying their name, job title, sex, disability status, the length of the PIP, and when they were removed from the PIP.

**OBJECTION:      In addition to the General Objections, Veyo objects to this interrogatory as overly broad and unduly burdensome and unlimited in scope with respect to the geographical limits of this case.  As written, this request seeks to require Veyo to disclose information related to any *each and every* employee who worked at *any* of Veyo's locations.   Veyo further objects to this interrogatory to the extent this interrogatory improperly requires the disclosure of confidential information concerning its employees in violation of Conn. Gen. Stat. § 31-128f.**

9.  Please describe any and all measures taken to investigate or respond to all  concerns raised by Ms. Passenti regarding her pregnancy or disabilities, including any concerns raised regarding her requested and/or utilized accommodations. When describing such investigations or responses, please provide the identity of any individuals involved in conducting any such investigation(s)/response(s), the identity of any individuals spoken with in the course of the investigation(s)/response(s), and the identity of all documents or other evidence reviewed. In

addition, please state: any conclusions ultimately reached as a result of the investigation; any recommendations provided; and, any actions taken by the Company as a result of such concern(s) and/or investigations.

**OBJECTION:  In addition to the General Objections, Veyo objects to this interrogatory because it is overly broad and unduly burdensome to require Veyo to "describe" the information sought.  Veyo further objects to the request to the extent that the request purports to require production of confidential documents that may be protected by the attorney-client privilege and/or the work product doctrine.  Finally, Veyo further objects to this interrogatory to the extent this interrogatory improperly requires the disclosure of confidential information concerning its employees in violation of Conn. Gen. Stat. § 31-128f.**

10.    Please describe all Claims filed by or on behalf of any current or former employee against the Company or any employee of the Company (i.e. naming the Company or any employee of the Company as a respondent or defendant) during the period from April 8, 2018 to present that alleged, in whole or in part, that the employee filing the Claim had been subjected to discrimination, harassment, retaliation, denial of requested disability-related accommodation(s), interference with, or retaliation for seeking to exercise, or other illegal conduct by the Company or while employed by the Company.  For each such Claim, please provide: the identity of the employee who filed the Claim, including the employee's name, last known address, disability status, and telephone number; the facility name and address at which that employee was employed; a description of the nature of the allegations and wrongful conduct asserted in the Claim; the forum in which the Claim was filed; the Charge, docket, or civil action number of the Claim; and a description of the current status and/or resolution of the Claim.

**OBJECTION**:  **In addition to the General Objections, Veyo objects to this interrogatory because it is overly broad and unduly burdensome to require Veyo to "describe" the information sought, especially since this interrogatory broadly seeks information on any "claim" filed by or on behalf of unidentified employees at any facility operated by Veyo. Plaintiff made no effort to limit the scope of this interrogatory to "claims" allegedly raised by individuals who may be actual comparators for the purpose of her claim.  This interrogatory is also objectionable on the basis that "claims" asserted by employees in different companies, work groups, or departments have no bearing on this matter, and disclosure of the requested information would result in mini-trials regarding irrelevant disputes between individuals not at all involved in this matter.**

**Veyo also objects to this request to the extent it seeks privileged information protected by the attorney-client privilege and/or the work product doctrine.**

11.     Please identify each and every employee(s) that the Company terminated from January 1, 2020, to the present due to alleged lack of need, position elimination, reorganization, lack of work, or lay off. For each such employee identified, please indicate: the employee's  name and job title; their date of hire; their department; their supervisor; their date of termination; whether the employee was disabled; a description as to the alleged lack of need for the employee's services; and the individual(s) who made the decision to terminate the employee.

**OBJECTION**:  **In addition to the General Objections, Veyo objects to this interrogatory because it is overly broad and unduly burdensome to require Veyo to review and identify detailed information on each and every employee who was terminated during the stated period.  Plaintiff made no effort to limit the scope of this interrogatory to "claims" allegedly**

raised by individuals who may be actual comparators for the purpose of her claim.  This interrogatory is also objectionable on the basis that the terminations of employees in different companies, work groups, or departments have no bearing on this matter, and disclosure of the requested information would result in mini-trials regarding irrelevant disputes between individuals not at all involved in this matter.

Veyo also objects to this request to the extent it seeks privileged information protected by the attorney-client privilege and/or the work product doctrine.

12.     Please describe each and every contact, whether by phone, in-person, by letter or other means of communication, which the Company, the Company's employees, agents, or another on the Company's behalf (including the Company's attorneys) have had with any individual (including current or former employees of the Company) relating to the Charge or Complaint, any of the allegations set forth in the Charge or Complaint, or relating to any of the Company's affirmative defenses, or the Company's defense against the Charge or the Complaint. When identifying such contacts, please state: the method of the contact (i.e., whether by phone, person, by letter or other means); the date or, if the actual date is unknown, the approximate date of the contact; the identity of the person making the contact on your behalf; the identity of the person with whom each contact was made, including, but not limited to, the last known address and phone number of the person with whom contact was made; and a description of the content of any statements, communications, or discussion that occurred during these contacts.

**OBJECTION:  In addition to the General Objections, Veyo objects to this interrogatory because it is overly broad and unduly burdensome to require Veyo to "describe" the information sought, which broadly covers any and all communications that any number of**

**unidentified individuals have had concerning this litigation, the underlying administrative charge or any of the affirmative defenses.  In addition, Veyo objects to providing the address or telephone number of individuals who can only be contacted through defense counsel.  Finally, Veyo objects to this interrogatory to the extent this interrogatory seeks information subject to the attorney-client privilege and/or the attorney work product doctrine.**

13.     Please identify and describe all measures that the Company has taken to identify, preserve, and/or collect all documents, communications (including emails), and other evidence potentially relevant to any of the allegations in the Charge and/or Complaint.  Please describe each measure taken to preserve such documents, communications (including emails), and evidence (including suspension of automatic deletion/retention protocols), and specify the dateon which such measure was undertaken/completed and the identity of employees or other individuals who were involved in implementing and/or ensuring compliance with each preservation measure(s).  In addition, if any potentially relevant documents, communications (including emails), and other evidence (including but not limited to any emails or otherelectronically stored information relating to Ms. Passenti, any of the allegations in the Complaint, or any individuals named in the Complaint), have been destroyed or are no longer within the Company's possession, custody, or control, please describe the nature and parameters, as well as the date and reasons for the destruction or loss of, any such destroyed or lost documents, communications (including emails), and other evidence.  For the absence of doubt, with regard to documents or electronically stored information that has been destroyed or lost, this  request pertains not just to documents or electronically stored information that has been determined to be relevant, but also to any collections or caches of documents or electronically stored information that could contain (or

could have contained) relevant documents, even if no determination was ever made as to whether such collections or caches did contain relevantdocuments or electronically stored information.

**OBJECTION**:  **In addition to the General Objections, Veyo objects to this interrogatory because it is overly broad and unduly burdensome to require Veyo to "describe" the information sought, especially when no issues have been raised regarding Plaintiff's access to relevant and responsive information.  Veyo also objects to the extent that it purports to require the disclosure of confidential information that may be protected by the attorney-client privilege and/or the work product doctrine.**


14.    Please state whether the Company still has possession, custody, or control (including the ability to access, restore, or obtain from a server, back up tapes, or a third party) of all emails (including attachments) sent or received by all Company employees from April 8, 2018 to present, including, but not limited to, emails that were deleted by employees, or which were automatically deleted or expunged by any individual or system pursuant to retention protocols. If some such emails are outside of the possession, custody, or control of the Company and/or are no longer accessible to the Company, please identify the date ranges that are inaccessible, describe what categories of emails (including specific employees, date ranges, or types of emails) the Company does have access to, describe what caused the emails to no longer be in the possession, custody, or control of the Company), and describe when such emails ceased to be in the Company's possession, custody, and control.

**OBJECTION**:  **In addition to the General Objections, Veyo objects to this interrogatory because it is overly broad and unduly burdensome to require Veyo to review *each and every* email sent by *all* of its employees for a five-year period.   As written, this interrogatory will**

**include any number of documents, and is not tailored to specific individuals or issues relevant to this matter. It would be oppressive, burdensome and beyond the bounds of reasonableness for this method of discovery to require Veyo to draft a response identifying all of the requested information, especially when Plaintiff has not demonstrated any need for the requested information under the circumstances.**

**Veyo further objects to the extent that it purports to require the disclosure of confidential information that may be protected by the attorney-client privilege and/or the work product doctrine.**

15.     Please identify by name each individual who provided information contained within your answers to any of Plaintiff's interrogatories and/or who was otherwise involved in the preparation of any of your answers to Plaintiff's interrogatories. Identify what information each such individual provided and what numbered interrogatory responses this information was included within or used to answer, in whole or in part. For each such individual who is an employee or official of the Company, specify that individual's formal Company/affiliation, and position title.

**OBJECTION: In addition to the General Objections, Veyo objects to this interrogatory because it is overly broad and unduly burdensome to seeks the detailed information concerning the individuals who may have contributed to the information provided in these responses as the responses are provided on behalf of a corporation, not an individual. Rule 33 of the Federal Rules of Civil Procedure do not require the identification of the information sought here and it would not be proportional to the needs of the case, especially in light of the format of the interrogatories presented. In addition, this interrogatory necessarily seeks**

21

information that is not relevant to any claim or issue in dispute nor proportional to the needs of the case.

**RESPONSE**: Notwithstanding, without waiving, and subject to the above objections, Veyo responds as follows:  Veyo does not have a reasonable means to identify all individuals who provided information concerning these interrogatory responses as the responses are a culmination of the information known to Veyo through a variety of sources, including review of relevant documents.

16.    Please identify any and all documents that were reviewed, consulted, or otherwise relied on as part of answering any of these interrogatories (or on which any of the Company's answers to any of Plaintiff's interrogatories are based, in whole or in part). For each document so identified, state whether the document is in your possession, custody, or control, and if it is not, then specify the name and address of the person(s) or entity(ies) which have each such document within it or their possession, custody, or control.

**OBJECTION**:  In addition to the General Objections, Veyo objects to this request because the mere fact that a document was "reviewed" or "consulted" during the preparation of these interrogatories does not render it relevant to the facts at issue in this proceeding.  Further, Veyo objects to this request because it seeks information subject to the attorney work product privilege and/or the attorney-client privilege.   Finally, Veyo objects to this interrogatory on the basis that it is oppressive and unreasonable for this method of discovery to require the identification of documents, especially when Plaintiff has simultaneously requested the production of the same documents.

**RESPONSE:** **Veyo refers to the production provided in response to the requests for production and otherwise stands on its objections to this interrogatory.**

 

**THE DEFENDANT,**
**VEYO, LLC**

*/s/ Lori B. Alexander*
Lori B. Alexander (ct08970)
Kyle Roseman (ct31254)
LITTLER MENDELSON, P.C.
One Century Tower
265 Church Street, Suite 300
New Haven, CT  06510
Telephone: 203.974.8700
Facsimile: 203.974.8799
lalexander@littler.com
kroseman@littler.com

## **CERTIFICATION**

I hereby certify that a copy of the foregoing Veyo, LLC's Objections and Responses to

First Set of Interrogatories was sent via email to all counsel and pro se parties of record on this

16th day of May, 2022:

Benjamin Jacob Wyatt
Email: BWyatt@wyattlegalservices.com

Chandan Panigrahi
Email: Chandan@wyattlegalservices.com

Julie Orrok Emineth
Email:  Julie@wyattlegalservices.com

"Wyatt Paralegal"
Email:  paralegal@wyattlegalservices.com

/s/ Lori B. Alexander
Lori B. Alexander (ct08970)

24

# Exhibit 8



Chandan Panigrahi <chandan@wyattlegalservices.com>

---

## Defendants' Motion to Compel, re: Passenti

**Chandan Panigrahi** <chandan@wyattlegalservices.com>                    Tue, May 17, 2022 at 7:22 PM
To: "Alexander, Lori" <LAlexander@littler.com>
Cc: Benjamin Wyatt <bwyatt@wyattlegalservices.com>, Julie Orrok Emineth <julie@wyattlegalservices.com>, Wyatt
Paralegal <paralegal@wyattlegalservices.com>, "Roseman, Kyle" <KRoseman@littler.com>

Hi Lori,

As you will see from our inevitable opposition we plan to file, communications between Kyle (or you) have been scarce.
As I made clear in my email this morning, on April 11, 2022, Kyle requested a further extension until May 16, 2022, for the
Defendants to produce discovery responses to Plaintiff's first set of discovery. On April 12, 2022, I assented to his request
in good faith on my end and requested a reciprocal extension until May 16, 2022. I heard *no objection* from either of you
on my request.

On April 24, 2022, I proposed a joint motion to extend both Parties' window to file a motion to compel. Despite
your assertions, both of you failed to respond or acknowledge this email. On May 10, 2022, I sent a follow-up to that
email. Only on Friday, May 12, before the weekend, did Kyle choose to respond for the first time. Importantly, in his email,
Kyle did not propose a time or date to discuss any discovery issues or request a conference under FRCP Rule 37 for
perceived deficiencies with discovery.  As you were CC'd on this email, you are aware no such request was made.

In regards to your correspondence, only on **Monday, May 16, at 4:48 p.m.**, **twelve minutes before the close of
business**, did I receive an email from you stating I should "call you asap" because you planned to file a motion to compel.
You further made a baseless assertion a good faith effort was made to confer with me. To reiterate, *no date and time were
proposed by either of you at any time*. To be further clear in regards to the extent you have "seen the emails," I had
*received no emails regarding discovery from a period of April 12, 2022 through May 12, 2022*. It is puzzling for the
Defendants to now claim good faith efforts were made to meet and confer when (though I disagree with the false
assertion of Plaintiff being deficient on discovery) not a single email, call, or letter was sent for a period of one month prior
to Kyle's email (which was only in response to my renewed efforts to engage in conversation).
Indeed, I was shocked Kyle made a representation that Defendants tried to meet and confer in good faith in his filed
motion with the Court when I was never notified of a proposed time or indeed, even invited to speak. As you are aware,
emailing counsel to call "asap" with approximately ten minutes prior to close of business is not a good faith attempt to
meet and confer. Further, no attempt to place a call to my office was made by you or Kyle. Indeed, given that I have a
voicemail from you on January 10, 2022, it is evident that even with my direct cell phone number, no attempt to reach me
via telephone was made. Instead, Defendants' correspondence is indicative of a hasty attempt to file a baseless (and now
moot) motion to compel. Indeed, both Parties shared discovery responses as of last night.

Despite the representations made in Kyle's motion to compel and memorandum, this does *not* constitute a good faith
effort to meet and confer, and the Defendants have *not* met their obligation under FRCP Rule 37. As I stated earlier, given
the misrepresentation made regarding a good faith attempt to meet and confer, and thus given the impropriety of the
motion to compel filed, I will be seeking costs for opposing this improperly filed motion to compel, including costs for
responding with any appropriate motions, such as a motion to strike.

I have already asked Kyle at 8:59 a.m. this morning for his and your availability for a good faith conference next week. I
have received no response to my request. I am now requesting we speak on May 27, at 1 p.m. If that date and time do
not work for you, please provide your availability so we can discuss.

Best,
Chandan
[Quoted text hidden]

# Exhibit 9

 Gmail

Chandan Panigrahi <chandan@wyattlegalservices.com>

---

## Call Followup, re: Passenti

**Chandan Panigrahi** <chandan@wyattlegalservices.com>                   Mon, Jun 6, 2022 at 10:39 AM
To: "Roseman, Kyle" <KRoseman@littler.com>
Cc: Benjamin Wyatt <bwyatt@wyattlegalservices.com>, Julie Orrok Emineth <julie@wyattlegalservices.com>, Wyatt
Paralegal <paralegal@wyattlegalservices.com>, "Alexander, Lori" <lalexander@littler.com>

Hi Kyle,

It was great touching base with you on Thursday. I look forward to finishing our 9C conference tomorrow at 5 p.m. as
discussed. I want to confirm that the ESI is being run as we agreed. As you represented during the 9C call, no ESI
searches had yet been run by the Defendants.

We discussed and agreed upon the following parameters to be run:

We agreed to a search of the following custodians--Melissa Passenti, Myra Rodriguez, Karen Hightower, David Gibson,
Jackie Gibbs, Brandie Stadie, any individuals identified in Defendant Veyo's response to interrogatory #2, any individuals
identified in Defendant LJ Leasing's response to interrogatory #2, and any individuals who were present for, copied on, or
participated in the decision to terminate, discharge, or layoff Ms. Passenti.

We agreed to a date range of April 8, 2019 through to the present.

You agreed, after combing through my originally proffered list of search terms, to run the following terms in the non-
Passenti custodian accounts identified above: "Melissa"; "Passenti"; "Mpassenti"; "hyperemesis"; "gravidarum";
"pregnan!"; "baby!"; "cramp!"; "matern!"; "birth!"; "newborn"; "mother!"; "nausea!"; "vomit!"; "morning sick!"; "Family and
Medical Leave Act"; "FMLA"; "layoff!"; "reorg!"; "restruct!"; "position!"; "PIP"; "performance improvement"

You agreed to run the following terms in Melissa Passenti's account:  "hyperemesis"; "gravidarum"; "pregnan!"; "baby!";
"cramp!"; "matern!"; "birth!"; "newborn"; "mother!"; "nausea!"; "vomit!"; "morning sick!"; "Family and Medical Leave Act";
"FMLA"; "layoff!"; "reorg!"; "restruct!"; "position!"; "PIP"; "performance improvement"; "medical!"; "disability"; "medical
leave"; "accommodat!"; "concern!"; "hospital"; "harass!"; "abuse!"; "retaliat!"; "fire!"; "terminat!"; "illegal"; "EEOC"; "Equal
Employment Opportunity Commission"; "CHRO"; "Connecticut Commission on Human Rights and Opportunities"; "litig!";
"law!"; "sick!"; "symptom!"; "eliminat!"; "re-org!"; "re-struct!"

You were to tell me tomorrow on our call (June 7) when I may expect a hit report so we can discuss whether any further
terms need to be altered.

On the call, you confirmed the Defendants' intent to not produce any further documents in response to the requests for
document production other than what was provided in initial disclosures.

We also discussed the interrogatory objections and responses or lack of responses with respect to Defendant Veyo LLC's
answers.

Notwithstanding continued discussions as to the other interrogatories' responses to which we have not received
responses, as I have stated I disagree with the objections and find them to be baseless, we had agreed upon a number of
revisions to which Defendant Veyo would provide supplemental responses.

To interrogatory #3, I agreed to limit this to employees who reported directly to Myra Rodriguez or had supervisory duties.
To interrogatory #5, I agreed to geographically limit this to employees in Connecticut.
To interrogatory #8, I agreed to geographically limit this to employees in Connecticut.
To interrogatory #9, you expressed uneasiness as to the definition of "identify of individuals spoken with in the course of
investigation/response." I have clarified this is to refer to individuals spoken with whose contribution, influence, testimony,
or input factored in the decision to terminate or layoff Ms. Passenti.
To interrogatory #10, I agreed to limit this to complaints of sex discrimination, pregnancy discrimination, disability
discrimination, failure to accommodate, and retaliation.
To interrogatory #11, I agreed to geographically limit this to employees in Connecticut.
To interrogatory #14, this seeks to clarify the Defendant's document retention system (i.e., does the Defendant have
possession of the relevant emails identified, and if they do not, explain the basis and justification for the documents no
longer in possession).

Further, we discussed the Plaintiff's proposed joint motion to extend the deadline for Plaintiff's initial discovery responses, as well as both Parties' motion to compel deadlines being extended. You rejected this proposal and represented the Defendants are not interested in assenting to any extension for the Plaintiff. Please correct me if I misunderstood this in any way.

I otherwise look forward to continuing our discussion tomorrow, Kyle. We have yet to discuss Defendant LJ Leasing's interrogatory objections and responses and a privilege log.

Thanks,
Chandan


--
Chandan Panigrahi, Esq
**Law Offices of Wyatt & Associates PLLC**

---

**P:** (603) 357-1111  **F:** (603) 685-2868
chandan@wyattlegalservices.com
www.wyattlegalservices.com
 17 Elm St, Suite C211, Keene, NH, 03431
STATEMENT OF CONFIDENTIALITY
The information contained in this e-mail, and any attachments hereto are intended only for use by the addressee(s) and may contain legally privileged and/or confidential information.  If you are not the intended recipient, please immediately notify me by telephone at 603-357-1112, and permanently delete the original, as well as any copy of the message and any attachments.  Thank you.

# Exhibit 10

 **Chandan Panigrahi <chandan@wyattlegalservices.com>**

---

## Call Followup, re: Passenti

---

**Chandan Panigrahi** <chandan@wyattlegalservices.com>                                     Mon, Jun 6, 2022 at 9:04 PM
To: "Roseman, Kyle" <KRoseman@littler.com>
Cc: "Alexander, Lori" <LAlexander@littler.com>, Benjamin Wyatt <bwyatt@wyattlegalservices.com>, Julie Orrok Emineth
<julie@wyattlegalservices.com>, Wyatt Paralegal <paralegal@wyattlegalservices.com>

Lori,

Though I respect and am happy to speak with Kyle, if he does not have authority to reach agreements on behalf of the
Defendants then I believe it is most efficient and fruitful for you and I to talk directly. This will avoid any unnecessary go-
between and reduce delays. I had previously proposed we speak directly. Are you available to join the call tomorrow at 5
pm? If not, please provide your availability to speak this week, and I am happy to accommodate your schedule to set up a
call.

Thanks,
Chandan
[Quoted text hidden]

# Exhibit 11

 Gmail

Chandan Panigrahi <chandan@wyattlegalservices.com>

## Call Followup, re: Passenti

**Chandan Panigrahi** <chandan@wyattlegalservices.com>                    Thu, Jun 9, 2022 at 11:30 AM
To: "Roseman, Kyle" <KRoseman@littler.com>
Cc: "Alexander, Lori" <LAlexander@littler.com>, Benjamin Wyatt <bwyatt@wyattlegalservices.com>, Julie Orrok Emineth <julie@wyattlegalservices.com>, Wyatt Paralegal <paralegal@wyattlegalservices.com>, "Douglas, Whitney" <WDouglas@littler.com>

Kyle,

Following up from our call on June 7, I wanted to confirm I should still be expecting a draft of the joint status report today. Further, did you confirm with Lori that the search parameters and terms are agreed upon to be run through the hit report? Please advise as to this status.

Regarding our call June 7, I wanted to confirm what we discussed. Notwithstanding continued discussions as to the other interrogatories' responses to which we have not received responses, as I have stated I disagree with the objections and find them to be baseless, we had agreed upon a number of revisions to which Defendant LJ Leasing would provide supplemental responses.

To interrogatory #3 (and by extension, #4), I agreed to limit this to employees who reported directly to Myra Rodriguez or had supervisory duties.
To interrogatory #5, I agreed to geographically limit this to employees in Connecticut.
To interrogatory #6, I agreed to limit "some or all job responsibilities" to essential functions of Ms. Passenti's position and any duties listed in her job description.
To interrogatory #7, I agreed this would be Ms. Passenti's department or in any department which reported to Myra Rodriguez (or Ms. Passenti's direct supervisor(s))
To interrogatory #8, I agreed to geographically limit this to employees in Connecticut.
To interrogatory #9, you expressed uneasiness as to the definition of "identify of individuals spoken with in the course of investigation/response." I have clarified this is to refer to individuals spoken with whose contribution, influence, testimony, or input factored in the decision to terminate or layoff Ms. Passenti.
To interrogatory #10, I agreed to limit this to complaints of sex discrimination, pregnancy discrimination, disability discrimination, failure to accommodate, and retaliation.
To interrogatory #14, this seeks to clarify the Defendant's document retention system (i.e., does the Defendant have possession of the relevant emails identified, and if they do not, explain the basis and justification for the documents no longer in possession).

With respect to the Defendants' issues with Plaintiff's interrogatory responses, I confirmed that response and production associated with responses to interrogatories #5, 6 and 8 would be supplemented as necessary to provide any information related to sources of income and mitigation efforts. You assented to receiving any supplemental information/documents (i.e., mitigation efforts) in batches. With respect to the production associated with Plaintiff's response to interrogatory #18, I have stated that production will be supplemented as appropriate.

Please let me know if any of what I stated was not to your understanding of our agreement.
I look forward to speaking with you today at 12:30 p.m.

Thanks,
Chandan
[Quoted text hidden]

# Exhibit 12

 **Gmail**

Chandan Panigrahi <chandan@wyattlegalservices.com>

---

## Call Followup, re: Passenti

Chandan Panigrahi <chandan@wyattlegalservices.com>                    Fri, Jun 10, 2022 at 3:02 PM
To: "Roseman, Kyle" <KRoseman@littler.com>
Cc: "Alexander, Lori" <LAlexander@littler.com>, Benjamin Wyatt <bwyatt@wyattlegalservices.com>, "Douglas, Whitney"
<WDouglas@littler.com>, Julie Orrok Emineth <julie@wyattlegalservices.com>, Wyatt Paralegal
<paralegal@wyattlegalservices.com>

Kyle and Lori,

I am checking in to see whether Lori has confirmed the ESI parameters and search terms that Kyle and I agreed to during our meet and confer call last week (outlined in my June 6 correspondence).

Additionally, Kyle, to summarize the conclusion of our meet and confer call yesterday, June 9, we discussed the document production for both parties. In regards to the Plaintiff's objections and productions to Defendants' requests, I clarified for you that production responsive to mitigation efforts and sources of income would be supplemented accordingly. You assented to receiving any supplemental production in batches.

In regards to the Defendants' objections and production to the Plaintiff's request, you have informed me that the Defendants plan to supplement the production (from the Defendants' initial disclosures, as Defendants provided no further production).
-You informed me documents would be supplemented in response to RDP #4.
-I agreed RDP #5 seeks documents relating to employment status (including termination). You agreed supplemental documents will follow.
-We discussed your objections to RDP #6 but I did not agree to a narrowed window given Ms. Passenti's tenure.
-I agreed RDP #7 pertains to formal concerns or concerns in writing about Ms. Passenti's performance or ability to perform he rjob duties.
-You agreed to supplement documents in response to RDP #8.
-I agreed to limit RDP #9 from 2020 to the present, pertaining to supervisory positions (including same or similar to Ms. Passenti's) in CT.
-I agreed to clarify RDP #20 refers to "discipline *or* performance concerns, including PIP" because you felt (though I do not agree) in your objection that the Defendants did not consider a PIP as discipline.
-I agreed to clarify the language in RDP#21 to "termination, layoff, or otherwise involuntary separation"
-In response to RDP #22, I agreed to define protected activity as requesting or utilizing maternity leave, disability accommodations (including leave), or raising formal concerns about discrimination, harassment, or retaliation.
-In response to RDP #28, I agreed to define adverse actions as discipline, performance goals (including PIPs), and change in employment status (suspension, termination, layoff, involuntary separation).
-In response to RDP #29, I agreed to narrow the timeframe from 2018 to the present, and to limit to concerns about sex discrimination, pregnancy discrimination, disability discrimination, failure to accommodate pregnancy, failure to accommodate disability, or retaliation.
-In response to RDP #38, I clarified this is seeking journal entries, calendar entries, etc. (as stated in the request) specifically pertaining to Ms. Passenti (including, for instance, in the example we discussed, if there was a calendar entry for other employees to discuss Ms. Passenti).

In regards to the privilege log, you informed me the Defendants are not prepared to discuss a privilege log until the supplemental responses and ESI were produced.

In addition, please confirm the joint status report (to which I provided edits and feedback) will be filed today. I have yet to see it be filed or comments returned.

Thanks,
Chandan
[Quoted text hidden]